1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# NORTHERN DISTRICT OF CALIFORNIA

10
11 UNITED STATES OF AMERICA,

12             Plaintiff,

13    v.

14 JOHNNY RAY WOLFENBARGER,

15             Defendant.

Case No. 16-cr-0519 LHK (NC)

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF EVIDENCE**

Re: Dkt. No. 28

16
17    The question presented is whether the Court should compel the prosecution to

18 disclose certain categories of information relating to a search warrant application filed in the

19 investigation of this criminal case. Dkt. No. 28. The context for the discovery dispute is

20 that the defense is contemplating motions seeking to suppress the evidence seized from

21 defendant's email account. As specified below, the defendant's motion is DENIED.

22                              **PROCEDURAL BACKGROUND**

23    In a three-count indictment, defendant Johnny Ray Wolfenbarger is charged with

24 felonies for (1) attempted production of child pornography (18 U.S.C. § 2251(c) and (e)),

25 (2) attempted coercion and enticement of minors (18 U.S.C. § 2242(b)), and (3) receipt of

26 child pornography (18 U.S.C. § 2252(a)(2)). Dkt. No. 1. Wolfenbarger is presumed

27 innocent and is out of custody on a bond, under the supervision of the Pretrial Services

28 Department.

Defendant's motion to compel was referred to me by the trial judge, District Court Judge Lucy H. Koh.  Dkt. No. 34.  I held a hearing on January 3, 2018, with the defendant and his counsel present.

As a threshold matter, at the hearing I inquired of both parties whether they asserted there was any basis for me to recuse myself.  Under 28 U.S.C. § 455(a), any magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Here, I noted that until July 3, 2011, I was employed as an Assistant U.S. Attorney in the Northern District of California, where I worked on some cases prosecuting child exploitation offenses, including at least one case in 2010 and 2011 where the defendant has the same counsel as Mr. Wolfenbarger in this case.  It seemed possible (although I cannot recall any examples of this) that the discovery request in this case could call for the review of materials in cases that I worked on as a prosecutor.  Secondly, I reviewed and approved a search warrant application in this case (detailed further below). Neither party here asserted that recusal is appropriate.  Based on the information known to me, I do not find that recusal is necessary.

Next, I describe Mr. Wolfenbarger's motion to compel.

**MOTION TO COMPEL**

Mr. Wolfenbarger moves to compel the government's production of any "reports, notes, memoranda, emails, drafts, correspondence, or other documents pertaining to the development of the probable cause for the search warrant" in this case.  Dkt. No. 28 at 4. The search warrant application and search warrant referenced in the motion are attached as exhibit A to the motion and are no longer under seal.  On April 29, 2016, FBI Special Agent Ann Trombetta applied for a warrant to search a specified email account, jrwolfen02@yahoo.com, asserting that there was probable cause to believe that the account contained evidence of possession of child pornography.  Paragraphs 35-40 of the agent's affidavit are captioned "Probable Cause."  It is this section of the application that Mr. Wolfenbarger focuses his discovery motion.

Paragraph 37 of the application states that the Yahoo! Electronic Crimes Investigative

Team (ECIT) on or about October 4, 2014, and December 5, 2014, provided a report to the National Center for Missing and Exploited Children (NCMEC) concerning electronic accounts, operating from the Philippines, that were believed to be "selling images, video, and live-streamed abuse via Yahoo! Mail and Yahoo! Messenger."  Paragraph 38, in turn, states that the Agent examined four photos in the Subject Account and determined that they depicted images of child pornography.  Paragraph 40 states that on November 30, 2015, Yahoo! reported the Subject Account to NCMEC after eight images of child pornography were found in an email dated December 2, 2013.  Yahoo! also provided NCMEC with subscriber and IP login information for the Subject Account, identifying Wolfenbarger. Dkt. No. 28, Ex. A at Par. 40.

I approved the warrant application and issued the warrant on April 29, 2016.

After Mr. Wolfenbarger was charged, the defense requested discovery from the prosecution.  I have reviewed discovery letters dated Oct. 25, 2017 (Ex. B, defense request), Nov. 22 (Ex. C, government response), and Dec. 5 (Ex. E, defense supplemental request) attached to the motion.

In summary, Mr. Wolfenbarger requests information and document in four categories:

(1) The relevance of the information in paragraphs 35, 36, 37, and 39 of the search warrant application.  (The defense asserts that these paragraphs have no link to the Subject Account).

