DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MARISSA HARRIS (NYBN 4763025)
JEFFREY D. NEDROW (CABN 161299)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    E-mail: marissa.harris@usdoj.gov
    jeff.nedrow@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 16-CR-00519 LHK |
| Plaintiff, | ) **UNITED STATES' MOTIONS IN LIMINE** |
| | ) **(NOS. 1-11)** |
| v. | ) |
| | ) Pretrial Conference: February 5, 2020 |
| JOHNNY RAY WOLFENBARGER, | ) Time: 9:15 a.m. |
| | ) Trial: March 17, 2020 |
| Defendant. | ) |
| | ) Hon. Lucy H. Koh |

# **TABLE OF CONTENTS**

I. RELEVANT FACTS AND PROCEDURAL BACKGROUND ................................................... 1

II. MOTIONS *IN LIMINE* ............................................................................................................. 1

    A. Motion *in Limine* # 1: Admission of Defendant's Statements Pursuant to Federal Rule of Evidence 801(d)(2) ........................................................................... 1

    B. Motion *in Limine* # 2: Admission of Co-conspirator Statements ..................................... 3

    C. Motion *in Limine* # 3: Admission of Selected Child Pornography Images and Videos and Publication to the Jury ..................................................................... 5

    D. Motion *in Limine* # 4: Admission of 404(b) Evidence of Wolfenbarger's Prior Sexual Interest in Children and Access to Live-Streamed Child Sex Abuse ...................... 6

    E. Motion *in Limine* # 5: Admission of Certified Business Records ..................................... 8

    F. Motion *in Limine* # 6: Preclusion of Attempts to Re-litigate Discovery and Suppression Issues Already Decided by the Court ............................................................. 9

    G. Motion *in Limine* # 7: Preclusion of All References to Punishment In Front of The Jury ..................................................................................................................... 11

    H. Motion *in Limine* # 8: Preclusion of Improper Efforts to Elicit Jury Sympathy ............. 12

    I. Motion *in Limine* # 9: Wolfenbarger Must Proffer a Good Faith Basis for Any Henthorn-type Cross-Examination of a Government Witness ......................................... 12

    J. Motion *in Limine* # 10: The Court Should Require the Defense to Provide an Evidentiary Basis for Any Assertion of An Affirmative Defense ..................................... 13

    K. Motion *in Limine* # 11: Enforcement of Reciprocal Discovery Obligations ................... 13

III. CONCLUSION ........................................................................................................................ 15

# TABLE OF AUTHORITIES

*Crawford v. Washington*,
    541 U.S. 36 (2004) ............................................................................................................. 3, 8
*Old Chief v. United States*,
    519 U.S. 172 (1997) ................................................................................................................ 5
*Pope v. United States*,
    298 F.2d 507 (5th Cir. 1962) ................................................................................................. 11
*Rogers v. United States*,
    422 U.S. 35 (1975) ................................................................................................................ 11
*Shannon v. United States*,
    512 U.S. 573 (1994) .............................................................................................................. 11
*Taylor v. Illinois*,
    484 U.S. 400 (1988) .............................................................................................................. 14
*United States v. Beckman*,
    298 F.3d 788 (9th Cir. 2002) ................................................................................................... 6
*United States v. Bourjaily*,
    483 U.S. 171 (1987) ............................................................................................................ 3, 4
*United States v. Bridgeforth*,
    441 F.3d 864 (9th Cir. 2006) ................................................................................................... 3
*United States v. Chea*,
    231 F.3d 531 (9th Cir. 2000) ................................................................................................... 7
*United States v. Curtin*,
    489 F.3d 935 (9th Cir. 2007) ................................................................................................... 7
*United States v. Daly*,
    974 F.2d 1215 (9th Cir. 1992) ................................................................................................. 7
*United States v. Frank*,
    956 F.2d 872 (9th Cir. 1992) ................................................................................................. 11
*United States v. Ganoe*,
    538 F.3d 1117 (9th Cir. 2008) ................................................................................................. 5
*United States v. Hagege*,
    437 F.3d 943 (9th Cir. 2006) ................................................................................................... 9
*United States v. Hay*,
    231 F.3d 630 (9th Cir. 2000) ................................................................................................... 5
*United States v. Jones*,
    123 Fed. Appx. 773 (9th Cir. 2005) ...................................................................................... 12
*United States v. Karr*,
    742 F.2d 493 (9th Cir. 1984) ................................................................................................. 13
*United States v. Kenny*,
    645 F.2d 1323 (9th Cir. 1981) ................................................................................................. 2
*United States v. Liera*,
    585 F.3d 1237 (9th Cir. 2009) ................................................................................................. 4
*United States v. Manfre*,
    368 F.3d 832 (8th Cir. 2004) ................................................................................................... 3
*United States v. Matlock*,
    415 U.S. 164 (1974) ................................................................................................................ 2
*United States v. McCourt*,
    468 F.3d 1088 (8th Cir. 2006) ................................................................................................. 5
*United States v. Mitchell*,
    502 F.3d 931 (9th Cir. 2007) ................................................................................................... 2
*United States v. Moore*,
    735 F.2d 289 (8th Cir. 1984) ................................................................................................... 7
*United States v. Ortega*,
    203 F.3d 675 (9th Cir. 2000) ................................................................................................... 3
*United States v. Pelisamen*,
    641 F.3d 399 (9th Cir. 2011) ................................................................................................... 2

