DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MARISSA HARRIS (NYBN 4763025)
JEFFREY D. NEDROW (CABN 161299)
Assistant United States Attorneys

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5061
FAX: (408) 4535-5066
Email: jeff.nedrow@usdoj.gov
marissa.harris@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHNNY RAY WOLFENBARGER, <br><br> Defendant. | CASE NO. CR 16-00519-LHK <br><br> **GOVERNMENT'S RESPONSES TO DEFENDANT'S MOTIONS IN LIMINE** <br><br> Pretrial Conference: February 5, 2020 <br> Time: 9:15 a.m. <br> Judge: Hon. Lucy H. Koh |

## I. INTRODUCTION

The government herein files its responses to the defendant's motions in limine, ECF Nos. 223-231, 234-235.

**(1) Providing A Copy of the Indictment to the Jury**

The government does not object to the defense request that the jury not receive a copy of the indictment. The government submits that the jury instructions and the verdict form should be sufficient to guide the jury in its deliberations.

///

**(2) Request for Attorney Voir Dire**

The government has no objection to the defense request for attorney voir dire, and joins the defense in respectfully requesting that both parties be granted a limited period of time for counsel to conduct attorney voir dire as a part of the jury selection process.

**(3) Production of Grand Jury Transcripts**

The government has only one grand jury transcript for a testifying witness in this case. As noted in its pretrial conference statement, the government herein commits to disclosure of that grand jury transcript no later than March 3, 2020, two weeks before the first day of trial.

**(4) Motion To Exclude Vouching**

The government acknowledges its legal obligation to refrain from vouching, and herein affirms that it has no intention of vouching. The government submits that there is no need for an order of the Court on this issue, as the government will comply with the law in eliciting evidence and making its arguments.

**(5) Request for All Government Witnesses to Remain Under Defense Subpoena**

Wolfenbarger's request to have all government witnesses deemed to be under defense subpoena should be denied. In compliance with the Court's pre-trial order, the government will provide Wolfenbarger with a witness list. The government will work with defense counsel to ensure that counsel is apprised of the government's witness order and its intent to call witnesses on its witness list as trial progresses. However, trial is seven weeks away. Events pre-trial and during trial may prompt the government to conclude that it does not need to call all of the witnesses on its witness list. The government should not be required to take responsibility for ensuring that witnesses it decides not to call in the course of trial are automatically available if the defendant determines that he wishes to call them in his case-in-chief. Similarly, if the defendant wants a witness who has already testified to be subject to recall, the defense should tell the government and Court before the witness gets off the stand. The defense should then be required to provide a justification for the recall request, and in particular explain why the defense cannot simply examine the witness while the witness is still there.

Many of the witnesses in the government's case-in-chief are federal agents. Should the defense wish to call a federal agent in the defense case-in-chief, the defense is required to comply with applicable *Touhy*

regulations governing the testimony of federal employees. *See Touhy v. Ragan*, 340 U.S. 462 (1951) (recognizing the authority of a federal agency to restrict the testimony of its subordinates). It is not appropriate for the defense to ask the government to make such witnesses available without complying with the *Touhy* procedure.

### (6) Witness Exclusion and Request For Case Agent to Testify First

The government has no objection to excluding witnesses from trial that are not "exempt" under Federal Rule of Evidence 615. The same order of exclusion should apply to defense witnesses as well.

Wolfenbarger's demand that the government's case agent testify first should be denied. Neither Rule 615 nor the cases cited by the defendant require the case agent to testify first. To the contrary, both *United States v. Mitchell,* 733 F.2d 327, 329 (4th Cir. 1984), and *In re United States,* 584 F.2d 666, 667 (5th Cir. 1978), make clear that decisions about the order of witnesses are case-specific and left to the discretion of the trial court. *Mitchell*, 733 F.2d at 330 ("better practice suggests that if the agent is to testify, he should testify as the Government's first witness, unless ... there were good reasons otherwise") (internal citation omitted); *In re United States*, 584 F.2d at 667 ("The District Court may, in the exercise of its discretion under this rule, conclude that the government should be required to present [the agent's] substantive testimony at an early stage of the government's case if he remains the government's designated representative under Rule 615. However, should it so require, it cannot bar his subsequent testimony either in the government's case in chief or on rebuttal because he was not sequestered").

Controlling Ninth Circuit precedent holds that "Federal Rule of Evidence 615 requires a district court to permit a designated officer to be present during trial. Any related decisions are discretionary." *United States v. Valencia-Riascos*, 696 F.3d 938, 939 (9th Cir. 2012). *Valencia-Riascos* was a case involving an assault on a federal officer. The government's case agent was not only a percipient witness; he was the victim in the case. At trial, the government called him at the conclusion of its case-in-chief, and the Ninth Circuit rejected the defendant's argument that this violated due process. Although the court noted in passing that it "may be a good practice" to have the case agent testify first, it explicitly held that there was no requirement to do so: "we decline to adopt a presumption that would deprive the prosecution of the opportunity to present its own case without interference." *Id.* at 943.

