UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOHNNY RAY WOLFENBARGER,<br>Defendant. | Case No. 16-CR-00519-LHK-1<br>**ORDER RE: MOTIONS IN LIMINE AND DEFENDANT'S MOTION TO REQUIRE DISCLOSURE**<br>Re: Dkt. Nos. 223, 224, 225, 226, 227, 228, 229, 230, 231, 233, 234, 235 |

Before the Court are Defendant's motions in limine and motion to require disclosure of *Brady* and Rule 3.8(d) material 21 days before trial, ECF Nos. 223, 224, 225, 226, 227, 228, 229, 230, 231, 234, and 235, and the government's motions in limine, ECF No. 233.

**I. PROCEDURAL HISTORY**

On December 15, 2016, a federal grand jury indicted Defendant on one count of attempted production of child pornography, in violation of 18 U.S.C. § 2251(c) and (e); one count of attempted coercion and enticement of minors, in violation of 18 U.S.C. § 2422(b); and one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). ECF No. 1.

On December 6, 2017, Defendant filed his first motion to compel production of evidence under Federal Rule of Criminal Procedure 16 and *Brady*. ECF No. 28. Defendant requested all

1

documents related to cases filed in this district from 2010 to 2016 in which the government relied on Yahoo's search of an email account. *Id.* at 4; ECF No. 189 at 1 n.1. Defendant contended that the documents were relevant to a future motion to suppress evidence under *Walther*. ECF No. 28 at 8–10.

On December 21, 2017, the Court referred Defendant's first motion to compel to Magistrate Judge Nathanael Cousins. ECF No. 30. On January 12, 2018, Judge Cousins denied without prejudice Defendant's first motion to compel because Defendant had not established that the files from all OST investigations other than that of Defendant were material, and because Defendant's "request for review of prosecution files from 2010 to 2016 is a speculative fishing expedition." ECF No. 43 at 5.

On February 28, 2018, Defendant moved to suppress Defendant's August 2016 statements to Special Agent Marceau. ECF No. 49. In the afternoon of April 17, 2018, after the motion was fully briefed and less than 24 hours before the evidentiary hearing set for the morning of April 18, 2018, Defendant withdrew the motion with no explanation. ECF No. 73.

On May 25, 2018, Defendant filed his second motion to compel and requested production of "[a]ll reports and documents generated between 2013 and 2018 by the FBI, the Department of Homeland Security, the Department of Justice, and/or any other involved agency, pertaining to the Philippines webcam investigation involving Xoom and Yahoo!." ECF No. 85 at 7.

On July 2, 2018, Judge Cousins granted Defendant's motion to compel. ECF No. 109. Judge Cousins held that "the government must search all Operation Swift Traveler Files, investigations, notes, communications, and prosecutions for responsive information." *Id.* at 5.

On July 16, 2018, pursuant to Federal Rule of Criminal Procedure 59(a), the government filed an objection to Judge Cousins' July 2, 2018 order requiring the government to produce materials from all OST investigations. ECF No. 111. The government contended that Defendant's request was a "pure fishing expedition" and that the order was unduly burdensome because to comply with the order, "the government would have to locate and produce, wholesale, hundreds of investigative lead files, internal case files, prosecution files, grand jury investigation

2
Case No. 16-CR-00519-LHK-1
ORDER RE: MOTIONS IN LIMINE AND DEFENDANT'S MOTION TO REQUIRE DISCLOSURE

files, and all legal process sought and obtained" from those other investigations. *Id.* at 4–6.

Nonetheless, the government produced other materials to Defendant, including "communications between the FBI's Major Case Coordination Unit (MCCU) and Yahoo representatives." ECF No. 117, Ex. G.

On September 5, 2018, the Court held a hearing on the government's objection to Judge Cousins' July 2, 2018 order. ECF No. 126.

On October 10, 2018, the Court sustained the government's objection to Judge Cousins' July 2, 2018 order. ECF No. 132. The Court discussed the applicable motion to suppress standard and noted that "some discovery related to a pattern of activity is needed" for Defendant to contend that Yahoo, Xoom, and/or NCMEC acted as government agents. *Id.* at 2, 7. However, the Court held that Defendant's request for discovery of *all* OST investigations involving targets other than Defendant was overbroad because to respond, the government would have to "contact the field offices and Legal Attaches that received the 195 leads to determine whether a case was opened, request the case files and all comments and notes, and search for email and other communications outside the case files after identifying all relevant custodians." *Id.* at 9. Such discovery was "akin to the speculative fishing expedition that Defendant sought in his first motion to compel and that the Magistrate Judge rejected" as immaterial. *Id.* at 10. Accordingly, the Court sustained the government's objection and remanded to Judge Cousins "for further proceedings to determine the proper scope of discovery." *Id.*

