UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY RAY WOLFENBARGER,<br><br>Defendant. | Case No. 16-CR-00519-LHK-1<br><br>**ORDER DENYING WITHOUT PREJUDICE GOVERNMENT'S MOTION IN LIMINE NO. 4 AND DEFENDANT'S MOTION IN LIMINE NO. 9**<br><br>Re: ECF Nos. 233, 234 |

Before the Court are the government's fourth motion in limine to admit other acts evidence, ECF No. 233 at 6–8, as well as Defendant's ninth motion in limine to exclude other acts evidence, ECF No. 234. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES without prejudice the government's motion and DENIES without prejudice Defendant's motion.

**A. Government's Motion to Admit Other Acts Evidence**

The indictment alleges one count of attempted production of child pornography beginning no later than November 2013 and continuing until at least January 2014; one count of attempted coercion and enticement of minors beginning no later than November 2013 and continuing until at

1
Case No. 16-CR-00519-LHK-1
ORDER DENYING WITHOUT PREJUDICE GOVERNMENT'S MOTION IN LIMINE NO. 4 AND
DEFENDANT'S MOTION IN LIMINE NO. 9

least January 2014; and one count of receipt of child pornography beginning on or about December 2, 2013 and continuing until December 4, 2013. In its fourth motion in limine, the government seeks to admit portions of July 2013 Yahoo Messenger chats between Defendant as user "jrwolfen02" and user "prettycharlene28," where Defendant purportedly asks "about the price of a Yahoo webcam show featuring a man having sex with prettycharlene28's 10 year-old female cousin," (the "July 2013 chats"). ECF No. 233 at 6–8. The government argues that the evidence is admissible under two theories: that such evidence is "inextricably intertwined with the charged offense conduct," and that it is admissible under Fed. R. Evid. 404(b). The Court addresses each theory in turn before turning to Rule 403 balancing.

### 1. Inextricably Intertwined

First, the Court finds that the July 2013 chats are not inextricably intertwined with the crimes charged in the indictment. The Ninth Circuit recognizes "two categories of cases in which . . . 'other act' evidence is inextricably intertwined with the crime with which the defendant is charged and therefore need not meet the requirements of Rule 404(b)." *United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016) (quoting *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995)). First, the Ninth Circuit has "sometimes allowed evidence to be admitted because it constitutes a part of the transaction that serves as the basis for the criminal charge." *Id.* at 1178 (quoting *Vizcarra–Martinez*, 66 F.3d at 1012). Second, the Ninth Circuit has "allowed 'other act' evidence to be admitted when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* (quoting *Vizcarra–Martinez*, 66 F.3d at 1012). The Court finds neither basis for applying the inextricably intertwined exception to Rule 404(b) applies here.

As to the first category of inexplicably intertwined evidence, the government does not even argue that the July 2013 chats are part of the same transaction that serves as the basis for the criminal charge. *See* ECF No. 233 at 6–7. Moreover, the Court notes that the four-to-five month gap between the July 2013 chats and the charged conduct which began in November 2013 and

2

1  December 2013 could be too temporally distant to constitute the "same transaction" under Ninth

2  Circuit case law. For example, the Ninth Circuit has said that evidence "which occurred six

3  months after the charged conduct took place, is arguably too far removed in time to constitute a

4  part of the charged transaction." *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013).

5  Because the government does not contend otherwise, the July 2013 chats do not fall within the

6  'same transaction' category of inextricably intertwined evidence.

The Court likewise finds that the evidence is not inextricably intertwined under the "coherent and comprehensible story" category. Specifically, the government cites *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995), to argue that it should be allowed to provide the events surrounding the commission of the crime. ECF No. 233 at 6–7. However, in *Vizcarra-Martinez*, the Court elaborated that such other acts evidence is inextricably intertwined where the prosecution would have difficulty "presenting the evidence relevant to its case against the defendant . . . without offering into evidence" the other bad acts. *Id.* at 1013. The government does not assert that it could not establish its case against Defendant as to the charged conduct without reference to this evidence. *See* ECF No. 233 at 7. The Court therefore finds that this evidence is not inextricably intertwined with the charged conduct.

