UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY RAY WOLFENBARGER,<br><br>Defendant. | Case No. 16-CR-00519-LHK-1<br><br>**ORDER DENYING MOTION TO DISMISS COUNTS ONE AND TWO OF THE SUPERSEDING INDICTMENT**<br><br>Re: Dkt. No. 282 |

Before the Court is Defendant Johnny Ray Wolfenbarger's motion to dismiss Counts One and Two of the Superseding Indictment. ECF No. 282. Having considered the filings of the parties, the relevant law, and the record in this case, the Court DENIES Defendant's motion.

**I.    BACKGROUND**

**A. Original Indictment**

On December 15, 2016, a grand jury in the Northern District of California returned an indictment that charged Defendant with three counts: Count One, Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(c); Count Two, Attempted Coercion and Enticement of Minors in violation of 18 U.S.C. § 2422(b); and Count Three, Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). ECF No. 1.

1
Case No. 16-CR-00519-LHK-1
ORDER DENYING MOTION TO DISMISS COUNTS ONE AND TWO OF THE SUPERSEDING INDICTMENT

On January 29, 2020, the Government submitted proposed jury instructions, ECF No. 243, in preparation for a pretrial conference to be held on February 5, 2020, *see* ECF No. 208. On January 29, 2020, Defendant objected to the jury instructions by filing two briefs with the Court, in which Defendant argued that Counts One and Two were deficient as charged in the indictment. ECF Nos. 252, 253. Defendant requested that the Court set a schedule for Defendant to move to dismiss those counts. ECF Nos. 252, 253. At the February 5, 2020 pretrial conference, the Government explained that it expected to file a superseding indictment that cured the objections raised by Defendant, which would render Defendant's objections moot. *See* ECF No. 266.

### B. Superseding Indictment

On February 6, 2020, a grand jury in the Northern District of California returned a Superseding Indictment. ECF No. 268 (the "Superseding Indictment"). The Superseding Indictment charges Defendant with three counts: Count One, Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a); Count Two, Attempted Coercion and Enticement of Minors in violation of 18 U.S.C. § 2422(b); and Count Three, Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2).

### C. Motions to Dismiss

On March 9, 2020, Defendant filed two motions to dismiss. ECF Nos. 281, 282.

As for the instant motion, Defendant moved to dismiss Counts One and Two on the grounds that 18 U.S.C. § 2251(a) does not apply extraterritorially. ECF No. 282 ("Mot."). On March 30, 2020, the Government filed an opposition. ECF No. 291 ("Opp'n"). On April 10, 2020, Defendant filed a reply. ECF No. 303 ("Reply").

Defendant also filed a separate motion to dismiss Count Two on the grounds that it impermissibly charges a double inchoate crime. ECF No. 281. That motion is fully briefed and will be addressed in a separate order.

## II. DISCUSSION

In the instant motion, Defendant moves to dismiss Counts One and Two of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2), for lack of jurisdiction, and Federal Rule

of Criminal Procedure 12(b)(3)(v), for failure to state an offense. Mot. at 2. Count One of the Superseding Indictment charges:

> Beginning at a time unknown to the grand jury, but no later than November 2013 and continuing until at least January 2014, in the Northern District of California and elsewhere, the defendant, Johnny Ray Wolfenbarger, did knowingly attempt and conspire to employ, use, persuade, induce, entice, and coerce any minor to engage in sexually explicit conduct for the purpose of transmitting any live visual depiction of such conduct and had any minor assist any other person to engage in sexually explicit conduct for the purpose of transmitting any live visual depiction of such conduct, knowing and having reason to know that such live visual depiction would be transmitted using any means and facility of interstate and foreign commerce and would be transmitted in and affecting interstate and foreign commerce, in violation of Title, 18, United States Code, Sections 2251(a) and (e).

Superseding Indictment at 1–2. Count Two charges:

> Beginning at a time unknown to the grand jury, but no later than November 2013 and continuing until at least January 2014, in the Northern District of California and elsewhere, the defendant, Johnny Ray Wolfenbarger, using the mail and any facility and means of interstate and foreign commerce, did knowingly attempt to persuade, induce, entice and coerce an individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense, specifically Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e), as charged in Count One [,] [a]ll in violation of Title 18, United States Code, Section 2422(b).

*Id.* at 2. Thus, while Count Two charges a violation of 18 U.S.C. § 2422(b), the charge alleges that Defendant attempted to induce a minor to engage in sexual activity that constitutes a predicate offense, namely 18 U.S.C. § 2251(a) as charged in Count One. *Id.*

In his motion, Defendant argues that Count One impermissibly charges an extraterritorial application of 18 U.S.C. § 2251(a) because the count is based on allegations that Defendant solicited child pornography from individuals in the Philippines. *See* Mot. at 1. Defendant primarily relies upon the United States Supreme Court's extraterritoriality precedent, including *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010), and *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090 (2016). Because Count Two relies on conduct in Count One as a predicate, Defendant argues that Count Two must also be dismissed. *See* Mot. at 1.

Because Defendant's arguments in the instant motion for dismissal of Count Two depend entirely on dismissal of Count One, the Court's discussion will focus on Count One. The Court first considers Defendant's arguments for dismissal pursuant to Federal Rule of Criminal

3

Procedure 12(b)(2) for lack of jurisdiction before turning to Defendant's arguments for dismissal pursuant to Federal Rule of Criminal Procedure 12(b)(3)(v) for failure to state a claim.

### A. Dismissal Pursuant to Fed. R. Crim. P. 12(b)(2)

Defendant first moves to dismiss Count One pursuant to a motion to dismiss under Federal Rule of Criminal Procedure 12(b)(2) for lack of jurisdiction. Mot. at 2. However, Defendant provides no authority, binding or otherwise, that holds that the extraterritoriality analysis is in fact jurisdictional. Similarly, the Court has not located any binding authority so holding.

Defendant relegates his argument that extraterritoriality is jurisdictional to the following sentences in a footnote. *See* Mot. at 2 n.2. Specifically, Defendant concedes that the United States Supreme Court held in *Morrison* that "the question of a statute's extraterritorial reach is properly analyzed as a merits question under [Federal Rule of Civil Procedure 12(b)(6)], and not as a question of subject matter jurisdiction under [Federal Rule of Civil Procedure 12(b)(1)]." Mot. at 2 n.2 (citing *Morrison*, 561 U.S. at 254). However, Defendant distinguishes *Morrison* by arguing that, "[a]s a civil case, *Morrison* did not consider the Fifth Amendment right to due process, the Sixth Amendment right to indictment by grand jury, 18 U.S.C. § 3231, or Fed. R. Crim. P. 12. Accordingly, Mr. Wolfenbarger relies on both [Fed. R. Crim. P. 12(b)(2) and Fed. R. Crim. P. 12(b)(3)(v)] here. The government bears the burden of establishing jurisdiction." *Id.* In this cursory and conclusory footnote, Defendant does not provide any explanation or authority that transforms a merits question of statutory interpretation in civil cases into a question of the Court's jurisdiction in criminal cases.

Moreover, the Ninth Circuit has at least implied that *Morrison*'s holding—that extraterritoriality is a merits issue, not a jurisdictional issue—extends to criminal cases. *See, e.g.*, *United States v. Xu*, 706 F.3d 965, 977 (9th Cir. 2013) (quoting, in a criminal appeal, *Morrison*'s holding that extraterritoriality is a "merits question not a question of subject-matter jurisdiction"), *abrogated on other grounds by RJR Nabisco*, 136 S. Ct. 2090; *accord United States v. Hsiung*, 778 F.3d 738, 752 (9th Cir. 2015) (relying on *Morrison* in a criminal antitrust case to hold that a statutory limitation on extraterritorial application of the Sherman Act was not jurisdictional).

4

Other circuits have explicitly held that extraterritoriality challenges are not jurisdictional in criminal cases. *See, e.g.*, *United States v. Vasquez*, 899 F.3d 363, 371 (5th Cir. 2018) (holding that extraterritoriality argument could not be presented on a Federal Rule of Criminal Procedure 12(b)(2) motion to dismiss for lack of jurisdiction); *United States v. Miranda*, 780 F.3d 1185, 1191 (D.C. Cir. 2015) (holding that a defendant could waive challenges to extraterritorial application of criminal statutes because such challenges are not jurisdictional). Likewise, here, as the Ninth Circuit has suggested and as other circuits have explicitly held, Defendants' extraterritoriality argument is a merits argument, and not a jurisdictional argument.

Accordingly, the Court DENIES Defendants' Rule 12(b)(2) motion to dismiss for lack of jurisdiction.

**B. Dismissal Pursuant to Fed. R. Crim. P. 12(b)(3)(v)**

Alternatively, Defendant argues for dismissal pursuant to Federal Rule of Criminal Procedure 12(b)(3)(v) for failure to state an offense. *See* Mot. at 2.

When ruling on a motion to dismiss for failure to state an offense, a court must accept the allegations in the indictment as true and "analyz[e] whether a cognizable offense has been charged." *Boren*, 278 F.3d at 914. "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *Id.* A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

As an initial matter, even if the Court agreed with Defendant, the Court could not grant Defendant's motion to dismiss for failure to state an offense because to do so would require the Court to consider facts that are not on the face of the indictment. *See, e.g.*, Mot. at 1 ("[T]he government intends to prove at trial that between approximately November 2013 and January 2014, Mr. Wolfenbarger 'solicited and paid individuals in the Philippines to create custom-made child pornography at his direction, which was transmitted to him live via webcam.'") (citing Government Pretrial Conference Statement, ECF No. 244 at 2). The Ninth Circuit has clearly held that, on a Rule 12(b)(3)(B)(v) motion to dismiss an indictment for failure to state an offense, "the

5

district court is bound by the four corners of the indictment." *Boren*, 278 F.3d at 914. "The indictment either states an offense or it doesn't." *Id.* Accordingly, a court "should not consider evidence not appearing on the face of the indictment." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quoting *United States v. Marra*, 481 F.2d 1196, 1199–1200 (6th Cir. 1973)). Here, on the face of the indictment, there is no indication whatsoever as to which conduct occurred abroad and which occurred domestically. *See* Superseding Indictment at 1–3.

Nonetheless, the Court finds that Defendant's motion to dismiss for failure to state an offense should be denied as a matter of law, without consideration of any facts outside of the indictment. A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact." *Shortt Accountancy Corp.*, 785 F.2d at 1452. Below, the Court first sets forth the two-step framework as articulated in *RJR Nabisco*, then explains the order in which the Court will analyze Defendant's argument, and, finally, turns to the merits of Defendant's extraterritoriality argument.

### 1. The *RJR Nabisco* Two-Step Framework

Generally, courts must apply a "presumption against extraterritoriality" when construing federal statutes, which assumes that, "[a]bsent clearly expressed congressional intent to the contrary, federal laws will be construed to have only domestic application." *RJR Nabisco*, 136 S. Ct. at 2100. However, in *RJR Nabisco*, the United States Supreme Court articulated a "two-step framework" to consider whether a statute may apply extraterritorially. *Id.* at 2101.

At the first step, a court must consider whether "the presumption against extraterritoriality has been rebutted" by a "clear, affirmative indication" from Congress. *Id.* Where "a statue clearly *does* have extraterritorial effect," a court need not decide for itself which extraterritorial applications are permissible because the statute "would apply to all of them (barring some other limitation)." 136 S. Ct. at 2101. In those situations, the "scope of an extraterritorial statute thus turns on the limits Congress has (or has not) imposed on the statute's foreign application, and not on the statute's 'focus.'" *Id.*

If, and only if, a statute does not give a clear indication that it applies extraterritorially, the

court proceeds to the second step, which requires the court to "determine whether the case involves a domestic application of the statute" by looking to the statute's "focus." *Id.* "The focus of a statute is the object of its solicitude, which can include the conduct it seeks to regulate, as well as the parties and interests it seeks to protect or vindicate." *WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129, 2137 (cleaned up) (quoting *Morrison*, 130 S. Ct. at 2869). "If the conduct relevant to the statute's focus occurred in the United States, then the case involves a permissible domestic application even if other conduct occurred abroad." *RJR Nabisco*, 136 S. Ct. at 2101. However, "if the relevant conduct occurred in another country, then the case involves an impermissible extraterritorial application regardless of any other conduct that occurred in U.S. territory." *Id.*

In some cases, a court may choose to begin the extraterritoriality analysis with the second step. *RJR Nabisco*, 136 S. Ct. at 2101 n.5. "While 'it will usually be preferable' to begin with step one, courts have the discretion to begin at step two 'in appropriate cases.'" *WesternGeco*, 138 S. Ct. at 2136 (quoting *RJR Nabisco*, 136 S. Ct. at 2101 n.5). For example, "[o]ne reason to exercise that discretion is if addressing step one would require resolving 'difficult questions' that do not change 'the outcome of the case,' but could have far-reaching effects in future cases." *Id.*

**2. Order of Analysis**

In his reply, Defendant argues that: (1) the Court must first answer step one in the affirmative, and (2) dismiss Count One without proceeding to step two because Count One falls outside the scope of the statute's explicit extraterritorial application. Reply at 4. The Court addresses each argument in turn.

First, for the purposes of the instant motion, the Court declines to begin with the first step of the *RJR Nabisco* analysis. As discussed above, the United States Supreme Court has authorized courts to start with the second step of the analysis in "appropriate cates," such as where the first step "would require resolving 'difficult questions' that do not change 'the outcome of the case.'" *WesternGeco*, 138 S. Ct. at 2136 (quoting *RJR Nabisco*, 136 S. Ct. at 2101 n.5).

The Court finds that this case presents precisely such a situation. The parties' briefing on

7

the first step of *RJR* Nabisco asks the Court to resolve difficult questions that do not change the outcome of the case. *See* Mot. at 6–9, Opp'n at 3–5. Specifically, in *United States v. Thomas*, the Ninth Circuit held that an earlier version of 18 U.S.C. §2251(a) applies extraterritorially. 893 F.2d 1066, 1069 (9th Cir. 1990). Because of this precedent, Defendant's argument invites the Court to decide whether the Ninth Circuit's decision in *Thomas* is "clearly irreconcilable" with the United States Supreme Court's subsequent decisions in *Morrison* and *RJR Nabisco*. *See* Mot. at 6 (citing *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc)). Accordingly, the first step analysis would require the Court to try and harmonize a rule from multiple, potentially conflicting precedents. Such an analysis could have "far-reaching effects," *see WesternGeco*, 138 S. Ct. at 2136, because it would purport to undermine a number of binding Ninth Circuit precedents on extraterritoriality that predated *Morrison* and *RJR Nabisco. See, e.g.*, *In re Simon* 153 F.3d 991, 995 (9th Cir. 1998) (applying "substantial effects" test rejected in *Morrison*).

In lieu of engaging in this freewheeling analysis, which the Court finds would not affect the outcome in this case, the Court will start at step two of the analysis. For purposes of the instant motion, the Court will merely presume that the provision at issue in Count One, 18 U.S.C. § 2251(a), does not apply extraterritorially.

However, for the first time in its reply, Defendant argues that the Court may not proceed to the second step because "the extraterritoriality analysis ends at step one." Reply at 4. The Court is not required to address arguments raised for the first time in a reply brief because "arguments raised for the first time in reply briefs are waived." *See, e.g.*, *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1035 (N.D. Cal. Aug. 12, 2014); *Nevada v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) (parties "cannot raise a new issue for the first time in their reply briefs"). To do so would unfairly prejudice the Government because the Government did not have an opportunity to respond to Defendant's new argument.

Nevertheless, the Court addresses Defendant's waived argument. In essence, Defendant argues that because other subsections of 18 U.S.C. § 2551 *do* apply extraterritorially, the Court must dismiss Count One because Congress did not make the subsection at issue in the instant case,

§ 2551(a), extraterritorial. *Id.* (citing *RJR Nabisco*, 136 S. Ct. at 2103–04).  However, Defendant's contention proposes an erroneous application of *RJR Nabisco*.

In *RJR Nabisco*, the United States Supreme Court held that if a court finds "at step one that a statute clearly *does* have extraterritorial effect," then a court need not reach the second step, which would require the court to ascertain whether an application is nonetheless permissible because it is a domestic application rather than an extraterritorial application.  136 S. Ct. at 2101.  Accordingly, a court is foreclosed from considering the focus of a statutory provision at step two *only where* the Court finds that the provision *does* apply extraterritorially at step one.

Thus, this limitation on the second step does not apply in the instant case because Defendant argues that the statutory provision at issue, 18 U.S.C. § 2251(a), *does not* have extraterritorial effect at step one.  *See* Mot. at 6–9; Reply at 4.  Accordingly, the second step "focus" analysis is appropriate to determine whether the instant case presents a "permissible domestic application" and not an "impermissible extraterritorial application."  *Id.* at 2101.  Nothing in *RJR Nabisco* supports Defendant's contention here that, where other parts of a statute apply extraterritorially, the Court is precluded from reaching the second step analysis for a part of the statute that does not apply extraterritorially.  Because the Court presumes that Defendant is correct that § 2251(a) has no extraterritorial application, *RJR Nabisco*'s limitation—that "*a finding of extraterritoriality* at step one will obviate step two's 'focus' inquiry"—does not apply in this case.  *See id.* at 2101 n.5 (emphasis added).

This mode of analysis also comports with the United States Supreme Court's acknowledgment that courts may begin the analysis with the second step.  *See id.*  By allowing courts to begin with the second step, as the Court does here, the Supreme Court has recognized that there can be no extraterritoriality issue if a case involves a "permissible domestic application" of a statute at the second step.  The Supreme Court so held in *WesternGeco*, where the Supreme Court began its analysis with the second step rather than resolving the first step.  138 S. Ct. at 2139 (rejecting the defendant's extraterritoriality argument because the case involved a "permissible domestic application" of the patent damages statute).

As a result, the Court may properly begin its analysis at the second step of the *RJR Nabisco* framework to determine the focus of 18 U.S.C. § 2251(a).

### 3. Step Two: The "Focus" of 18 U.S.C. § 2251(a)

At the second step, the Court must consider "[i]f the conduct relevant to the statute's focus occurred in the United States," which would render the case a "permissible domestic application even if other conduct occurred abroad." *RJR Nabisco*, 136 S. Ct. at 2101. To do so, the Court must determine what the "focus" of a statute is by looking to the "object of the statute's solicitude, which can include the conduct it seeks to regulate, as well as the parties and interests it seeks to protect or vindicate." *WesternGeco LLC*, 138 S. Ct. at 2137 (cleaned up) (quoting *Morrison*, 130 S. Ct. at 2869). Here, Defendant initially argued that the focus of the statute "is the sexual exploitation of children, specifically, the inducement of a minor to engage in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of the conduct." Mot. at 9. Defendant further argued that "the statute seeks to regulate the performance of sexually explicit acts by children, and the interests that it seeks to protect or vindicate are the interests of the children." *Id.* The Court disagrees with Defendant's gloss on the statute.

As an initial matter, on reply, Defendant attempted to abandon his argument that the Court should even consider the "focus" of the statute. *See* Reply at 4. As discussed above, Defendant argued on reply that "the Court does not proceed to step two" at all in light of the other extraterritorial provisions contained in 18 U.S.C. § 2251. Reply at 4 n.1. Thus, Defendant's argument for dismissal now relies solely on his erroneous assertion that the second step analysis is not relevant in this case, an argument that the Court already rejected above.

In any event, even if the Court considered Defendant's now-abandoned argument, the Court would not agree with Defendant that the statute's focus is to regulate "the performance of sexually explicit acts by children." *See* Mot. at 9. Instead, the Court finds that the statute's focus is the prohibited conduct of inducing child sexual abuse.

In reaching this conclusion, the Court looks to the United States Supreme Court's most recent second step "focus" analysis in *WesternGeco LLC*, 138 S. Ct. at 2137–39. In that case, the

Supreme Court considered the focus of the damages remedy for various types of patent infringement, 35 U.S.C. § 284. The Court found that the "focus" of the damages provision was the infringing conduct because "'[t]he question' posed by the statute is 'how much ha[s] the Patent Holder . . . suffered by the infringement.'" *Id.* at 2137 (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 507 (1964)). Accordingly, the Supreme Court held that because the conduct of exporting infringing components occurred domestically, the case involved a domestic application of damages remedy, notwithstanding the fact that some of the lost profits were accrued overseas. *Id.* at 2138.

Here, to determine whether an individual has violated Section 2251(a), the "question posed" by the statute is whether "the defendant employed, used, persuaded, or coerced [a victim] to take part in sexually explicit conduct." *See* Ninth Circuit Model Criminal Jury Instruction 8.181. As Defendant recognizes, 18 U.S.C. § 2251(a) regulates *adult* conduct: namely the "sexual *exploitation* of children" or the "inducement of a minor to engage in sexually explicit conduct." *Id.* (emphasis added); *see* 18 U.S.C. § 2251(a) ("Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished . . . ."). This provision is contained within a chapter of Title 18 of the United States Code entitled "Sexual Exploitation and Other Abuse of Children." 18 U.S.C. ch. 18; *see WesternGeco LLC*, 138 S. Ct. at 2137 ("If the statutory provision at issue works in tandem with other provisions, it must be assessed in concert with those other provisions."). Thus, while the Court agrees that this criminal statute protects children, it clearly does so by focusing on the regulation of adult conduct and by criminalizing adult abuse and exploitation of children.

Having determined the focus of 18 U.S.C. § 2251(a), the Court's analysis is at an end. Defendant's sole argument for dismissal of Count One is that the victims were in the Philippines. *See* Mot. at 1. Notwithstanding the fact these details offered by the Defendant are not alleged in the Superseding Indictment, the Court concludes that it is a defendant's conduct inducing the

sexual abuse of children, not the location of the victim, that is the focus of the statute. Accordingly, Defendant's argument in the instant motion for dismissal for failure to state an offense must fail.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss Counts One and Two the Superseding Indictment.

**IT IS SO ORDERED.**

Dated: May 22, 2020

_____
LUCY H. KOH
United States District Judge