United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 16-CR-00519-LHK-1 |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT** |
| v. | |
| JOHNNY RAY WOLFENBARGER, | Re: Dkt. No. 281 |
| Defendant. | |

Before the Court is Defendant Johnny Ray Wolfenbarger's motion to dismiss Count Two of the Superseding Indictment.  ECF No. 281.  Having considered the filings of the parties, the relevant law, and the record in this case, the Court DENIES Defendant's motion.

I.      **BACKGROUND**

   A. **Original Indictment**

On December 15, 2016, a grand jury in the Northern District of California returned an indictment (the "original Indictment") that charged Defendant with three counts: Count One, Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(c); Count Two, Attempted Coercion and Enticement of Minors in violation of 18 U.S.C. § 2422(b); and Count Three, Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2).  ECF No. 1

1

("Indictment").

On January 29, 2020, the Government submitted proposed jury instructions, ECF No. 243, in preparation for a pretrial conference to be held on February 5, 2020, *see* ECF No. 208.  On January 29, 2020, Defendant objected to the jury instructions by filing two briefs with the Court, in which Defendant argued that Counts One and Two were deficient as charged in the indictment. ECF Nos. 252, 253.  Defendant requested that the Court set a schedule to move to dismiss those counts.  ECF Nos. 252, 253.  At the February 5, 2020 pretrial conference, the Government explained that it expected to file a superseding indictment that cured the objections raised by Defendant, which would render Defendant's objections moot.  *See* ECF No. 266.

**B.  Superseding Indictment**

On February 6, 2020, a grand jury in the Northern District of California returned a Superseding Indictment.  ECF No. 268 (the "Superseding Indictment").  The Superseding Indictment charges Defendant with three counts: Count One, Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a); Count Two, Attempted Coercion and Enticement of Minors in violation of 18 U.S.C. § 2422(b); and Count Three, Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2).

**C.  Motions to Dismiss**

On March 9, 2020, Defendant filed two motions to dismiss.  ECF Nos. 281, 282.

In the instant motion, Defendant moved to dismiss Count Two on the grounds that it impermissibly charges a double inchoate crime.  ECF No. 281 ("Mot.").  On March 30, 2020, the Government filed an opposition.  ECF No. 291 ("Opp'n").  On April 14, 2020, Defendant filed a reply.  ECF No. 303 ("Reply").

As for the other motion, Defendant moved to dismiss Counts One and Two on the grounds that 18 U.S.C. § 2251(a) does not apply extraterritorially.  ECF No. 282.  After full briefing, the Court denied the motion on May 22, 2020.  ECF No. 312.

**II.   LEGAL STANDARD**

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be "a plain, concise

2

United States District Court
Northern District of California

United States District Court
Northern District of California

1  and definite written statement of the essential facts constituting the offense charged." "[A]n

2  indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs

3  the defendant of the charge against which he must defend, and, second, enables him to plead an

4  acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Davis*,

5  336 F.3d 920, 922 (9th Cir. 2003) (quoting *United States v. Bailey*, 444 U.S. 394, 414 (1980));

6  *accord United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). "In cases where the

7  indictment 'tracks the words of the statute charging the offense,' the indictment will be held

8  sufficient 'so long as the words unambiguously set forth all elements necessary to constitute the

9  offense.'" *Davis*, 336 F.3d at 922 (quoting *United States v. Fitzgerald*, 822 F.2d 397, 399 (9th

10  Cir. 1989)); *see also Hamling v. United States*, 418 U.S. 87, 117 (1974) ("It is generally sufficient

11  that an indictment set forth the offense in the words of the statute itself, as long as those words of

12  themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the

13  elements necessary to constitute the offense intended to be punished."). Indeed, "[i]n the Ninth

14  Circuit [the] use of a 'bare bones' information—that is one employing the statutory language

15  alone—is quite common and entirely permissible so long as the statute sets forth fully, directly

16  and clearly all essential elements of the crime to be punished." *United States v. Woodruff*, 50 F.3d

17  673, 676 (9th Cir. 1995) (second alteration in original) (internal quotation marks omitted).

18      Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to

19  dismiss an indictment on the ground that the indictment "fail[s] to state an offense." In

20  considering a motion to dismiss an indictment, a court must accept the allegations in the

21  indictment as true and "analyz[e] whether a cognizable offense has been charged." *United States*

22  *v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "In ruling on a pre-trial motion to dismiss an

23  indictment for failure to state an offense, the district court is bound by the four corners of the

24  indictment." *Id.* A motion to dismiss an indictment can be determined before trial "if it involves

25  questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448,

26  1452 (9th Cir. 1986).

27

28

3

### III. DISCUSSION

In the instant motion, Defendant moves to dismiss Count Two of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(v), for failure to state an offense.  Mot. at 2. Count Two of the Superseding Indictment charges:

> Beginning at a time unknown to the grand jury, but no later than November 2013 and continuing until at least January 2014, in the Northern District of California and elsewhere, the defendant, Johnny Ray Wolfenbarger, using the mail and any facility and means of interstate and foreign commerce, did knowingly attempt to persuade, induce, entice and coerce an individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense, specifically Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e), as charged in Count One[,] [a]ll in violation of Title 18, United States Code, Section 2422(b).

*Id.* at 2.  Count Two thus charges Defendant with a violation of 18 U.S.C. § 2422(b), the charge alleges that Defendant attempted to persuade[1] a minor to engage in sexual activity that constitutes an underlying offense, namely 18 U.S.C. § 2251(a) as charged in Count One.  *Id.*

Defendant initially argued that the original Indictment insufficiently charged Defendant with a violation of 18 U.S.C. § 2422(b).  *See* ECF No. 252.  In the original Indictment, the Government charged Defendant with attempting to persuade a minor "to engage in sexual activity for which any person can be charged with a criminal offense, in violation of Title 18 United States Code, Section 2422(b)."  Indictment at 2.  Defendant claimed that this charge was insufficient because the original Indictment used "vague 'sexual activity' language" that failed to specify "either the specific statutory provision on which [the Government] intends to rely at trial, or the specific elements of that statute."  ECF No. 252 at 2–4.  Moreover, Defendant objected to constructively amending the original Indictment by allowing a jury instruction to specify that the referenced sexual activity was the "production of child pornography."  *Id.* at 2–3.  As a result, the Government superseded the indictment and rendered Defendant's objection moot by specifying that the "sexual activity for which any person can be charged with a criminal offense" is "Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e), as

---

[1] 18 U.S.C. § 2422(b) may be satisfied if the Defendant "persuades, induces, entices, or coerces" a minor.  For purposes of brevity, the Court will use "persuades" as a shorthand to refer to "persuades, induces, entices, or coerces."

4

Case No. 16-CR-00519-LHK-1
ORDER DENYING MOTION TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT

United States District Court
Northern District of California

charged in Count One."  Superseding Indictment at 2.

Specifically, Section 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce,
> . . . knowingly persuades, induces, entices, or coerces any individual who has not
> attained the age of 18 years, to engage in prostitution or any sexual activity for which
> any person can be charged with a criminal offense, or attempts to do so, shall be fined
> under this title and imprisoned not less than 10 years or for life.

"From the text of the statute, the elements of criminal liability are manifest: a person must

'knowingly' (1) actually or attempt to (2) persuade, induce, entice, or coerce (3) a person under 18

years of age (4) to engage in sexual activity that would constitute a criminal offense." *United

States v. Meek*, 366 F.3d 705, 718 (9th Cir. 2004).  The charged conduct in Count Two of the

Superseding Indictment "'tracks the words of the statute charging the offense.'" *Davis*, 336 F.3d

at 922 (quoting *United States v. Fitzgerald*, 822 F.2d 397, 399 (9th Cir. 1989)).  Count Two of the

Superseding Indictment charges that Defendant:

> did knowingly attempt to persuade, induce, entice and coerce an individual who has
> not attained the age of 18 years to engage in any sexual activity for which any person
> can be charged with a criminal offense, specifically Attempted Production of Child
> Pornography, in violation of 18 U.S.C. § 2251(a) and (e), as charged in Count One."

Superseding Indictment at 2.  The Court finds that Count Two is thus sufficient on its face under

Federal Rule of Criminal Procedure 7(c)(1) because the "words unambiguously set forth all

elements necessary to constitute the offense." *Davis*, 336 F.3d at 922 (quoting *United States v.

Fitzgerald*, 822 F.2d 397, 399 (9th Cir. 1989)).

Because the Superseding Indictment is at least sufficient on its face, Defendant's motion to

dismiss does not challenge the sufficiency of the indictment *per se*.  Instead, Defendant presents a

number of legal arguments to suggest that Count Two is infirm because it specifies attempted

production of child pornography as the "sexual activity for which any person can be charged with

a criminal offense."  *See* 18 U.S.C. § 2422(b).  In essence, Defendant's motion raises three

overlapping arguments for dismissal.  First, Defendant argues that Section 2422(b) does not permit

attempt crimes to serve as the underlying "criminal offense" as charged in Count Two.  Second,

Defendant argues that a separate statute, Section 2427, should be read to limit 2422(b)'s

5

Case No. 16-CR-00519-LHK-1
ORDER DENYING MOTION TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT

application.  Third, Defendant argues that Count Two should be dismissed because it impermissibly charges a double inchoate offense.  The Court addresses each argument in turn.

### A. Section 2422(b)'s "Criminal Offense" Element May Include Attempt Crimes

Defendant argues that Section 2422(b)'s language "sexual activity for which any person can be charged with a criminal offense" cannot include sexual activity that merely constitutes an attempt crime.  Mot. at 7–8.  However, Defendant's argument misconstrues the "to engage in sexual activity that would constitute a criminal offense" element, which the Court will refer to as the "criminal offense" element.

Defendant asserts that the "plain text" of the statute does not permit the "criminal offense" element to include attempt crimes.  Mot. at 7.  However, Defendant does not raise a single argument based on the "plain text" of Section 2422(b).  *See* Mot. at 7–9; Reply at 2–4.  Nor can the Court identify any language in Section 2422(b) that would limit the "criminal offense" element to include only completed crimes and to exclude attempt crimes.  Indeed, Congress chose to employ broad language in the statute: "sexual activity *that would constitute a criminal offense*." 18 U.S.C. § 2422(b) (emphasis added); *see, e.g.*, *United States v. Shill*, No. 3:10-CR-493-BR, 2012 WL 529964 (D. Oreg. Feb. 17, 2012) (explaining that "Congress used broad and sweeping language" in Section 2422(b)), *aff'd*, 740 F.3d 1347 (9th Cir. 2014).

Given Section 2422(b)'s broad language, existing precedent essentially forecloses Defendant's argument.  The Ninth Circuit has interpreted the "criminal offense" element in Section 2422(b) broadly as applying "to situations in which an individual could actually be prosecuted." *United States v. Tello*, 600 F.3d 1161, 1165 (9th Cir. 2010) (quoting *United States v. Dhingra*, 371 F.3d 557, 565 (9th Cir. 2004)).  Defendant does not dispute that attempted production of child pornography qualifies as a "situation[] in which an individual could actually be prosecuted." *See id.*  To wit, the Government is in fact prosecuting Defendant for attempted production of child pornography in Count One, *see* Superseding Indictment at 1–2, and the Court has already denied Defendant's separate motion to dismiss Count One on other grounds, ECF No. 312.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Ninth Circuit's decision in *United States v. Shill* provides a close analogy.  740 F.3d 1347.  There, the defendant argued that the district court should dismiss a charge under § 2422(b) because the "criminal offense" element could not be satisfied with conduct merely amounting to a misdemeanor.  2012 WL 529964, at *1.  The district court rejected the defendant's argument and held that Congress's use of broad language in § 2422(b) meant that "Congress was aware the statute would likely encompass sexual activity that constitutes a misdemeanor, an attempted misdemeanor, or an *attempt to commit more serious crimes*."  *Id.* at *5 (emphasis added).

On appeal, the Ninth Circuit affirmed.  740 F.3d at 1357.  First, the Ninth Circuit observed that the phrase "criminal offense" that Congress used in § 2422(b) has a broad, general meaning, which "emcompass[es] both misdemeanors and felonies."  *Id.* at 1351 (citing *Black's Law Dictionary* (9th ed. 2009)).  The Ninth Circuit reasoned that the United States Supreme Court had also previously "applied the word 'offense' broadly to any conduct prohibited by law.'"  *Id.* (citing *Lawrence v. Texas*, 539 U.S. 558, 575 (2003)).  The Ninth Circuit explained that Congress has repeatedly strengthened its laws against sexual predators and used expansive language like the word "any" to further the statute's reach.  *Id.* at 1352 (observing that § 2422(b) "imposes criminal liability on a person who knowingly uses '*any* facility' of interstate commerce to entice or 'attempt' to entice '*any* individual who has not attained the age of 18 years' to engage in '*any* sexual activity for which *any* person can be charged with a criminal offense'").  As a result, because there was no "basis in the text to limit the reach of § 2422(b) to predicate felony offenses," the Ninth Circuit "refuse[d] to read such a narrow limitation into the statute."  *Id.*

*Shill* applies equally here.  Congress's use of broad language in § 2422(b) coincides with Congress's intent to penalize the persuasion of minors to engage in prohibited sexual activity, separate and apart from the sexual activity itself.  *See Shill*, 2012 WL 529964, at *5 (citing *United States v. Goetzke*, 494 F.3d 1231, 1235–36 (9th Cir. 2007)).  Similarly, as the Ninth Circuit observed, Congress could have expressly limited the "criminal offense" element, as it has in other contexts.  740 F.3d at 1352.  For example, Congress limited application of 18 U.S.C. § 922(g), which prohibits certain people from carrying firearms, to "those convicted of a felony or a

7

1  misdemeanor crime of domestic violence." *Id.* (citing 18 U.S.C. § 922(g)(1), (9)).  Congress

2  opted not to use any such limiting language to narrow the types of crimes that would satisfy the

3  "criminal offense" element in in § 2422(b).

4       In sum, the Government is correct that "[t]here is no proscription against attempt crimes

5  forming the basis for a § 2422(b) offense, and the defense has not cited to a single case that forbids

6  the use of a defendant's attempts to commit a crime as the underlying illegal sexual activity in a §

7  2422(b) prosecution." Opp'n at 5.  Accordingly, the Court has "little doubt that Congress

8  intended the phrase 'a criminal offense' to include" attempt crimes, such as attempted production

9  of child pornography.  *See Shill*, 2012 WL 529964, at *6.

**B. Section 2427's Silence As To Attempted Production of Child Pornography Does Not Limit The "Criminal Offense" Element in Section 2422(b)**

11       In its opposition, the Government directed the Court to a separate statutory provision, 18

12  U.S.C. § 2427, which provides that "the term 'sexual activity for which any person can be charged

13  with a criminal offense' includes the production of child pornography." *See* Opp'n at 4.  On reply,

14  Defendant argues that Section 2427's inclusion of production of child pornography, but silence as

15  to attempted production of child pornography, should be read to exclude attempted production of

16  child pornography from the scope of the "criminal offense" element. *See* Reply at 3–6.

17  Defendant's argument relies on canons of statutory construction as well as the rule of lenity.  The

18  Court addresses each in turn.

19       First, Defendant argues that canons of statutory construction imply that Section 2427

20  should be read to limit the set of crimes that may satisfy Section 2422(b)'s "criminal offense"

21  element.  Reply at 5.  Specifically, Defendant points to the "general/specific canon" of statutory

22  construction, which Defendant asserts applies "to statutes in which a general permission or

23  prohibition is contradicted by a specific prohibition or permission.  To eliminate the contradiction,

24  the specific prohibition is construed as an exception to the general one." *Id.* (citing *RadLAX*

25  *Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012)).  Defendant argues that

26  Section 2427 provides the specific example "production of child pornography," and thus, Section

United States District Court<br>Northern District of California

8

Case No. 16-CR-00519-LHK-1<br>ORDER DENYING MOTION TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT

1    2422(b) is limited to production of child pornography and does not include attempted production

2    of child pornography. *See id.*

3            The Court disagrees that the general/specific canon applies in this case. As the United

4    States Supreme Court has explained, use of the general/specific canon usually applies to either

5    harmonize contradictory statutory provisions or to avoid rendering a statutory provision

6    superfluous. *RedLax Gateway Hotel*, 566 U.S. at 645. Yet Defendant fails to show how Section

7    2427 is contradictory or superfluous when read in light of § 2422(b). As the Seventh Circuit has

8    explained, Section 2427 serves at least one independent purpose: "since the creation of

9    pornography doesn't involve contact between the pornographer and another person," Section 2427

10   clarifies that the sexual activity involved in child pornography is within the scope of the "criminal

11   offense" element for purposes of Section 2422(b), regardless of whether sexual contact occurred.

12   *United States v. Taylor*, 640 F.3d 255, 259 (7th Cir. 2011). In other words, Section 2427 merely

13   explains that production of child pornography, which may not necessarily involve sexual contact

14   between a defendant and a victim, may nonetheless satisfy the "criminal offense" element. *See id.*

15   Thus, in the instant case, Defendant may properly be convicted under Section 2422(b) for sexual

16   activity that constituted attempted production of child pornography, notwithstanding the fact the

17   Defendant never intended to have any direct sexual contact with the victim. Because Section 2427

18   is neither contradictory nor superfluous when read in light of Section 2422(b), the general/specific

19   canon does not apply.

20           Moreover, even if the general/specific canon applied, the Court would not agree that the

21   canon would apply in the way that Defendant proposes. Defendant's application of the

22   general/specific canon relies on an enumerated offense (production of child pornography) to argue

23   that other underlying offenses (such as attempted production of child pornography) may not

24   satisfy the "criminal offense" element. *Id.* Problematically for Defendant's theory, Section 2427

25   provides the *only* specific enumeration of a qualifying crime for the "criminal offense" element. If

26   the Court were to accept Defendant's theory that unenumerated offenses (i.e., any offense other

27   than completed production of child pornography) could not satisfy the "criminal offense" element,

28

United States District Court
Northern District of California

9

1    countless other criminal offenses involving sexual activity with minors would also fail to satisfy

2    the "criminal offense element" for lack of a separate enumerating statute.  *See, e.g.*, *Tello*, 600

3    F.3d at 1165 (affirming a defendant's conviction under § 2422(b) for inducing sexual activity that

4    could constitute other unenumerated crimes, such as "Lewd Act Upon a Child Under the Age of

5    14 Years, a violation of California Penal Code Section 288; Oral Copulation, a violation of

6    California Penal Code Section 288a; and Unlawful Sexual Intercourse with a Person Under the

7    Age of 18 Years, a violation of California Penal Code Section 261.5.").  The Court declines

8    Defendant's invitation to construe the statute in a way that would invalidate countless Section

9    2422(b) convictions, including those already upheld by the Ninth Circuit, as in *Tello*.  *See, e.g.*, *id.*

10        Relatedly, the Court must also reject Defendant's argument based on the rule of lenity.

11   "[T]he rule of lenity applies only where 'after seizing every thing from which aid can be derived,

12   the Court is left with an ambiguous statute.'"  *United States v. Nader*, 542 F.3d 713, 721 (9th Cir.

13   2008) (quoting *Smith v. United States*, 508 U.S. 223, 239 (1993)).  Put another way, the statute

14   must be "grievously ambiguous."  *United States v. Devorkin*, 159 F.3d 465, 469 (9th Cir. 1998).

15   Defendant argues that, because Section 2422(b) does not "plainly and unmistakably" cover the

16   charged conduct, the "ambiguity concerning the ambit of criminal statutes should be resolved in

17   favor of lenity.'"  Mot. at 2 (quoting *Dowling v. United States*, 473 U.S. 207, 228 (1985)).

18        Multiple courts have rejected rule of lenity challenges to § 2422(b).  For example, in *Shill*,

19   where the defendant claimed that the "criminal offense" element did not cover misdemeanors, the

20   district court "concluded § 2422(b) is not 'grievously ambiguous,' [and so] the Rule of Lenity

21   does not apply."  2012 WL 529964, at *9.  The *Shill* court cited an unpublished Ninth Circuit

22   opinion and a published First Circuit opinion, both of which had similarly declined to apply the

23   rule of lenity to § 2422(b).  *Id.* (citing *United States v. Caldwell*, 391 Fed. App'x 671, 672 (9th

24   Cir. 2010), and *United States v. Dwinnells*, 508 F.3d 63, 69–70 (1st Cir. 2007)).  Subsequently, the

25   Ninth Circuit affirmed *Shill*'s rejection of the rule of lenity argument.  740 F.3d at 1355 ("Because

26   the rule of lenity applies only where the meaning of a statute is genuinely uncertain, and because

27   we conclude that § 2422(b) is not ambiguous, the rule is not applicable here.").

28

Case No. 16-CR-00519-LHK-1
ORDER DENYING MOTION TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT

So too here.  The rule of lenity does not apply to Count Two because § 2422(b) is not "grievously ambiguous."  *See Devorkin*, 159 F.3d at 469.  As the Court explained above, § 2422(b) clearly covers sexual activity constituting attempted production of child pornography in light of the broad language used: "sexual activity for which any person can be charged with a criminal offense."  The Court also found that Section 2427 does not render 2422(b) ambiguous.  Accordingly, absent any ambiguity, the rule of lenity does not apply.

### C.  Count Two Does Not Charge a "Double Inchoate" Offense

Defendant contends that Count Two of the Superseding Indictment is an impermissible "double inchoate" offense because Count Two charges an attempt where the underlying "criminal offense" element is also an attempt crime.  *See* Mot. at 7.  Thus, Defendant refers to Count Two as an "attempt to attempt."  *Id*.  Generally speaking, an "inchoate offense" is a "step toward the commission of another crime, the step in itself being serious enough to merit punishment." INCHOATE OFFENSE, *Black's Law Dictionary* (11th ed. 2019).  "The three inchoate offenses are attempt, conspiracy, and solicitation."  *Id.*  Thus, a "double inchoate" offense involves the layering of two inchoate offenses, such as an "attempt to attempt" or "conspiracy to attempt."  *See* Mot. at 3 (citing Ira P. Robbins, *Double Inchoate Crimes*, 26 Harv. J. Legis. 1, 9 (1989)).

Defendant also variously refers to Count Two as a "triple inchoate" offense because the "persuades" element itself resembles an inchoate offense, and Count Two charges (1) an attempt, (2) to persuade, (3) to attempt to produce child pornography.  *See id.* at 8.  However, Defendant does not argue that charging an "attempt to persuade" is impermissible.  Indeed, such an "attempt to persuade" is expressly prohibited in § 2422(b) and is regularly charged and upheld on appeal. *See, e.g.*, *Goetzke*, 494 F.3d 1231 (affirming § 2422(b) conviction for an attempt to persuade).

Defendant argues that Count Two should be dismissed as an impermissible double inchoate offense for two reasons.  First, Defendant argues that the statute does not authorize prosecution for such an "attempt to attempt."  Second, Defendant contends that such a charge would present practical problems with respect to what the Government must prove at trial to convict Defendant.  The Court addresses each argument in turn.

11

United States District Court
Northern District of California

1   First, Defendant is incorrect that § 2422(b) does not authorize prosecution of an "attempt

2   to attempt." *See* Mot. at 7.  As Defendant acknowledges, "Whether a defendant may be guilty of

3   an attempt to attempt to commit a federal offense is often a matter of statutory construction."  Mot.

4   at 4 (citing Cong. Research Service, *Attempt: An Overview of Federal Criminal Law* (2015)).

5   Here, the statute criminalizes attempts to persuade a minor to engage in sexual activity for which

6   someone could be charged with an offense. *See* 18 U.S.C. § 2422(b).  Furthermore, as the Court

7   has explained above, the statute is broadly worded, and there is no limitation on the "criminal

8   offense" element that would prohibit an attempt crime from serving as the underlying "criminal

9   offense."  Furthermore, the Court also explained above that § 2427 does not limit the "criminal

10  offense" element in § 2422(b).  Accordingly, the Court finds that Count Two's "attempt to

11  attempt" charge, as Defendant puts it, is in fact authorized by the statute.

12  Second, the Court disagrees with Defendant that Count Two would present issues with

13  respect to what the Government must prove at trial.  Defendant argues that the Government

14  "would not be required to prove two of the elements required for the § 2422(b) offense": namely,

15  the Defendant's specific intent and the Defendant's substantial step toward completing the

16  offense.  However, Defendant's argument mischaracterizes the Government's burden.

17  As the Government explains, the Ninth Circuit Model Jury Instruction for § 2422(b) would

18  require a jury to find the following elements with respect to Count Two:

19  First, the defendant attempted to use a means or facility of interstate commerce to
20  knowingly persuade, induce, entice, and coerce an individual to engage in any sexual
    activity for which someone could be charged with an offense, (here, the attempts . . .
    to produce child pornography charged in Count One);

21  Second, the defendant believed that the individual he attempted to persuade to
22  induce, entice and coerce was under the age of 18; and

23  Third, the defendant did something that was a substantial step toward committing the
    crime and that strongly corroborated the defendant's intent to commit the crime.

24  Opp'n at 4 (citing Ninth Circuit Model Jury Instruction 8.192A).  As interpreted by the Ninth

25  Circuit and as reflected in the above model jury instruction, the "knowingly" mens rea

26  requirement of the statute extends to each of the following elements: that a defendant "(1) actually

27  [does] or attempt[s] to (2) persuade, induce, entice, or coerce (3) a person under 18 years of age

28  

12

1    (4) to engage in sexual activity that would constitute a criminal offense." *Meek*, 366 F.3d at 718.

2              As for specific intent, Defendant muddies the distinction between the specific intent

3    required for attempted persuasion under Section 2422(b) and the intent that would be required to

4    convict for the underlying "criminal offense," which in the instant case is the attempted production

5    of child pornography.  Under Section 2422(b), "[t]he offense of conviction is complete when the

6    enticement occurs."  *United States v. Dhingra*, No. CR 01-40144 SBA, 2019 WL 2744852, at *7

7    (N.D. Cal. July 1, 2019) (citing *Meek*, 366 F.3d at 718–19).  The Ninth Circuit has explained that

8    "like numerous other circuits, we have recognized a distinction between the intent to persuade or

9    attempt to persuade a minor to engage in a sex act and the intent to actually commit the criminal

10   sex act itself."  *United States v. Hofus*, 598 F.3d 1171, 1178 (9th Cir. 2010).  The Ninth Circuit in

11   *Hofus* cited numerous other circuits that had reached the same conclusion, such as the Second

12   Circuit, which held that a "conviction under § 2422(b) requires a finding only of an attempt to

13   entice or an intent to entice, and not an intent to perform the sexual act following the persuasion."

14   *See id.* at 1178 (citing *United States v. Brand*, 467 F.3d 179, 202 (2d Cir. 2006)).  In the instant

15   case, the "criminal sex act itself" as stated in *Hofus* or the "sexual act following the persuasion" as

16   stated in *Brand* is the attempted production of child pornography.  Thus, regardless of whether the

17   underlying crime charged as the "criminal offense" element is an attempt crime or a completed

18   crime, the Government may convict Defendant by proving that Defendant specifically intended to

19   persuade a minor "to engage in sexual activity that would constitute a criminal offense," which in

20   the instant case is attempted production of child pornography.  *See Meek*, 366 F.3d at 718.

21             Similarly, Defendant is incorrect that the Government could "obtain a conviction by

22   showing that the defendant took a substantial step toward taking a substantial step."  Mot. at 7.

23   The Ninth Circuit has made clear that, in cases charging an attempt to persuade, the Government

24   may convict Defendant by proving that Defendant "took some action that was a substantial step

25   toward bringing about the persuasion, inducement, or enticement to engage in sexual activity."

26   *Hofus*, 598 F.3d at 1174 (affirming the district court's jury instruction).  As stated above, "[t]he

27   offense of conviction is complete when the enticement occurs."  *Dhingra*, 2019 WL 2744852, at

28

United States District Court
Northern District of California

13

*7 (citing *Meek*, 366 F.3d at 718–19).  Thus, a jury could not convict Defendant on Count Two for merely taking a "substantial step toward taking a substantial step," as Defendant argues.  *See* Mot. at 7.

Finally, in response to the Government's opposition, Defendant raises a dispute regarding whether the Government must successfully prove the underlying offense (attempted production of child pornography as charged in Count One) in order to convict him of § 2422(b) in Count Two. *See* Reply at 8–14.  Defendant's argument raises questions about jury instructions and the sufficiency of the Government's evidence that are outside the scope of the instant motion to dismiss the Superseding Indictment, which merely considers "whether a cognizable offense has been charged."  *Boren*, 278 F.3d at 914.  Having concluded that a cognizable violation of § 2422(b) has indeed been charged, the Court need not prematurely resolve this dispute. Nonetheless, the Court notes that courts within this Circuit have not required the Government to prove the underlying offense in order to secure a conviction under § 2422(b) and have been affirmed by the Ninth Circuit.  *See, e.g.*, Jury Instructions, *United States v. Wescott*, Case No. 2:14-cr-00085-APG-CWH, ECF No. 355 at 12 (D. Nev. Nov. 8, 2016), aff'd, 770 Fed. App'x 383 (9th Cir. 2019); Jury Instructions, *United States v. Ross*, Case No. CR 06-00637 SBA, ECF No. 117 at 19 (N.D. Cal. July 28, 2008), aff'd, 379 Fed. App'x 683 (9th Cir. 2010).

In sum, the Court disagrees that Count Two charges an impermissible "double inchoate" crime.

## IV.     CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss Count Two of the Superseding Indictment.

**IT IS SO ORDERED.**

Dated: June 2, 2020

_____
LUCY H. KOH
United States District Judge

Case No. 16-CR-00519-LHK-1
ORDER DENYING MOTION TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT