UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY RAY WOLFENBARGER,<br><br>Defendant. | Case No. 16-CR-00519-LHK-1<br><br>**ORDER DENYING GOVERNMENT'S MOTION IN LIMINE RE: ADMISSION OF WESTERN UNION SPREADSHEET**<br><br>Re: Dkt. No. 293 |

Before the Court is the government's motion in limine to admit a "spreadsheet containing records of Western Union [m]oney transfers," which the government filed on April 1, 2020. ECF No. 293 ("Mot") at 1. Because the spreadsheet contains personally identifiable information, the spreadsheet was submitted electronically for the Court's review under seal. *See* ECF No. 300. Defendant filed an opposition on April 8, 2020. ECF No. 302 ("Opp'n"). Having considered the filings of the parties, the relevant law, and the record in this case, the Court DENIES the government's motion in limine.

Because the government seeks to introduce these records for the truth of the matter asserted, the rule against hearsay bars their admission unless an exception or exclusion applies.

1

Case No. 16-CR-00519-LHK-1
ORDER DENYING GOVERNMENT'S MOTION IN LIMINE RE: ADMISSION OF WESTERN UNION SPREADSHEET

Fed. R. Evid. 802; *see United States v. Arteaga*, 117 F.3d 388, 395 (9th Cir. 1997) (explaining that Western Union records included both explicit and implicit assertions subject to the rule against hearsay, such as the amount that was sent and the identity of the recipient). Thus, the government seeks to admit the spreadsheet pursuant to Federal Rules of Evidence 803(6) and 902(11).

Rule 803(6), the "business records" provision, provides a hearsay exception for "records of a regularly conducted activity." The provisions of Rule 803(6) incorporated by Rule 902(11) require that:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6)(A)–(E). As Rule 803(6)(D) specifies, the party seeking admission of a business record must either have a custodian or other qualified witness testify as to the Rule 803(6)(A)–(C) conditions, or have the record be "self-authenticating" pursuant to Rule 902(11) or (12).

In turn, Rule 902(11) allows the admission of "self-authenticating" business records without further "extrinsic evidence of authenticity." To qualify, the original or copy of the domestic record must have "a certification of the custodian or another qualified person" that shows that the record "meets the requirements of Rule 803(6)(A)–(C)." Fed. R. Evid. 902(11). The required "certification" may take the form of a declaration that satisfies 28 U.S.C. § 1746, or any comparable certification under oath. Fed. R. Evid. 902 advisory committee's note to the 2000 Amendments; *see also SEC v. Franklin*, 348 F. Supp. 2d 1159, 1164 (S.D. Cal. 2004) (explaining that a Rule 902(11) certification may be a 28 U.S.C. § 1746 declaration).

Here, the Western Union Certificate of Authenticity of Business Records ("Certificate") merely states that each of the attached records is "the original or a duplicate of the original records in the custody of Western Union." ECF No. 293-1. The Certificate conclusorily states that "these records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters; these records were kept in the course of regularly conducted business activity; and it was the regular practice of this business to make such records." *Id*.

The Certificate fails to distinguish between the spreadsheet and the underlying data or records from which the spreadsheet was created. The Certificate fails to identify the source of the information within the spreadsheet and the source of any underlying data or records as required by Rule 803(6)(E). The Certificate fails to identify the method or circumstances of the preparation of the spreadsheet or its underlying data or records as required by Rule 803(6)(E). Because the government has failed to establish that the spreadsheet satisfies the requirements of Rule 803(6)(E), the Court DENIES the government's motion.

**IT IS SO ORDERED.**

Dated: June 4, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge