GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California
SEVERA KEITH
GRAHAM ARCHER
Assistant Federal Public Defender
8th Floor – Suite 820
55 South Market Street
San Jose, CA 95113
Telephone: (408) 291-7753
Facsimile: (408) 291-7399
Email: Severa_Keith@fd.org

Counsel for Defendant Wolfenbarger

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN WOLFENBARGER<br><br>    Defendant. | CASE NO. CR 16-519- LHK<br><br>**DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS**<br><br>Status Hearing: July 30, 2021<br>Trial:          August 6, 2021<br><br>**Honorable Lucy H. Koh** |

## INTRODUCTION

Mr. Wolfenbarger requests that the indictment not be sent to the jury room. *See* Ninth Circuit Jury Procedure Manual, § 4.6 ("the Committee believes that great caution should be exercised in providing the jury with the indictment since it is frequently cast in highly prejudicial language.") ("The trail judge has wide discretion as to whether the jury should be provided with a copy of the indictment for use during jury deliberations.")

//

Mr. Wolfenbarger also reserves the right to submit any additional proposed instructions, including his theory of the defense instructions, at the close of evidence.

Dated: July 14, 2021            Respectfully submitted,

GEOFFREY HANSEN
Acting Federal Public Defender


_____/S
SEVERA KEITH
GRAHAM ARCHER
Assistant Federal Public Defender


Mr. Wolfenbarger requests the following Ninth Circuit Model Instructions (2010 edition, last updated 12/2020) be given as Preliminary Jury Instructions, in addition to the Joint Proposed Jury Instructions:

    1.2    The Charges—Presumption of Innocence (as modified by Proposed Instructions 1 and 2)

    3.2    Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof (to be read after reading of indictment at beginning of trial if indictment is read, and at the close of trial).

**DEFENSE PROPOSED PRELIMINARY INSTRUCTIONS**

**DEFENSE PROPOSED INSTRUCTION NO. 1**

**Initial Instruction**

This is a criminal case brought by the United States government. The government charges Mr. Wolfenbarger by indictment with three counts: attempted production of child pornography in violation of 18 USC §§ 2251(c) and (e); attempted coercion and enticement of minors in violation of 18 USC § 2422(b); and receipt of child pornography in violation of 18 USC section 2252(a)(2). The indictment is simply a description of the charge made by the government against Mr. Wolfenbarger; it is not evidence of anything.

Mr. Wolfenbarger has pleaded not guilty to the charge and is presumed innocent unless and until proved guilty beyond a reasonable doubt. Mr. Wolfenbarger has the right to remain silent and never has to prove innocence or present any evidence. The government always carries the burden of proof beyond a reasonable doubt.

In order to prove that Mr. Wolfenbarger is guilty of these offenses, the government must prove each element of count one, count two, and count three beyond a reasonable doubt.

Authority: NINTH CIRCUIT MODEL JURY INSTRUCTION, 1.2 (modified)

**DEFENSE PROPOSED INSTRUCTION NO. 2**

      **<u>Presumption of Innocence/Reasonable Doubt</u>**

You are instructed that you must presume the Defendant to be innocent of the crimes charged. Thus the Defendant, although accused of a crime in the indictment, begins the trial with a "clean slate," with no evidence against him. The indictment, as you already know, is not evidence of any kind. The Defendant is not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the Defendant. The presumption of innocence alone, therefore, is sufficient for you to find the Defendant not guilty.

The burden is always on the government to prove guilt beyond a reasonable doubt. The burden never shifts to a Defendant for the law never imposes upon the Defendant in a criminal case the burden or duty of calling any witnesses, producing any evidence, or taking the stand to testify. The Defendant is not even obligated to produce any evidence by cross-examining the witness for the government.

It is required that the government prove guilt beyond a reasonable doubt. A reasonable doubt is doubt based upon reason and common sense-the kind of doubt that would make a reasonable person hesitate to act. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced the Defendant is guilty.

Unless the government proves, beyond a reasonable doubt, that the Defendant has committed each and every element of the offense charged in the indictment, you must find the Defendant not guilty of the offense. If the jury views the evidence in the case as permitting either of two conclusions-one of innocence, and the other guilty-the jury must, of course adopt the conclusion of innocence.

Authority: The Ninth Circuit has expressly approved a reasonable doubt instruction that informs the jury that the jury must be "firmly convinced" of the defendant's guilt. *United States v.*

1 | *Velasquez*, 980 F.2d 1275, 1278 (9th Cir. 1992); *Victor v. Nebraska*, 511 U.S. 1, 5 (1994); *see also*
2 | *Lisenbee v. Henry*, 166 F.3d 997, 999 (9th Cir. 1999), *cert.denied*, 120 S. Ct. 82 (1999);