GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California
SEVERA KEITH
GRAHAM ARCHER
Assistant Federal Public Defender
8th Floor – Suite 820
55 South Market Street
San Jose, CA 95113
Telephone:   (408) 291-7753
Facsimile:   (408) 291-7399
Email:        Severa_Keith@fd.org

Counsel for Defendant Wolfenbarger

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 16-519- LHK |
| Plaintiff, | **DEFENDANT'S PROPOSED FINAL JURY INSTRUCTIONS** |
| v. | |
| JOHN WOLFENBARGER | Status Hearing:    June 30, 2021<br>Trial Date:         August 6, 2021 |
| Defendant. | **Honorable Lucy H. Koh** |

Defendant John Wolfenbarger, by and through his counsel, submits the following proposed Final Jury Instructions.  Pursuant to Federal Rule of Criminal Procedure 30, Mr. Wolfenbarger requests the Court to instruct the jury on the law as set forth below.  Mr. Wolfenbarger reserves the right to submit any limiting instructions, based upon the Court's evidentiary rulings at the pretrial conference or at trial.

\\

\\

Mr. Wolfenbarger also reserves the right to submit any additional proposed instructions, including his theory of the defense instructions, at the close of evidence.

Dated: July 15, 2021                      Respectfully submitted,

GEOFFREY HANSEN
Acting Federal Public Defender


_____/S
SEVERA KEITH
GRAHAM ARCHER
Assistant Federal Public Defender

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 16-519 LHK

## INTRODUCTION

Mr. Wolfenbarger requests that the indictment not be sent to the jury room.  *See* Ninth Circuit Jury Procedure Manual, § 4.6 ("the Committee believes that great caution should be exercised in providing the jury with the indictment since it is frequently cast in highly prejudicial language.")  ("The trail judge has wide discretion as to whether the jury should be provided with a copy of the indictment for use during jury deliberations.")

The defense joins in the Government's requests for the following Model Jury Instructions:

| | |
|---|---|
| 3.1 | Duties of Jury to Find Facts and Follow Law |
| 3.5 | Reasonable Doubt—Defined |
| 3.6 | What Is Evidence |
| 3.7 | What Is Not Evidence |
| 3.8 | Direct and Circumstantial Evidence |
| 3.9 | Credibility of Witnesses |
| 3.10 | Activities Not Charged |
| 3.11 | Separate Consideration of Multiple Counts |
| 3:18 | On or About Defined |
| 4.1 | Statements by Defendant (if applicable) |
| 4.3 | Other Crimes, Wrongs or Acts of Defendant (if applicable) |
| 4.4 | Character of Defendant (if applicable) |
| 4.8 | Impeachment Evidence - Witness |
| 4.14 | Opinion Evidence, Expert Witness  (if applicable) |
| 4.16 | Charts and Summaries Not Received in Evidence |
| 4.17 | Charts and Summaries in Evidence |
| 5.7 | Knowingly |
| 7.2 | Consideration of Evidence |
| 7.3 | Use of Notes |
| 7.4 | Jury Consideration of Punishment |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 16-519 LHK

1    7.5    Verdict Form

2    7.6    Communication with Court.

3           The defense objects to any *non-structural* note sent by the jury being read

4           to counsel during trial, before deliberations.  Specifically, the defense will

5           object to any questions during trial asking for factual clarification or

6           further elaboration on any factual issue.  The defense has no objection to

7           jury notes during the trial, and before deliberations, relating to the

8           structure of the trial and jury – such as a sleeping juror, or attorney

9           contact with a juror.  The defense also has no objection to counsel being

10          made aware of jury notes *during deliberations*.

11   7.13   Post-Discharge Instruction

12

13   Mr. Wolfenbarger additionally requests the following Ninth Circuit Model Instructions

14   (2010 edition, last updated 12/2020) and additional Proposed Instructions at the conclusion of the

15   trial.  Mr. Wolfenbarger will propose his theory of defense instructions at the conclusion of

16   evidence.  He reserves the right to propose additional instructions at that time.

17

18                      **DEFENSE ADDITIONAL PROPOSED INSTRUCTIONS**

19

20   Model
     Instruction
21   No.

22   3.2    Charge Against Defendant Not Evidence--Presumption of Innocence--

23          Burden of Proof  (2010 edition, 12/2020 update)

24   3.3    Defendant's Decision Not to Testify   (modified, Proposed Instruction 3)

25   3.4    Defendant's Decision to Testify (modified, Proposed Instruction 4)

26   3.15   Possession - Defined

27   4.15   Dual Role Testimony (if applicable)

28                                              4

7.1      Duty to Deliberate

8.182A   Sexual Exploitation of Child-Transportation of Visual Depiction Into United States (modified, Proposed Instruction 5)[1]

8.144    Sexual Exploitation of Child—Transportation of Child Pornography (modified, Proposed Instruction 6)

8.192A   Using or Attempting to Use the Mail or a Means of Interstate Commerce to Persuade or Coerce a Minor to Travel to Engage in Prostitution or Sexual Activity (modified, Proposed Instruction 7)[2]

Proposed Instruction 8, Attempted Coercion and Enticement, 18 U.S.C. § 2242(b)

Proposed Instruction 9, Sexual Exploitation Of Child - Receipt of Child Pornography - 18 U.S.C. § 2252(a)(2)

Proposed Instruction 10, Interstate Commerce Defined

Proposed Instruction 11, Producing – Defined

Proposed Instruction 12, Transported – Defined

Proposed Instruction 13, Visual Depiction – Defined

Proposed Instruction 14, Minor – Defined

Proposed Instruction 15, Sexually Explicit Conduct – Defined

---

[1] Title modified in Model Instruction to: "Attempted Production of Child Pornography"

[2] The title of this instruction should be modified to: "Attempted Coercion and Enticement of Minors."

5

DEFENSE PROPOSED INSTRUCTIONS

**MODEL INSTRUCTION 3.2**

**<u>Charge Against Defendant Not Evidence--Presumption of Innocence--Burden of</u>**

**<u>Proof</u>**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charge[s] beyond a reasonable doubt.

Argument: The defense requests that this newest version of this Instruction be given to the Jury. The government proposes an earlier version of this instruction.

Authority: NINTH CIRCUIT MODEL JURY INSTRUCTION, 3.2 (2010 edition, 12/2020 update)

*Given* ___

*Rejected* ___

*Given, As Modified* _____

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 16-519 LHK

**MODEL INSTRUCTION 3.3 (modified)**

**DEFENSE PROPOSED INSTRUCTION NO. 3**

### Defendant's Choice Not to Testify or Present Evidence

The defendant did not testify (or present evidence) in this case.  In a criminal case, a defendant has a constitutional right not to testify or to present any evidence.  The burden of proof remains with the government throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that the defendant did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that he did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

Argument:  These modification are supported by the law cited below.

Authority: *United States v. Castaneda*, 94 F.3d 592, 596 (9th Cir. 1996); *Carter v. Kentucky*, 450 U.S. 288 (1981); *Shults v. Whitley*, 982 F.2d 361 (9th Cir. 1992);

NINTH CIRCUIT MODEL JURY INSTRUCTION, 3.3 (2010) (MODIFIED)

*Given* __ _____

*Rejected* ___

*Given, As Modified* _____

7

**DEFENSE PROPOSED INSTRUCTION NO. 4**

**MODEL INSTRUCTION 3.4 (modified)**

<u>**Defendant's Testimony**</u>

The defendant has testified. You should treat his testimony just as you would the testimony of any other witness. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

Authority: NINTH CIRCUIT MODEL JURY INSTRUCTION, 3.4 (2010) (modified)

*Given* ___

*Rejected* ___

*Given, As Modified* __

8

**MODEL INSTRUCTION 3.15**

<u>**Possession—Defined**</u>

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

Authority: NINTH CIRCUIT MODEL JURY INSTRUCTION, 3.15 (2010 edition, 12/2020 update)

*Given* ___

*Rejected* ___

*Given, As Modified*_____

9

**MODEL INSTRUCTION 4.15**

### Dual Role Testimony

You have heard testimony from [name] who testified to both facts and opinions and the reasons for her or his opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: NINTH CIRCUIT MODEL JURY INSTRUCTION, 4.15 (2010 edition, 12/2020 update)

*Given* ___

*Rejected* ___

*Given, As Modified* _____

10

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 16-519 LHK

**MODEL INSTRUCTION 7.1**

<u>**Duty to Deliberate**</u>

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Argument:  The defense requests that the jury receives this instruction with the same paragraph structure as in the Model Rules.

Authority: NINTH CIRCUIT MODEL JURY INSTRUCTION, 7.1 (2010 edition, 12/2020 update)

*Given* ___

*Rejected* ___

*Given, As Modified* _____

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

CR 16-519 LHK

**DEFENSE PROPOSED INSTRUCTION NO. 5**

**<u>Attempted Production of Child Pornography– 18 U.S.C. §§ 2251(c) and (e)</u>**

The defendant is charged in Count One the indictment with attempted production of child pornography, in violation of Section 2251(c) and (e) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intentionally employed, used, persuaded, induced, enticed, and coerced the [*name of child]* to engage in sexually explicit conduct outside of the United States, its territories, or possessions, for the purpose of producing a visual depiction of such conduct.

Second, at the time, the [*name of child*] was under the age of eighteen years.

Third, the defendant intended that the visual depiction would be mailed or transported into the United States, its territories, or possessions by any means, including by using any means or facility of interstate commerce or mail.

Fourth, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances

A minor means any person under the age of 18 years.

Authority: "Sexually explicit conduct" is defined in 18 U.S.C. § 2256(2). "Producing" is defined in 18 U.S.C. § 2256(3). "Visual depiction" is defined in 18 U.S.C. § 2256(5).
NINTH CIRCUIT MODEL JURY INSTRUCTION, 8.182A (2010) (MODIFIED)

*Given* ____

*Rejected* ____

*Given, As Modified* ____

12

**DEFENSE PROPOSED INSTRUCTION NO. 6**

<u>**Count One - Intent Required**</u>

To obtain a conviction on Count One, the government must prove that the defendant intended to produce and transport a visual depiction of a minor engaged in sexually explicit conduct to the United States.

A person acts with a specific intent if he acts with the intent that his action causes a certain result.

Intent to transmit a live visual depiction does not constitute intent to transport a visual depiction.

Argument and Authority:

Compare 18 U.S.C. § 2251(a) (listing separate offenses of "producing any visual depiction" and "transmitting a live visual depiction") with 18 U.S.C. § 2251(c) (listing only offense of "producing any visual depiction"); see  Pub.L. 110-401, Title III, §§ 301, 302 (amending 18 U.S.C. § 2251(a) and (b) to insert "or for the purpose of transmitting a live visual depiction of such conduct" and to insert "or transmitted," but making no similar amendment to 18 U.S.C. § 2251(c)); *United States v. Palomino-Coronado*, 805 F.3d 127 (4th Cir. 2015) (finding evidence insufficient to support conviction under 18 U.S.C. § 2251(a), where defendant was convicted of knowingly employing, using, persuading, inducing, enticing, or coercing a minor in sexually explicit conduct, for the purpose of producing a visual depiction of that conduct, and "the evidence produced at trial does not support the conclusion that Palomino-Coronado engaged in sexual activity with B.H. for the purpose of producing a picture"); *United States v. Kokayi*, 2019 WL 2997384, *3 (E.D. Va. 2019) (distinguishing *Palomino-Coronado* where defendant was found guilty of transmitting live visual depiction, which is the "second prong" of § 2251(a), and "which was not at issue in Palomino-Coronado").

*Given* ____

*Rejected* ____

*Given, As Modified* ____

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 16-519 LHK

**DEFENSE PROPOSED INSTRUCTION NO. 7**

**<u>Count One - Purpose Required</u>**

To obtain a conviction on Count One, the government must prove that the defendant acted for the purpose of producing a visual depiction of sexually explicit conduct outside the United States.

A person acts with a specific purpose if he acts with the intent that his action causes a certain result.

Acting for the purpose of transmitting a live visual depiction does not constitute acting for the purpose of producing a visual depiction.

*Authority*:   Compare 18 U.S.C. § 2251(a) (listing separate offenses of "producing any visual depiction" and "transmitting a live visual depiction") *with* 18 U.S.C. § 2251(c) (listing only offense of "producing any visual depiction"); *see*  Pub.L. 110-401, Title III, §§ 301, 302 (amending 18 U.S.C. § 2251(a) and (b) to insert "or for the purpose of transmitting a live visual depiction of such conduct" and to insert "or transmitted," but making no similar amendment to 18 U.S.C. § 2251(c)); *United States v. Palomino-Coronado*, 805 F.3d 127 (4th Cir. 2015) (finding evidence insufficient to support conviction under 18 U.S.C. § 2251(a), where defendant was convicted of knowingly employing, using, persuading, inducing, enticing, or coercing a minor in sexually explicit conduct, for the purpose of producing a visual depiction of that conduct, and "the evidence produced at trial does not support the conclusion that Palomino-Coronado engaged in sexual activity with B.H. for the purpose of producing a picture"); *United States v. Kokayi*, 2019 WL 2997384, *3 (E.D. Va. 2019) (distinguishing *Palomino-Coronado* where defendant was found guilty of transmitting live visual depiction, which is the "second prong" of § 2251(a), and "which was not at issue in *Palomino-Coronado*").

*Given* ___

*Rejected* ___

*Given, As Modified* ____

14

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 16-519 LHK

**DEFENSE PROPOSED INSTRUCTION NO. 8**

**<u>Attempted Coercion and Enticement - 18 U.S.C. § 2242(b)</u>**

The defendant is charged in Count Two of the indictment with Coercion and Enticement of a Minor in violation of Section 2422(b) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge the government must prove beyond a reasonable doubt:

First, that between November, 2013 and January 2014, the defendant attempted to use the mail and a means or facility of interstate and foreign commerce, that is [*insert means or facility of interstate or foreign commerce*]], to knowingly persuade, induce, entice, and coerce an individual under the age of 18 to engage in sexual activity for which someone could be charged with an offense, that is [*insert title of sexual offense*]]; and[3]

Second, the individual defendant attempted to persuade, induce, entice, and coerce and individual who was under the age of 18; and

Third, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Authority: Exhibits A-G, Model Jury Instructions; <u>United States v. X-Citement Video</u>, 513 U.S. 64, 76 (1994); *United States v. U.S. Dist. Court for Cent. Dist. of Cal.*, L.A. 858 F.2d 534, 538 (9th Cir. 1988) "Sexually explicit conduct" is defined in 18 U.S.C. § 2256(2). "Producing" is defined in 18 U.S.C. § 2256(3). "Visual depiction" is defined in 18 U.S.C. § 2256(5).

*Given* ___

*Rejected* ___

*Given, As Modified* ____

_____

[3] The government must identify the means of interstate or foreign commerce and a specific statute for which someone could be charged.

15

**DEFENSE PROPOSED INSTRUCTION NO. 9**

**<u>Sexual Exploitation Of Child - Receipt of Child Pornography - 18 U.S.C. § 2252(a)(2)</u>**

The defendant is charged in Count Three of the indictment with receiving child pornography in violation of Section 2252(a)(2) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly received a visual depiction that had been transported in interstate and foreign commerce;

Second, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third, that such visual depiction was of a minor engaged in sexually explicit conduct;

Fourth, that the defendant knew that such visual depiction was of sexually explicit conduct; and

Fifth, the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

Authority: Comment to Model Instruction 8.184, "Although the term 'knowingly' in the text of 18 U.S.C. § 2252(a)(1) and (2) appears only to modify the act of transportation or shipment, the United States Supreme Court has held that the knowledge requirement also applies to the sexually explicit nature of the material as well as the minority status of the persons depicted. *See United States v. X–Citement Video, Inc.,* 513 U.S. 64, 78 (1994)."

*Given* ____

*Rejected* ____

*Given, As Modified* ____

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 16-519 LHK

**DEFENSE PROPOSED INSTRUCTION NO. 10**

### **Interstate Commerce Defined**

The term "interstate commerce" means commerce between any State or Territory and any place outside of that State or Territory.

21 U.S.C. § 321(b).

*Given* ___

*Rejected* ___

*Given, As Modified* ____

17

**DEFENSE PROPOSED INSTRUCTION NO. 11**

### <u>Producing – Defined</u>

As used in Count One, "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

Transmitting a live visual depiction does not constitute "producing."

*Authority*:  18 U.S.C. § 2256(3); *compare* 18 U.S.C. § 2251(a) (listing separate offenses of "producing any visual depiction" and "transmitting a live visual depiction") *with* 18 U.S.C. § 2251(c) (listing only offense of "producing any visual depiction"); *see*  Pub.L. 110-401, Title III, §§ 301, 302 (amending 18 U.S.C. § 2251(a) and (b) to insert "or for the purpose of transmitting a live visual depiction of such conduct" and to insert "or transmitted," but making no similar amendment to 18 U.S.C. § 2251(c)).

*Given* ___

*Rejected* ___

*Given, As Modified* ____

18

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 16-519 LHK

1   **DEFENSE PROPOSED INSTRUCTION NO. 12**

2   <u>**Transported – Defined**</u>

3   As used in Count One, "transported" means transportation by any means, including by

4   using any means or facility of interstate or foreign commerce or mail.

5   The word "transported" does not mean transmission of a live visual depiction.

20   *Authority*:  18 U.S.C. § 2256(3); *compare* 18 U.S.C. § 2251(a) (listing separate offenses for depictions that were "transported" or "transmitted") *with* 18 U.S.C. § 2251(c) (listing only "transports"); *see*  Pub.L. 110-401, Title III, §§ 301, 302 (amending 18 U.S.C. § 2251(a) and (b) to insert "or for the purpose of transmitting a live visual depiction of such conduct" and to insert "or transmitted," but making no similar amendment to 18 U.S.C. § 2251(c)).

*Given* ____

*Rejected* ____

*Given, As Modified* ____

19

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 16-519 LHK

**DEFENSE PROPOSED INSTRUCTION NO. 13**

<u>**Visual Depiction – Defined**</u>

"Visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

*Authority*:  18 U.S.C. § 2251(a); 18 U.S.C. § 2251(c); 18 U.S.C. § 2256(5) (modified to delete "and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format," because § 2251(c) does not encompass transmission of live visual depictions).

*Given* ____

*Rejected* ____

*Given, As Modified* ____

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 16-519 LHK

**DEFENSE PROPOSED INSTRUCTION NO. 14**

### **Minor – Defined**

"Minor" means any person under the age of eighteen years.

*Authority*:  18 U.S.C. § 2256(1).

*Given* ____

*Rejected* ____

*Given, As Modified* ____

21

**DEFENSE PROPOSED INSTRUCTION NO. 15**

<u>**Sexually Explicit Conduct – Defined**</u>

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; masturbation; or lascivious exhibition of the anus, genitals, or pubic area of any person.

*Authority*:  18 U.S.C. § 2256(2)

*Given* ____

*Rejected* ____

*Given, As Modified* ____

22

DEFENDANT'S PROPOSED JURY INSTRUCTIONS
CR 16-519 LHK