(2) As to the photos identified in the Subject Account and discussed in paragraphs 38 and 40, information as to what the images depict, who found the images and when and how, and when and how they were examined.

(3) Whether or not these photos are related to prior actions by Yahoo! or NCMEC in relation to the Subject Account. And,

(4) A list of all cases investigated or filed in this district from 1998 to 2016 [later amended to 2010 to 2016] in which the U.S. Attorney's Office and/or the FBI submitted a search warrant affidavit in reliance on a search of an email account conducted by Yahoo!, the results of which had been submitted to NCMEC or

directly to law enforcement, including any specific information providing actual or constructive knowledge to the government or the FBI regarding the manner in which Yahoo! conducted the search.

### ANALYSIS

The Federal Rules of Criminal Procedure are to be interpreted to provide for the "just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."  Fed R. Crim. P. 2. Under Rule 12(b)(4), at the arraignment or "as soon afterward as practicable," the defendant may request notice of the government's intent to use any evidence that the defendant may be entitled to use under Rule 16.  In turn, Rule 16 identifies particular materials that the government must disclose to the defense, such as the defendant's oral statements in response to interrogation, and particular materials that are *not* subject to disclosure, such as statements made by prospective government witnesses except as provided in the Jencks Act, 18 U.S.C. § 5000.  Under Rule 16(a)(1)(E), the government must disclose items "material to preparing the defense." Finally, under Rule 16(d), in order to regulate discovery, the Court may enter any order that is just under the circumstances, including prohibiting the introduction of undisclosed evidence.

Due process, as defined by the Supreme Court in cases such as *Franks v. Delaware*, 438 U.S. 154, 171 (1978) (requiring evidentiary hearing of search warrant affiant upon "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof"), *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"), and *Giglio v. United States*, 405 U.S. 150 (1972) (requiring disclosure of witness credibility information), imposes additional disclosure obligations on the prosecution.

Finally, the Ninth Circuit has explained that the district court has inherent power to regulate criminal discovery, complementing the Federal Rules.  "A district court possesses

Case No. 16-cr-0519 LHK (NC)

4

inherent power over the administration of its business.  It has inherent authority to regulate the conduct of attorneys who appear before it, to promulgate and enforce rules for the management of litigation, to punish contempt, and to remand cases involving pendent claims." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995)  (citations omitted).  In order to effectuate the speedy and orderly administration of justice, "a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008).  In *W.R. Grace*, the Ninth Circuit upheld the district court's order that required the Government to disclose a final witness list by a certain deadline, and limiting its witnesses to those on the list. It relied on the "well established principle that district courts have inherent power to control their dockets" and the fact that "judges exercise substantial discretion over what happens inside the courtroom." *Id.* at 509 (quotations and citations omitted).  The Ninth Circuit concluded that "all federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *Id.* (quotations and citations omitted).

At long last, I turn to an analysis of Mr. Wolfenbarger's particular discovery requests. First, at the hearing, the defense conceded that there is not a hook in Federal Rule of Criminal Procedure 16 entitling the requested discovery.  The better, and closer question, is whether due process should compel the government to disclose evidence of its "knowledge and acquiescence" to the underlying search of Mr. Wolfenbarger's email account by Yahoo! *See United States v. Walther*, 652 F.2d 788, 792 (9th Cir. 1981).  I find that the motion does not establish that the requested information is material to Mr. Wolfenbarger's defense.  In particular, the request for review of prosecution files from 2010 to 2016 is a speculative fishing expedition.  Secondly, I find that the government's disclosures (the search warrant and application, the NCMEC CyberTipline Report 7405007 (Ex. D to motion), and explanation in response to the motion, Dkt. No. 29 at 8-10), more than sufficiently respond

to the defendant's other requests for information about the search warrant application.

**CONCLUSION**

Based on the information presented, the defendant's motion to compel is DENIED. The denial is without prejudice to a future request supported by additional information indicating the materiality to the defense.

At the end of the hearing, I indicated that I intended to grant in part and deny in part the motion. This order varies from that tentative ruling. The change was based on a further review of the submitted materials and cases. I did not have any further communication with either party after the January 3 hearing.

Any party may object to this non-dispositive order, but must do so within 14 days of being served with the order. Fed. R. Crim. P. 59(a).

IT IS SO ORDERED.

Date: January 12, 2018

Nathanael M. Cousins
United States Magistrate Judge