| | | |
|---|---|---|
| 1 | *United States v. Ramirez*, 482 F.2d 807 (2d Cir. 1973) | 12 |
| 2 | *United States v. Rearden*, 349 F.3d 608 (9th Cir. 2003) | 6 |
| 3 | *United States v. Reed*, 726 F.2d 570 (9th Cir. 1984) | 11 |
| 4 | *United States v. Salcido*, 506 F.3d 729 (9th Cir. 2007) | 5, 6 |
| 5 | *United States v. Schafer*, 625 F.3d 629 (9th Cir. 2010) | 13 |
| 6 | *United States v. Scholl*, 166 F.3d 964 (9th Cir. 1999) | 14 |
| 7 | *United States v. Sewell*, 457 F.3d 841 (8th Cir. 2006) | 5 |
| 8 | *United States v. Verduzco*, 373 F.3d 1022 (9th Cir. 2004) | 7 |
| 9 | *United States v. Vizcarra-Martinez,* 66 F.3d 1006 (9th Cir.1995) | 6 |
| 10 | *United States v. Wilbur*, 674 F.3d 1160 (9th Cir. 2012) | 4 |
| 11 | *Unites States v. Weiland,* 420 F.3d 1062 (9th Cir. 2005) | 9 |
| 12 | *White v. Illinois*, 502 U.S. 346 (1992) | 4 |

**Rules**

| | |
|---|---|
| Fed. R. Crim. P.16(d)(2) | 14 |
| Fed. R. Evid. 103(d) | 13 |
| Fed. R. Evid. 104 | 3 |
| Fed. R. Evid. 104(a) | 4 |
| Fed. R. Evid. 402-403 | 12 |
| Fed. R. Evid. 404(b) | 7 |
| Fed. R. Evid. 801(d)(2) | 2 |
| Fed. R. Evid. 801(d)(2)(A) | 2 |
| Fed. R. Evid. 902(11) | 8 |
| Federal Rules of Criminal Procedure Rule 16 | 14 |
| Federal Rules of Evidence 401 | 11 |
| Federal Rules of Evidence 803(6) | 8 |

The United States hereby submits its pretrial motions *in limine* in the above-captioned case. These motions address issues of evidence and trial management that can be resolved in advance of trial to promote efficiency. Specifically, the government's motions seek: (1) admission of statements made by Defendant Johnny Ray Wolfenbarger, when offered by the government; (2) admission of co-conspirator statements; (3) admission of selected child pornography images, child pornography videos, and chats showing the defendant's solicitation of live-streamed child sexual abuse offered as evidence in the government's case-in-chief and publication to the jury; (4) admission of evidence of Wolfenbarger's previously expressed sexual interest in children and prior access to live-streamed child sexual abuse; (5) admission of certified business records; (6) preclusion of all attempts to re-litigate legal issues that have already been resolved by the Court's prior Orders; (7) preclusion of all references to punishment; (8) preclusion of improper efforts to elicit jury sympathy; (9) to require the defense to proffer a good-faith basis for any Henthorn-type cross-examination of government witnesses; (10) to require the defense to provide an evidentiary basis for any assertion of an affirmative defense; and (11) enforcement of reciprocal discovery obligations.

The United States further requests the opportunity to submit additional motions, should it be necessary, pending receipt of the defendant's pretrial materials.

## I. <u>RELEVANT FACTS AND PROCEDURAL BACKGROUND</u>

The Court is familiar with the facts and procedural posture of this case. The government therefore references and incorporates the facts as fully stated in its Opposition to Defendant's Motion to Suppress Evidence, ECF No. 183. The government includes additional facts relevant to its specific Motions below.

## II. <u>MOTIONS *IN LIMINE*</u>

### A. <u>Motion *in Limine* # 1: Admission of Defendant's Statements Pursuant to Federal Rule of Evidence 801(d)(2)</u>

At trial, the government intends to introduce in its case-in-chief evidence of statements made by Wolfenbarger. These statements include: 1) oral statements voluntarily made to an FBI agent by Wolfenbarger during a custodial interview conducted at San Francisco Airport on August 2, 2016; (2) oral statements voluntarily made by Wolfenbarger to an FBI agent during a non-custodial interview

conducted on August 31, 2016; and (3) written statements made or adopted by Wolfenbarger in emails, online chats, and other documents signed by Wolfenbarger.  The government will seek admission of these statements as direct evidence of Wolfenbarger's criminal culpability for the offenses charged, inextricably intertwined with direct evidence of criminal culpability, or as 404(b) evidence proving Wolfenbarger's knowledge, intent, motive and lack of mistake, with respect to the commission of the criminal offenses in this case.  Such statements by Wolfenbarger are admissible when introduced by the government.  However, the applicable Rules of Evidence preclude Wolfenbarger from introducing his own statements for self-serving purposes.

The Rules of Evidence allow admission of out-of-court statements where they are (1) made by the defendant and (2) are offered against the defendant.  Fed. R. Evid. 801(d)(2)(A); *see also United States v. Pelisamen*, 641 F.3d 399, 410 (9th Cir. 2011) (defendant's own statements made during television interview admissible over hearsay objection).  Unlike prior inconsistent statements governed by Rule 613, the admissibility of a defendant's own statements does not depend on the substance of the defendant's testimony at trial.  *See United States v. Kenny*, 645 F.2d 1323, 1339-40 (9th Cir. 1981).  Indeed, a defendant's own out-of-court admissions "surmount all objections based on the hearsay rule" and are "admissible for whatever inferences the [factfinder] could reasonably draw…."  *United States v. Matlock*, 415 U.S. 164, 172 (1974).  Wolfenbarger's own statements regarding the scheme are thus clearly admissible when offered by the government.

While the Rules of Evidence allow the United States to introduce out-of-court statements of the defendant, those rules preclude the defendant from doing the same.  A plain reading of Federal Rule of Evidence 801(d)(2)(A) exempts from hearsay only those party-opponent admissions that are "offered *against* an opposing party."  Fed. R. Evid. 801(d)(2) (emphasis added).  To the extent that the defendant seeks admission at trial of his own out-of-court statements or those of persons acting on his behalf, those statements generally constitute inadmissible hearsay.  This is true even if the defendant's statements may be exculpatory and even if the statements are elicited through cross-examination.  *See e.g., United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007) (defendant's attempt to elicit exculpatory statements he made during interviews with agents was improper because "[t]hese statements were inadmissible hearsay; as [defendant] was attempting to introduce them himself, they were not party-

opponent admissions"); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) ("[T]he district court did not abuse its discretion when it limited Ortega's ability to elicit his exculpatory hearsay statements on cross-examination" because otherwise "Ortega would have been able to place his exculpatory statements before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids.") (internal quotation omitted).

Accordingly, the Court should rule that the government, and only the government, is permitted to introduce evidence of relevant statements made by Wolfenbarger.

### B.  Motion *in Limine* # 2:  Admission of Co-conspirator Statements

The United States anticipates offering into evidence statements made by persons with whom Wolfenbarger conspired to arrange and purchase live-streamed child sexual abuse, as charged in Counts One and Two.  Specifically, the United States will identify on its exhibit list selected online chats and emails between Wolfenbarger and these individuals discussing the ages of the children, the sexual activities requested, the price of the web show, and logistics of payment.

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if it is offered against a party and is a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.  In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court re-affirmed its holding in *United States v. Bourjaily*, 483 U.S. 171 (1987), that co-conspirator statements are non-testimonial and do not implicate the Confrontation Clause, regardless of whether the defendant was afforded a prior opportunity for cross examination.  *See Crawford*, 541 U.S. at 58.  The Ninth Circuit similarly has recognized that *Crawford* did not affect the admissibility of co-conspirator statements under Rule 801(d)(2)(E) "because co-conspirator statements are not testimonial." *United States v. Bridgeforth*, 441 F.3d 864, 869 n.1 (9th Cir. 2006).

Co-conspirator statements are admissible under Rule 801(d)(2)(E) if the government demonstrates that (1) a conspiracy existed, (2) the defendant and the declarants were members of the conspiracy, and (3) the statement was made during the course of and in furtherance of the conspiracy. *See Bourjaily*, 483 U.S. at 175; *Bridgeforth*, 441 F.3d at 869.  These are preliminary questions of fact that must be resolved by the Court by a preponderance of the evidence.  *Bourjaily*, 483 U.S. at 175-76. *See also* Fed. R. Evid. 104. "Furtherance of a conspiracy" is to be interpreted broadly.  *See United States*

*v. Manfre*, 368 F.3d 832, 838-39 (8th Cir. 2004). In determining these preliminary questions, the Court is not bound by the rules of evidence, except those with respect to privilege. *See* Fed. R. Evid. 104(a).

The Court may consider the content of the statements in determining whether the co-conspirator statement is admissible. *See Bourjaily*, 483 U.S. at 180-81. However, in addition to the declarant's statements themselves, there must be some independent proof of the declarant's participation in the conspiracy. *See United States v. Liera*, 585 F.3d 1237, 1246 (9th Cir. 2009). Once the Court has ruled that the statement meets the evidentiary requirements for admission under 801(d)(2)(E), the Court need not make an additional inquiry as to whether the declarant is unavailable. *See Bourjaily*, 483 U.S. at 182.

In this case, there is overwhelming evidence that Wolfenbarger conspired with individuals in the Philippines to purchase live-streamed child sexual abuse web shows. This evidence includes records of the Yahoo Messenger chats where the web shows were arranged, email and business records of Western Union money transfers between Wolfenbarger and individuals offering the web shows, and Wolfenbarger's own recorded admissions to this conduct. The chats between Wolfenbarger and the individuals selling child sexual abuse shows were made during and in furtherance of this conspiracy, long before Wolfenbarger was arrested or charged in this case. *See United States v. Wilbur*, 674 F.3d 1160, 1176 (9th Cir. 2012) (holding that a conspiracy is presumed to continue unless there is affirmative evidence of abandonment, withdrawal, disavowal, or defeat of the object of the conspiracy). Finally, the existence of a conspiracy is supported by independent evidence other than the chats themselves, such as confirmation emails in Wolfenbarger's account and business records from Western Union corroborating Wolfenbarger's payments for the web shows, chats predating the charged webcam transactions showing Wolfenbarger's sexual interest in children, and the cache of child pornography received and distributed by his email account for which he is charged in Count Three.

Where, as here, a co-conspirator's statement is admissible under Rule 801, the Confrontation Clause is satisfied and the trial court need not independently inquire into the reliability of the statements. *See Bourjaily*, 483 U.S. 181-84; *White v. Illinois*, 502 U.S. 346, 356 (1992). Accordingly, the Court should admit the offered chats in their entirety as both admissions of a party opponent, pursuant to Rule 801(d)(2)(A), and non-hearsay statements of Wolfenbarger's co-conspirators, pursuant to Rule

801(d)(2)(E).

### C. Motion *in Limine* # 3: Admission of Selected Child Pornography Images and Videos and Publication to the Jury

In its case-in-chief, the government intends to offer into evidence and publish to the jury a limited selection of child pornography images and videos received and distributed by Wolfenbarger. While the government intends to exercise discretion in the presentation of this evidence, it nonetheless has a right to present such evidence at trial—regardless of the emotional impact on the viewers or the defendant's objection. The government "is entitled to prove its case by evidence of its own choice," and "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *United States v. McCourt*, 468 F.3d 1088, 1091 (8th Cir. 2006) (citing *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997)). "Stipulating to an element of the offense does not generally constitute an evidentiary alternative having equal or greater probative value." *McCourt*, 468 F.3d at 1091 (citing *United States v. Sewell*, 457 F.3d 841, 844 (8th Cir. 2006)). Accordingly, "a defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense." *McCourt*, 468 F.3d at 1091 (citing *Old Chief v. United States*, 519 U.S. at 183); *see also United States v. Ganoe*, 538 F.3d 1117, 1123-24 (9th Cir. 2008) (affirming conviction where jury was shown, over defendant's objection, 10 still images of child pornography, despite defendant's stipulation that relevant items seized from his residence constituted child pornography); *United States v. Hay*, 231 F.3d 630, 638-39 (9th Cir. 2000) (admission and publishing of images goes to knowledge of the content and intent to possess and view the images).

The images and videos in this case are powerful evidence of Wolfenbarger's guilt, driving home to any viewer why their knowing possession, receipt, and distribution is a crime. Furthermore, the images demonstrate Wolfenbarger's sexual attraction to children and corroborate his intent to facilitate the creation of child pornography to satisfy that attraction, as charged in Counts One and Two. The jury must make the ultimate determination that one or more of these images and videos depicts a minor engaged in sexually explicit conduct. *See United States v. Salcido*, 506 F.3d 729, 733-35 (9th Cir. 2007). These are factual determinations that depend on the jury's judgment upon viewing the images

and videos and any additional corroborating evidence. *See id*. Expert testimony is not required. *Id*. at 733-34 ("We agree with every other circuit that has ruled on the issue that expert testimony is not required for the government to establish that the images depicted an actual minor."); *see also United States v. Rearden*, 349 F.3d 608, 614 (9th Cir. 2003). Therefore, the Court should admit such evidence and allow it to be published, uncensored, to the jury.

### D. Motion *in Limine* # 4: Admission of 404(b) Evidence of Wolfenbarger's Prior Sexual Interest in Children and Access to Live-Streamed Child Sex Abuse

The United States seeks to introduce portions of a Yahoo Messenger chat on July 3-4, 2013 between Wolfenbarger as user "jrwolfen02" and user "prettycharlene28."[1] In this chat, which occurred approximately five months before the allegations of child exploitation contained in the indictment, Wolfenbarger inquires about the price of a Yahoo webcam show featuring a man having sex with prettycharlene28's 10 year-old female cousin. Wolfenbarger offers to pay prettycharlene28 through Western Union, but repeatedly delays the show and payment because of the presence of family members, including an 8 year-old female relative, in his home. At one point, Wolfenbarger fantasizes about teaching the 8 year-old female to have sex with him. This chat was produced to the defense on May 3, 2018.

The above-summarized evidence is admissible under two theories. First, this evidence is admissible because it is inextricably intertwined with the charged offense conduct in this case. Evidence of other uncharged acts is admissible and not subject to Rule 404(b) analysis if it is "inextricably intertwined" with the charged offenses. *United States v. Beckman*, 298 F.3d 788, 793-94 (9th Cir. 2002) (citing *United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1012 (9th Cir.1995)). As the Ninth Circuit has recognized, the government should be permitted "to offer a coherent and comprehensible story regarding the commission of the crime; it is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *Vizcarra-Martinez*, 66 F.3d at 1012-13. Indeed, "[a] jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a

---

[1] The government will submit under separate cover an under seal a copy of the chat to the Court in advance of the Pretrial Conference.

void - without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992) (*quoting United States v. Moore*, 735 F.2d 289, 282 (8th Cir. 1984)).

Here, the July 2013 chat is intertwined with establishing a coherent narrative of events in this case. This chat provides important and necessary background information regarding Wolfenbarger's interest, only five months later, in requesting and paying for the production of child pornography through online chats and web shows. The July 2013 chat also confirms that Wolfenbarger's behavior in seeking to sexually exploit children is an ongoing pattern. This evidence is particularly relevant because Wolfenbarger sought to cast his conduct in this case as aberrant during one of his interviews with the FBI. To the contrary, the July 2013 chat demonstrates Wolfenbarger's interest in child sexual abuse was not an isolated event, but an ongoing pursuit over at least several months. Under these circumstances, the July 2013 conduct is admissible as inextricably intertwined with the charged conduct, without the need for a 404(b) analysis.

Nonetheless, the chat is equally admissible when analyzed as a "prior act" under Federal Rule of Evidence 404(b). Rule 404(b) is "a rule of inclusion—not exclusion." *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc). It excludes the admission of "other crimes, wrongs, or acts" to prove action in conformity therewith, but it allows for such evidence as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or lack of accident. *See* Fed. R. Evid. 404(b). The other crimes, wrongs, or acts under 404(b), can occur before or after the charged criminal conduct. *See e.g., United States v. Chea*, 231 F.3d 531, 534-35 (9th Cir. 2000). Evidence can be admitted under Rule 404(b) if four conditions are met: (1) the evidence proves a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to show that the defendant committed the other act; and (4) that the act is similar to the offense charged, in cases where knowledge and intent are at issue. *See United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004).

The July 2013 chat constitutes "other acts evidence" that serves to establish several things. First, it establishes the defendant's longstanding sexual interest in children, to include an 8 year-old relative present in his home during the chat. This sexual interest is documented as early as July 2013—only five months before Wolfenbarger began sending money in earnest to individuals in the Philippines associated

U.S. MOT. IN LIM.
16-CR-00519 LHK    7

with live-streamed child sex abuse shows in December 2013. Second, it establishes Wolfenbarger's intent and desire to engage in sex with children—whether by paying others to produce customized live-streamed child sex abuse or by doing it himself. Third, it demonstrates his motive, opportunity, knowledge, intent, plan, and absence of mistake regarding the creation and collection of images depicting children engaged in sexually explicit conduct. As of July 2013, Wolfenbarger knew how to access live-streamed child sex abuse: whom to contact, how much to pay, how they preferred to be paid, and the forums where such abuse occurred. He repeatedly indicates his desire and intent to purchase a live-streamed child sex abuse show featuring prettycharlene28's 10 year-old cousin, only thwarted by the presence of others and a lack of money at the time. For these reasons, the chat is admissible as highly relevant to material facts that the jury will need to decide, specifically Wolfenbarger's intent to produce child pornography and acts taken in furtherance of that intent.

### E. Motion *in Limine* # 5: Admission of Certified Business Records

The government intends to introduce at trial certain business records pursuant to Federal Rules of Evidence 803(6) and 902(11). These rules provide that business records may be admitted into evidence without a live witness if they are accompanied by a written declaration from a custodian of the records certifying that the records (1) were made at or near the time by—or from information transmitted by—someone with knowledge; (2) were kept in the course of a regularly conducted activity of a business or organization; and (3) that making the record was a regular practice of that activity. *See* Fed. R. Evid. 803(6); 902(11). A party intending to offer certified business records into evidence must provide written notice of that intention to all adverse parties, and "must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them." *See* Fed. R. Evid. 902(11).

Custodian of records declarations may be utilized by the court to provide a foundation for the admission in evidence of business records without creating any issue under *Crawford v. Washington*, 541 U.S. 36 (2004). First, the declarations need not be admitted in evidence themselves because their function is merely to provide a basis for the court to make a decision whether to admit the proffered evidence, such business records. Rule 104(b) of the Federal Rules of Evidence permits the court to rely on inadmissible evidence when making a preliminary ruling as to whether evidence is admissible. Furthermore, the Ninth Circuit has found that certifications of custodians of records are nontestimonial

matters that are not covered by *Crawford*. The court in *United States v. Hagege*, 437 F.3d 943, 958 (9th Cir. 2006), rejected a *Crawford* challenge to the admission of foreign bank records for which a foundation was provided by means of a certificate of authenticity. *See also Unites States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005). Therefore, custodian of records declarations may be used in the instant case without creating any issue under *Crawford*.

The government gives notice that it seeks to admit records of money transfers between Wolfenbarger and various individuals in the Philippines provided by Western Union in response to a grand jury subpoena and certified by a sworn declaration executed on October 18, 2016 by Kevin D. Larson, a Senior Analyst for Western Union. The government further seeks to admit records contained within the Yahoo user account jrwolfen02 provided by Yahoo in response to a search warrant and certified by a sworn declaration executed on May 17, 2016 by Marsha J. Morton, a paralegal for Yahoo. Both declarations meet the requirements of Rules 803(6) and 902(11) and have either been directly produced to the defense or were made available for review since January 2017. Accordingly, the government respectfully requests that the Court admit these records. The government reserves the right to seek admission of additional certified business records.

**F.     Motion *in Limine* # 6: Preclusion of Attempts to Re-litigate Discovery and Suppression Issues Already Decided by the Court**

The sole question for this trial is whether Wolfenbarger is guilty of the offenses charged in the indictment. As the Court is well aware, the parties have engaged in substantial litigation over the last two years regarding discovery and suppression of evidence. These issues were resolved by Orders of the Court denying Wolfenbarger's motions to suppress evidence and denying most of his motions to compel discovery. *See* ECF Nos. 43, 132, 175, 181, 198, and 220.

The Court should preclude any and all attempts by Wolfenbarger or his lawyers to re-litigate legal issues before the jury, which serves as a finder of fact and not the arbiter of law. This includes claims or arguments that Wolfenbarger's constitutional rights were violated by Yahoo or the government, that Yahoo acted unlawfully in reporting Wolfenbarger to NCMEC, that Yahoo is a government agent, any attempts to cast doubt on the validity of the search warrant issued for Wolfenbarger's Yahoo account, and "missing evidence" arguments based on Wolfenbarger's denied

requests for expansive discovery beyond his own case. It also includes attempts to elicit sympathy by claiming the investigation against him was somehow unfair or unjust, as well as claims that he is a victim of some unproven surveillance conspiracy between the government and technology companies. These types of statements and arguments invite the jury to disregard the Court's prior rulings on these claims and on the law, which is wholly inconsistent with the jury's sworn duty to apply the law as instructed by the Court. *See* 9th Cir. Model Crim. Jury Instr. 1.1, 3.1 (2010).

Furthermore, the government herein moves for an order precluding the defense from introducing evidence challenging Yahoo's practices in identifying and reporting instances of child sexual exploitation to NCMEC or law enforcement. Much of the evidence about Yahoo's business practices elicited at the suppression hearings is not relevant to the upcoming trial. In contrast to the constitutional claims raised during the suppression hearings, the purpose of the trial is to determine whether Wolfenbarger knowingly attempted to produce child pornography, knowingly attempted to entice or coerce minors into sexual activity, and knowingly received child pornography. General evidence about Yahoo's approach to reporting child sexual abuse materials to NCMEC or law enforcement, its communications with the NCMEC or law enforcement, and other matters regarding the operation of its business that are unrelated to Wolfenbarger's specific case are not relevant to determining Wolfenbarger's guilt for the charged offenses. In addition to being irrelevant, such evidence is also inadmissible under Federal Rule of Evidence 403, as any theoretical probative value from such evidence is substantially outweighed by the risk of confusing the issues at stake in the trial, misleading the jury, causing undue delay, and wasting time. For example, the Court may recall Wolfenbarger's attorney cross-examining an FBI agent and a Yahoo witness for hours at the suppression hearings about numerous email communications unrelated to Wolfenbarger's case, in an effort to corroborate his suppression arguments. Similar cross-examination should not be permitted at this trial for any government witness. Accordingly, the government respectfully requests that the defense be precluded from introducing irrelevant evidence or re-litigating rejected discovery and suppression arguments during all phases of the trial.

///

///

### G. Motion *in Limine* # 7: Preclusion of All References to Punishment In Front of The Jury

The government moves under Federal Rules of Evidence 401 and 403 to preclude, as irrelevant and prejudicial, any reference to the defendant's potential sentence during all phases of the trial (including jury selection, opening statements, summation, and examination of witnesses).

"It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992). The jury's focus must be on their vital fact-finding duty. As explained in *Pope v. United States*, 298 F.2d 507 (5th Cir. 1962):

> To inform the jury that the court may impose minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for parole, or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided.

*Id*. at 508; *see also Shannon v. United States*, 512 U.S. 573, 579 (1994) ("[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion"); *Rogers v. United States*, 422 U.S. 35, 40 (1975) (explaining that jury should have been admonished that it "had no sentencing function and should reach its verdict without regard to what sentence might be imposed"); *United States v. Reed*, 726 F.2d 570, 579 (9th Cir. 1984) (holding that trial judge properly instructed jury that the "punishment provided by law for the offenses charged in the indictment are matters exclusively within the province of the court. It should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused").

Therefore, Wolfenbarger and his counsel should be precluded from making any reference in the presence of the jury to punishment in statements, questions, or argument. Such a reference need not be over-the-top to be improper and harmful. It could be as subtle as, "the defendant is facing a lot of time," "this case has serious consequences for the defendant," "the defendant's liberty is at stake in this trial," or "your decision will have consequences for a long time to come." Once the jury hears anything about punishment, the bell simply cannot be un-rung or the damage neutralized by a curative instruction.

Accordingly, the government respectfully requests that the Court provide unequivocal instruction before trial that such mentions of punishment are proscribed.

### H. Motion *in Limine* # 8: Preclusion of Improper Efforts to Elicit Jury Sympathy

Testimony or evidence relating to Wolfenbarger's personal circumstances, health, or references to the effect of the investigation or a conviction upon him or any other person have no bearing on the charges in this case and should be precluded. This kind of information is irrelevant and amounts to nothing more than an appeal to the sympathy of the jury. Evidence that is not relevant is not admissible, and even relevant evidence may be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 402-403. The Ninth Circuit Model Jury Instructions explicitly instruct jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." 9th Cir. Model Crim. Jury Instr. 3.1 (2010). *See also United States v. Ramirez*, 482 F.2d 807, 816 (2d Cir. 1973); *United States v. Dochee*, No. 08-CR-108-4, 2009 U.S. Dist. LEXIS 2814 at*1, *2-3 (N.D. Ill. Jan. 15, 2009) (excluding "any argument or evidence designed to invoke the sympathy of the jury with respect to the impact of a conviction on defendant's family").

Personal or familial consequences of trial or conviction should play no part in the jury's deliberations as to whether a defendant is guilty of the crimes charged. Wolfenbarger and his counsel should be precluded from commenting on or referring to any topics related to sympathy during any stage of the trial, including opening statement and closing argument.

### I. Motion *in Limine* # 9: Wolfenbarger Must Proffer a Good Faith Basis for Any Henthorn-type Cross-Examination of a Government Witness

The government requests that Wolfenbarger be required to make some offer of proof and relevance outside the presence of the jury before questioning any law enforcement witnesses regarding any alleged misconduct. Such a proffer is especially necessary to allow the Court to identify and exclude alleged law enforcement conduct that is unrelated to credibility. Of course, not all evidence of misconduct is admissible. Unsustained complaints against law enforcement witnesses, for example, should not be admitted at all. *See*, *e.g.*, *United States v. Jones*, 123 Fed. Appx. 773, 775-76 (9th Cir. 2005) (affirming Judge Illston's decision to preclude cross-examination of officers on unsustained complaints).

To protect the jury from exposure to inadmissible evidence, the government requests the Court decide on the admissibility of *Henthorn*-type questioning of law enforcement officers prior to such questioning occurring and outside the presence of the jury. *See* Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means"). Deciding the admissibility of *Henthorn*-type material before questioning will also streamline the trial, ensuring that Wolfenbarger's cross-examinations of law enforcement witnesses are limited to subjects that are truly relevant, and minimizing the government's need to rehabilitate its witnesses after improper impeachment.

**J.     Motion *in Limine* # 10:  The Court Should Require the Defense to Provide an Evidentiary Basis for Any Assertion of An Affirmative Defense**

The Ninth Circuit has held that a district court "may preclude a defense if the defendant fails to make a prima facie showing that he is eligible for the defense." *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010). Where a defendant presents evidence that is insufficient as a matter of law to support a given defense, the court may exclude that evidence or refuse to instruct on the elements of the defense. *United States v. Karr*, 742 F.2d 493, 497 (9th Cir. 1984). This approach contributes to an efficient trial and prevents juror confusion that would result from the presentation of an affirmative defense without evidentiary support.

Accordingly, before Wolfenbarger is permitted to present any testimony or other evidence in support of any alleged affirmative defense, the Court should require the defense to offer a specific evidentiary basis in support of the defense. If Wolfenbarger is unable to provide an adequate evidentiary showing, the Court should preclude him from arguing the defense.

**K.     Motion *in Limine* # 11:  Enforcement of Reciprocal Discovery Obligations**

The United States has complied with its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure. In addition, the government confirms that it is in compliance with its *Brady* obligations and will continue to comply with those obligations. The United States has produced thousands of pages of discovery and will continue to meet its obligations by sending out any additional relevant discovery as it becomes available. The government gives notice that it may call an expert witness to opine on whether the images of juveniles in child pornography videos the government intends

1 to introduce at trial have been altered or manipulated.

2 The United States formally requested discovery from the defendant pursuant to Federal Rules of Criminal Procedure Rule 16, Rule 12.1 and Rule 26.2 in letters dated January 12, 2017, June 23, 2017, and September 28, 2017. The government has not yet received any reciprocal discovery from the defense in this case. Accordingly, out of an abundance of caution, the government submits this motion to exclude any evidence offered by the defendant at trial that he failed to produce prior to trial in violation of his reciprocal discovery obligations.

It is well-settled that this Court may exclude evidence that a defendant failed to produce pursuant to his discovery obligations. Fed. R. Crim. P.16(d)(2) ("the court may . . . prohibit the party from introducing the undisclosed evidence"); *see also Taylor v. Illinois*, 484 U.S. 400, 414-15 (1988) (upholding trial court's exclusion of witness testimony for defendant's failure to comply with discovery request); *United States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999) (court's exclusion of checks that defendant failed to produce during discovery was not an abuse of discretion). This Court should exercise its discretion to order this remedy here. Alternatively, the Court should enter an order requiring the defense to comply with its discovery obligations forthwith. Taking either of these steps would avoid the alternative—delays during the trial due to eleventh hour production by the defense.

Finally, any defense attempt to evade its discovery obligations (or its obligation to disclose witnesses and exhibits) on the grounds that the defendant would be "rebutting" the government's case is inappropriate. Only the government has the right to a rebuttal case, not the defendant. The defense's case-in-chief is its "rebuttal" opportunity. Lying-in-wait to spring discovery (or witnesses, and/or exhibits) until after the government rests, based on the assertion of a "rebuttal" argument, is improper, prejudicial, and risks delaying the trial. In the interest of judicial economy and efficiency, the Court should require the defendant to provide the appropriate discovery along with notice of witnesses and exhibits well in advance of trial. If the defense attempts to introduce as evidence items that should have been produced pursuant to the defendant's discovery obligation, the government will object to the admission of such evidence.

///

///

## III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court enter an order consistent with the above-referenced requests. The government respectfully reserves the right to supplement these Motions *in Limine* if additional issues requiring the Court's ruling arise.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

DATED: January 22, 2020 _____/s/_____
MARISSA HARRIS
JEFFREY NEDROW
Assistant United States Attorneys