The government respectfully requests that the Court permit the government the flexibility to present the evidence in its case-in-chief in the manner it deems most helpful to assisting the jurors in understanding the evidence and determining the truth.  Defendant's motion to require the case agent to testify first should accordingly be denied.

### (7) Motion To Exclude Discovery Not Provided by Trial

The government opposes this requested order as unnecessary and premature.  The government is in compliance with its discovery obligations, and the defense has made no argument to the contrary.  The government will continue to comply with those obligations, and will expeditiously disclose any further relevant items of which it becomes aware.  The government does not intend to produce and introduce undisclosed items at trial without good cause.  The instant motion should be denied without prejudice, so that the Court can rule on it only if and when such a scenario arises.

### (8) Motion to Preclude "Guilt Assuming" Questions and Hypotheticals in Cross Examination

The government opposes this motion as premature and unnecessary.  The defendant's motion to preclude "guilt assuming" questions references certain areas of cross examination which can arise following the testimony of a character witness for a defendant.  Federal Rule of Evidence 405(a) allows the government to cross-examine character witnesses regarding their knowledge of specific instances of the defendant's misconduct.  *See* Fed. R. Evid. 405(a) ("In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion.  On cross-examination, inquiry is allowable into relevant specific instances of conduct").  Such cross-examination is appropriate, as it plays a role in helping the jury assess the credibility of the character witness.

The government appreciates that the Ninth Circuit has expressed concerns about cross-examining a defense witness with a hypothetical which focuses on the precise acts for which the defendant is facing trial.  *See United States v. Shwayder, 312 F.3d 1109, 1120 (9th Cir.2002)*.  The government will strive to avoid such hypotheticals.  The government should, however, have the flexibility to robustly cross-examine defense character witnesses on their actual knowledge of the defendant's charged conduct and aspects of the defendant's behavior that corroborate the charged

conduct, such as Wolfenbarger's travels to the Philippines, use of his computer, use of Western Union to send money transfers, and so forth. These latter questions are not hypotheticals that assume guilt, but proper factual questions that test how well the witness knows the defendant and whether they were percipient witnesses to the conduct charged in the indictment. Furthermore, the Federal Rules of Evidence allow the government to cross-examine defense witnesses about specific instances of conduct which do not fall within the parameters of the charged conduct, including acts of dishonesty or deceit that are relevant to the credibility of that witness and the defendant. *See* Fed. R. Evid. 608, 609. Because this motion itself relies on conjecture as to how the trial will unfold, it should be denied at this time, without prejudice to renewal as needed.

### (9) Motion to Exclude 404(b) Evidence

Wolfenbarger's motion to exclude 404(b) evidence constitutes a blanket fact-free opposition to the admission of any evidence under the rule. The government has filed its own motion *in limine* arguing for the admissibility of Wolfenbarger's July 2013 chat conversations as both inextricably intertwined with the charged child exploitation conduct and as admissible 404(b) evidence to demonstrate Wolfenbarger's knowledge, intent, and lack of mistake in attempting to produce child pornography and possessing images of child pornography. The government respectfully requests that the July 2013 chats be admitted for the reasons stated in the government's motion.

Wolfenbarger suggests in his motion *in limine* that any 404(b) evidence should be excluded because the government's notice was not sufficiently timely under Rule 404(b). The government has two responses to this claim. First, because the evidence is admissible as inextricably intertwined with the charged offense, the notice requirements in Rule 404 do not apply. Second, if the notice requirements of Rule 404(b) do apply, the government's notice was more than adequate to meet that Rule's requirements. Rule 404(b) does not require notice by a set deadline in advance of trial; instead, the government need only "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause." Fed. R. Evid. 404(b).

On January 22, 2020, nearly eight weeks before trial, the government provided Wolfenbarger with written notice of its intent to introduce the July 2013 chat evidence, by virtue of its motion *in limine*. ECF No. 233 at 6-8. The defense has had a copy of the July 2013 chat for nearly two years.

The government noted in its motion *in limine* its contention that this evidence is inextricably intertwined with the charged offense, but also explained its admissibility pursuant to Rule 404(b).  This detailed, specific notice eight weeks before trial amply satisfies Rule 404(b)'s notice requirements.  Accordingly, the defense motion should be denied.

### (10)  Motion to Exclude Evidence of Illegal Acts of Others Involved in Child Exploitation

Wolfenbarger asks the Court to exclude specific testimony focusing on the alleged conduct of other individuals who came to the attention of law enforcement as a part of the government's broader investigation in this case.  Specifically, Wolfenbarger asks the Court to exclude testimony that: (1) a German individual was allegedly arranging the murder of children or sex tourism, and (2) that an individual in Texas spent $50,000 on sex shows.

The government does not intend to introduce this evidence in its case-in-chief, and therefore has no objection to an order excluding such evidence.  However, the government herein respectfully requests leave to re-address this question if the defense "opens the door" to an inquiry into such matters through its cross-examination of Jeff Yesensky, Sean Zadig, or other Yahoo employees.  The government has moved to limit the scope of the defense cross-examination on the topic of Operation Swift Traveler, but if the defense pursues a line of questioning which extends beyond the facts of Wolfenbarger's conduct to the motives, operation, and management of Operation Swift Traveler or Yahoo's internal investigations, as it did in the pretrial suppression hearings, the government may seek leave of Court to introduce evidence of the conduct of other individuals identified in these investigations to provide context for the program's origins.

The defense further moves to exclude "any other irrelevant and inflammatory testimony regarding the specific conduct of other individuals who were of interest to law enforcement during Operation Swift Traveler."  ECF No. 235 at 1.  The government objects to this request as overly broad. As the Court is well aware, Operation Swift Traveler encompassed numerous individuals who sexually exploited children via live-streamed child sex abuse and traded child pornography.  To the extent that this request is meant to encompass persons with whom Wolfenbarger directly conspired to create, produce, distribute, and receive child pornography or cause the sexual abuse of any child, it seeks exclusion of relevant and direct evidence of Wolfenbarger's guilt and should be denied outright.

**(11) Disclosure Obligations Based on Rules of Professional Responsibility**

For the second time in this case, the defendant asks the Court to compel discovery based on *Brady* and Rule 3.8(d). *See* ECF Nos. 231, 186. The defendant's current version of this motion asks the Court to set a deadline 21 days before trial. Such a deadline is both unnecessary and inappropriate. The Court was right to deny this motion in its earlier incarnation, ECF No. 198 at 21-23, and the current version has no more merit by virtue of its repetition.

The government understands and appreciates its discovery obligations under *Brady* and Rule 3.8(d) and is committed to upholding them. Indeed, *Brady* creates a self-executing disclosure obligation for prosecutors in every criminal case. *See Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995); *United States v. Agurs*, 427 U.S. 97, 107-11 (1976); *United States v. Jennings*, 960 F.2d 1488, 1491 (9th Cir. 1992). In a rare case in which the government fails to comply with *Brady*, the government agrees that the court may order appropriate relief. But there has been no credible allegation by the defense that the government has failed to comply with its *Brady* obligations. The government's obligations under *Brady* are ongoing and continue up to and through the end of trial. The government has produced all *Brady* and Rule 3.8(d) material in its possession and will continue to do so should it learn of more, even if it becomes aware of those materials after an arbitrary deadline has passed.

In both its prior motion and the instant version, the defense has consistently failed to provide any authority in support of the premise that Rule 3.8(d) permits the Court to order production of discovery. Rule 3.8(d), titled "Special Responsibilities of a Prosecutor," provides that:

> a "prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that the prosecutor knows or reasonably should know tends to negate the guilt of the accused, mitigate the offense, or mitigate the sentence."

Rule 3.8(d). Comment 3 to Rule 3.8(d) states:

> The disclosure obligations in paragraph (d) are not limited to evidence or information that is material as defined by *Brady v. Maryland* (1963) 373 U.S. 63 and its progeny. For example, these obligations include, at a minimum, the duty to disclose impeachment evidence or information that a prosecutor knows or reasonably should know casts significant doubt on the accuracy or admissibility of witness testimony on which the prosecution intends to rely. Paragraph (d) does not require disclosure of information protected from disclosure by federal or California laws and rules, as interpreted by case law or court orders.

Rule 3.8(d), cmt. 3.

As Wolfenbarger acknowledges, the Department of Justice already requires its prosecutors to disclose information beyond that which is material under controlling Supreme Court precedent. The Department's policy provides:

> **Disclosure of exculpatory and impeachment information beyond that which is constitutionally and legally required.**   Department policy recognizes that a fair trial will often include examination of relevant exculpatory or impeachment information that is significantly probative of the issues before the court but that may not, on its own, result in an acquittal or, as is often colloquially expressed, make the difference between guilt and innocence. As a result, this policy requires disclosure by prosecutors of information beyond that which is 'material' to guilt as articulated in *Kyles v. Whitley*, 514 U.S. 419 (1995) and *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999).

U.S. Attorney's Manual 9-5.001(C). The policy also "[r]ecogniz[es] that it is sometimes difficult to assess the materiality of evidence before trial," and therefore instructs that "prosecutors generally must take a broad view of materiality and err on the side of disclosing exculpatory and impeaching evidence." *Id.* at 9-5.001(B)(1). The policy goes on to mandate disclosure of particular impeachment and exculpatory information no matter whether it would "make the difference between conviction and acquittal." *See id.* at 9-5.001(C)(1)-(4).

In this case, the charges against Wolfenbarger are straightforward. Trial is expected to last about two weeks. Wolfenbarger fails to provide any case-specific basis for a deadline set 21 days before trial. In these circumstances, the law does not require—and the Court need not order—such a deadline, particularly where the government has complied and will continue to comply with its discovery obligations.

In sum, none of the case law, statutes, or ethical rules cited by the defense provide a basis for the order and deadline requested by the defense. The magistrate and district courts have explicitly rejected Wolfenbarger's prior attempts to use *Brady* and Rule 3.8(d) as a vehicle for compelled discovery. Accordingly, Wolfenbarger's motion for a *Brady* deadline should be denied.

DATED:  January 29, 2020                             Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
MARISSA HARRIS
JEFFREY D. NEDROW
Assistant United States Attorneys