On November 30, 2018, Defendant filed his third motion to compel, in which Defendant stated that the government had produced "additional documents held by MCCU regarding Mr. Zadig, Yahoo, and OST" and relevant emails between Yahoo and "the thirteen most active agents within MCCU in relation to OST." ECF No. 143 at 2. However, Defendant requested e-mail communications between "field agents handling the OST cases and Yahoo!, Xoom and NCMEC." *Id.*

On April 8, 2019, Judge Cousins denied Defendant's third motion to compel. ECF No. 175. Judge Cousins held that the government's production of relevant emails between the thirteen

3
Case No. 16-CR-00519-LHK-1
ORDER RE: MOTIONS IN LIMINE AND DEFENDANT'S MOTION TO REQUIRE DISCLOSURE

most active MCCU agents and Yahoo satisfied the government's obligation to "use 'affirmative due diligence' to gather exculpatory material from known and plausible sources." *Id.* at 3–4 (citing *United States v. Cerna*, 633 F. Supp. 2d 1053, 1061 (N.D. Cal. 2009)).

On April 22, 2019, Defendant filed an objection to Judge Cousins' April 8, 2019 order denying Defendant's third motion to compel. ECF No. 180. On May 7, 2019, pursuant to Civil Local Rule 72-2, this Court deemed denied Defendant's objection. ECF No. 181.

On June 12, 2019, Defendant filed a motion to suppress evidence pursuant to *Walther*, ECF No. 183 ("Mot."), and a motion to suppress evidence pursuant to *Franks*. ECF No. 184. Defendant also filed a fourth motion to compel production. ECF No. 186.

On July 11, 2019, the Court denied Defendant's fourth motion to compel. ECF No. 198. The Court explained that Defendant broadly requested all communications that pertain to the Philippines webcam investigations/Operation Swift Traveler. *Id.* at 13. The Court held that Defendant's request was overbroad, would impose a substantial burden on the government, and that Defendant had failed to show that such communications were material to Defendant's motion to suppress—particularly in light of the extensive communications between the FBI's MCCU and Yahoo that the government had already produced to Defendant. *Id.* at 14, 19–20.

On July 12, 2019 and July 23, 2019, the Court held an evidentiary hearing on Defendant's motion to suppress pursuant to *Walther*. ECF Nos. 199, 203. FBI Special Agent Jeff Yesensky, Yahoo's Sean Zadig, FBI Special Agent Scott Schelble, and FBI Supervisory Special Agent Chris Marceau testified at the hearing.

On August 29, 2019, the Court denied Defendant's motion to suppress evidence pursuant to *Walther*. ECF No. 207. Specifically, the Court found that Defendant had no reasonable expectation of privacy in the eight child pornography images found in Defendant's Yahoo email account; that Yahoo's access of Defendant's email account was not government action; and that even if Yahoo's private search of Defendant's email account violated the Fourth Amendment, the good faith exception to the exclusionary rule applied and precluded suppression of the eight images that Yahoo found in Defendant's email account. *Id.* at 17-42.

On August 29, 2019, the Court also denied Defendant's motion to suppress evidence pursuant to *Franks*. *Id.* at 43-44. In this motion, Defendant had argued that the search warrant affidavit failed to disclose the details of Yahoo's search of Defendant's email account, which Defendant alleged was government action and thus illegal, and thus failed to alert the magistrate judge to the illegality of Yahoo's search. *Id.* at 43. Because the Court found that Yahoo's search was not government action and thus not illegal, the Court denied Defendant's *Franks* motion. *Id.* at 43-44. Moreover, the Court found that the statements in the affidavit were sufficient to support a finding of probable cause, and that if the affidavit disclosed additional details of the investigations of Yahoo and the Federal Bureau of Investigation, the affidavit would remain sufficient to support probable cause and would not have alerted the magistrate judge to any illegality. *Id.* at 44.

On November 1, 2019, Defendant filed a request for leave to file motion for reconsideration. ECF No. 212. On November 4, 2019, the Court denied Defendant's motion. ECF No. 213.

On December 10, 2019, the Court amended its order denying Defendant's motion to suppress pursuant to *Walther* by deleting the discussion of Defendant's reasonable expectation of privacy. The amended order still denied Defendant's motion to suppress on the grounds that Yahoo's access of Defendant's email account was not government action, and that regardless, the good faith exception applied. ECF No. 220 at 17-40.

## II. RULINGS ON MOTIONS

Having reviewed the parties' briefing, the case law, the Federal Rules of Evidence ("Fed. R. Evid."), and the record in this case, and balancing the considerations set forth in Fed. R. Evid. 403, the Court rules as follows:

### DEFENDANT'S MOTIONS

**Motion in Limine #1:** to Preclude the Court from Sending Indictment into the Jury Room, ECF No. 223

**Ruling:** GRANTED.

**Motion in Limine #2:** to Permit Attorney Conducted Voir Dire, ECF No. 224

**Ruling:** GRANTED.

**Motion in Limine #3:** to Produce Grand Jury Transcripts, ECF No. 225

**Ruling:** GRANTED.

**Motion in Limine #4:** to Preclude the Government and its Witnesses from Vouching, ECF No. 226

**Ruling:** GRANTED.

**Motion in Limine #5:** to Designate All Government Witnesses as Under Defense Subpoena Unless Released, ECF No. 227

**Ruling:** DENIED.

**Motion in Limine #6:** to Exclude Government Witnesses and Require the Case Agent to Testify First, ECF No. 228

**Ruling:** GRANTED as to the following: All witnesses for the government and the defense, except for the case agent, the defendant, and experts, are excluded from attending the entire trial and shall not read the trial transcripts in this case. DENIED otherwise.

**Motion in Limine #7:** to Exclude Any Evidence Offered by the Government that was Not Produced Prior to Trial, ECF No. 229

**Ruling:** DENIED without prejudice.

**Motion in Limine #8:** to Preclude the Government from Cross-Examining Defense Witnesses with "Guilt-Assuming" Questions and Hypotheticals, ECF No. 230

**Ruling:** GRANTED as to cross-examination questions of Defendant's character witnesses that

assume the Defendant's guilt of the precise acts for which Defendant is on trial. *United States v. Shwayder*, 312 F.3d 1109, 1121-1122 (9th Cir. 2002) ("[A]n opinion elicited by a question that assumes that the defendant is guilty can have only negligible probative value as it bears on the central issue of guilt….we now hold that the use of guilt assuming hypotheticals undermines the presumption of innocence…"). In its opposition to the instant motion, the government states that it will strive to avoid such questions. ECF No. 238 at 4.

However, the government requests that it be allowed to cross-examine Defendant's character witnesses as to aspects of Defendant's behavior that may corroborate the charged conduct, such as Defendant's travels to the Philippines, use of his computer, and use of Western Union to send money transfers. Id. at 5. Depending on phrasing, such questions may not bear on the central issue of guilt or undermine the presumption of innocence. Thus, Defendant's motion is otherwise DENIED without prejudice.

**Motion in Limine #9:** to Exclude Other Act Evidence under FRE 404 and 403, ECF No. 234
**Ruling:** The Court will address this motion in a separate order.

**Motion in Limine #10:** to Exclude Irrelevant and Prejudicial Evidence under Rule 402, 403, ECF No. 235
**Ruling:** GRANTED as to whether a German individual was arranging the murder of children or sex tourism or that an individual in Texas spent $50,000 on sex shows unless the defense opens the door into such matters. DENIED without prejudice otherwise.

**Defendant's Motion to Require Disclosure of Brady and Rule 3.8(d) Material 21 Days Before Trial**, ECF No. 231
**Ruling:** DENIED.

## THE GOVERNMENT'S MOTIONS IN LIMINE, ECF NO. 233

**Motion in Limine #1:** Admission of Defendant's Statements Pursuant to Federal Rule of Evidence 801(d)(2)

**Ruling:** The Court ordered Defendant to file a statement by February 4, 2020, indicating, among other things, whether Defendant wishes to renew his February 28, 2018 motion to suppress challenging the voluntariness of his August 2, 2016 statements even though Defendant withdrew that motion the day before the evidentiary hearing two years ago. The Court will address this motion in a separate order.

**Motion in Limine #2:** Admission of Co-conspirator Statements

**Ruling:** DENIED without prejudice.

**Motion in Limine #3:** Admission of Selected Child Pornography Images and Videos and Publication to the Jury

**Ruling:** GRANTED.

**Motion in Limine #4:** Admission of 404(b) Evidence of Wolfenbarger's Prior Sexual Interest in Children and Access to Live-Streamed Child Sex Abuse

**Ruling:** The Court will address this motion in a separate order.

**Motion in Limine #5:** Admission of Certified Business Records

**Ruling:** DENIED without prejudice. The government seeks to admit records from Western Union between Defendant and various individuals as well as records provided by Yahoo associated with the Yahoo user account jrwolfen02. USA Mot. at 8–9. The government states that it provided Defendant with declarations from the custodian of the records, as required by Rules 803(6) and 902(11), since January 2017. *Id.* at 9. The government includes the custodian of

record declarations on its Exhibit List, but has not provided these declarations to the Court.

Defendant alleges that the government has not specifically identified which records it seeks to admit, but Defendant nonetheless argues vaguely that these records may themselves contain statements that are inadmissible. Wolfenbarger Opp. at 10–11. Defendant merely speculates about the ways in which some of these business records may be inadmissible rather than challenging the admissibility of the business records as a whole. *See id.* For example, Defendant claims that information supplied on the Western Union forms by third parties may not be admissible. *See id.* at 11 (citing *United States v. McIntyre*, 997 F.2d 687 (10th Cir. 1993)); *see also United States v. Arteaga*, 117 F.3d 388 (9th Cir. 1997). In *McIntyre*, the Tenth Circuit held that, to the extent business records include information provided by third parties without any "business duty or compulsion to provide accurate information," those portions would not qualify for the business records exception to hearsay. 997 F.2d at 699. However, the *McIntyre* court also held that, "[i]f the business entity has adequate verification or other assurance of accuracy of the information provided by the outside person, the exception may still apply." *Id.* at 700. Thus, whether *McIntyre*'s rationale would apply to the business records at issue in this case would depend on the specific records sought to be admitted and the business's process for verifying or assuring the accuracy of those records, which the Court cannot assess at this time.

**Motion in Limine #6:** Preclusion of Attempts to Re-litigate Discovery and Suppression Issues Already Decided by the Court

**Ruling:** DENIED without prejudice.

**Motion in Limine #7:** Preclusion of All References to Punishment in Front of The Jury

**Ruling:** GRANTED. The United States Supreme Court has held that because "juries are not to consider the consequences of their verdicts," "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S.

9

573, 579 (1994). Similarly, the Ninth Circuit has held that "it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 878 (9th Cir. 1991). Thus, references to punishment such as the following are not permitted: "the defendant is facing a lot of time," "the defendant's liberty is at stake in this trial," "we all enjoy the right to be judged by a jury of our peers before our liberty is taken away by the government," or "if the government wants to take away an individual's liberty, it must prove beyond a reasonable doubt every element of the crimes charged." However, the Court will allow statements such as "this case has serious consequences for the defendant." *See United States v. Williams*, No. 3:13-CR-00764-WHO-1, 2017 WL 4310712, at *8 (N.D. Cal. Sept. 28, 2017) (permitting the defendant to use subtle references such as "this case has serious consequences for the defendant").

**Motion in Limine #8:** Preclusion of Improper Efforts to Elicit Jury Sympathy
**Ruling:** DENIED without prejudice.

**Motion in Limine #9:** Wolfenbarger Must Proffer a Good Faith Basis for Any Henthorn-type Cross-Examination of a Government Witness
**Ruling:** DENIED without prejudice.

**Motion in Limine #10:** The Court Should Require the Defense to Provide an Evidentiary Basis for Any Assertion of an Affirmative Defense
**Ruling:** GRANTED. "The term 'affirmative defense' has generally referred to 'defenses that must be affirmatively raised by the defendant and that are based on justifications or excuses for conduct that is otherwise criminal.'" *Aiyaswamy*, 2017 WL 1365228, at *6 (quoting *United States v. Frisbee*, 623 F. Supp. 1217, 1220 (N.D. Cal. 1985)). The Ninth Circuit has held that a district court "may preclude a defense if the defendant fails to make a prima facie showing that she is eligible for the defense." *United States v. Schafer*, 625 F.3d 629, 636 (9th Cir. 2010).

1     Insofar as Defendant seeks to raise any affirmative defenses, such as entrapment, a defense involving a mental condition, or duress, Defendant is required to make a prima facie showing that he is eligible for any of these affirmative defenses under *Schafer*. *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003) ("The affirmative defense of entrapment contains two elements: government inducement of the crime and absence of predisposition on the part of the defendant."); *United States v. Christie*, 825 F.3d 1048, 1065 (9th Cir. 2016) (noting that self defense, necessity, duress, entrapment, and insanity are affirmative defenses); *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) ("We have long held that a defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof. Absent such a prima facie case, evidence of duress is not relevant." (citations omitted)).

    In opposition to this motion, Defendant merely responds that "The Court should defer ruling on this motion until closer in time to the trial." ECF No. 245 at 15. Defendant was indicted on December 15, 2016. The above procedural history shows the extensive litigation that has taken place in this case for nearly three years and the many orders in this case have discussed the extensive discovery produced by the government. On September 4, 2019, the Court set the January 22, 2020 motion in limine filing deadline and the February 5, 2020 pretrial conference. Defense counsel has had ample time to investigate possible affirmative defenses and should have disclosed any affirmative defenses in advance of the pretrial filing deadlines. If Defendant seeks to raise an affirmative defense after the pretrial conference but before the March 2020 trial, Defendant must explain why he could not have raised this defense before and must also make a prima facie showing that he is eligible for the defense.

**Motion in Limine #11:** Enforcement of Reciprocal Discovery Obligations
**Ruling:** DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: February 3, 2020

_____
LUCY H. KOH
United States District Judge