### 2. Rule 404(b)

However, even where evidence is not inextricably intertwined and thus excepted from Rule 404(b), courts may still admit other acts evidence if it satisfies Rule 404(b)'s requirements. For example, such evidence would be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. "Rule 404(b) provides that the district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and, (4) in some cases, is similar to the offense charged." *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010). If these four elements are satisfied, a court must balance the probative value of the evidence against its prejudicial effect to determine whether it is admissible under Rule 403. *United States v. Curtin*,

3

Case No. 16-CR-00519-LHK-1
ORDER DENYING WITHOUT PREJUDICE GOVERNMENT'S MOTION IN LIMINE NO. 4 AND
DEFENDANT'S MOTION IN LIMINE NO. 9

489 F.3d 935, 957 (9th Cir. 2007) (en banc). Under Rule 403, a court may exclude otherwise admissible evidence if its probative value is substantially outweighed by unfair prejudice, confusion, delay, or other factors.

The Court finds that the government's evidence satisfies all four *Lozano* elements. First, the Court agrees with the government that this evidence may be used to establish several facts that are consequential to the case, such as Defendant's alleged "sexual interest in children," his "intent and desire to engage in sex with children," or his "motive, opportunity, knowledge, intent, plan, and absence of mistake." Second, this evidence is not too remote in time from the commission of the crimes charged in the indictment. By contrast to the "inextricably intertwined" exception discussed above, the Ninth Circuit has upheld the admission of thirteen-year-old Fed. R. Evid. 404(b) evidence. *See United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005) (upholding admission of thirteen-year-old Fed. R. Evid. 404(b) evidence); *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (upholding admission of thirteen-year-old Fed. R. Evid. 404(b) evidence). As discussed above, the other acts evidence in the instant case predates the charged conduct by four to five months, so it is not too remote in time from the charged conduct. Third, there is sufficient evidence to allow the jury to conclude that the defendant committed the other acts, particularly given that the Ninth Circuit has described the sufficiency element as a "low threshold." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002). The government has proffered evidence that "jrwolfen02," the user who participated in the July 2013 chats, is Defendant's account. Finally, the July 2013 chats are sufficiently similar to the charged conduct, which involves the sexual exploitation of minors.

### 3. Rule 403 Balancing

As Defendant points out, even if the evidence meets the threshold for admissibility under 404(b), the Ninth Circuit "has specifically incorporated Rule 403's probative value/unfair prejudice balancing requirement into the Rule 404(b) inquiry." *Mayans*, 17 F.3d at 1183. Under Fed. R. Evid. 403 balancing, the Court must determine whether the probative value of the

4

evidence substantially outweighs any danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. However, at this point, the Court cannot yet assess whether the other acts' probative value is "substantially outweighed" by, for example, the danger of unfair prejudice. *See* Fed. R. Evid. 403. The balancing analysis will likely depend on the evidence and theories presented at trial. Accordingly, the Court will defer its Rule 403 analysis at this point. Accordingly, the government's motion is DENIED without prejudice.

Nonetheless, in the event that the Court ultimately admits the evidence, the Court must "instruct the jury as to the specific purpose for which they may consider the evidence," *United States v. Curtin*, 489 F.3d 935, 958 (9th Cir. 2007). The Court would thus order the parties to file a proposed limiting instruction to that effect.

**B. Defendant's Motion to Exclude Other Acts Evidence**

In Defendant's ninth motion in limine, Defendant moves as follows:

> (a) Evidence of chats, emails, money transfers, travel, or other acts occurring prior to November 2013, or after January 2014 should be excluded;
>
> (b) With respect to those chats, emails, money transfers, travel, and other acts occurring prior to November 2013, or after January 2014, the government must identify the specific chats, emails, money transfers, travel, and other acts which the government intends to introduce at trial under 404(b), and state the basis for admissibility for each item; and
>
> (c) With respect to chats, emails, money transfers, travel, and other acts occurring within the charged time frame, the government should be required to identify the specific chats, emails, money transfers, travel, and other acts which the government intends to introduce at trial.

ECF No. 234 at 2.

The Court DENIES this motion without prejudice. The Court's ruling above on the government's motion addresses the first two parts of Defendant's motion. As to the third part of Defendant's motion, the government has filed a detailed exhibit list that identifies emails by sender, recipient, date and time sent, and starting Bates number, as well as photograph attachments

5

by file name. ECF No. 244. In addition, the government's exhibit list identifies chats by user account names and dates and identifies money transfers by Bates number. *Id.*

**IT IS SO ORDERED.**

Dated: February 4, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge