GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California
SEVERA KEITH
GRAHAM ARCHER
Assistant Federal Public Defenders
8th Floor - Suite 820
55 South Market Street
San Jose, CA 95113
Telephone:  (408) 291-7753
Facsimile:  (408) 291-7399
Email:  Severa_Keith@fd.org

Counsel for Defendant Wolfenbarger

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN WOLFENBARGER, <br><br> Defendant. | Case No.: CR 16-519 LHK <br><br> **DEFENDANT'S MOTION IN LIMINE NO. 12 TO EXCLUDE IRRELEVANT, TANGENTIAL, OR OVERLY PREJUDICIAL TESTIMONY REGARDING YAHOO / FBI INVESTIGATION** <br><br> **Court:**  Hon. Lucy H. Koh <br> **Hearing Date:**  TBA |

The government's witness list includes five potential witnesses who may offer testimony regarding aspects of the Philippines webcam investigation. Dkt. 343. These witnesses are being offered as fact witnesses at the trial of a single defendant, Mr. Wolfenbarger. Under Federal Rules of Evidence 401, 402, 403 and 404, Mr. Wolfenbarger respectfully submits that these five witnesses should be limited to offering testimony regarding specific facts that pertain to the investigation of Mr. Wolfenbarger himself, and should not be permitted to testify more broadly regarding the larger investigation, by offering, for example: (1) evidence that would be irrelevant to Mr. Wolfenbarger; (2) testimony that would introduce tangential information, result in an undue consumption of time, or may confuse the jury; or (3) evidence or testimony that is unduly prejudicial in relation to its probative value as to Mr. Wolfenbarger.[1] In the event that the Court reserves ruling on any specific limitations at this time, Mr. Wolfenbarger anticipates raising objections to specific questions at trial.

According to the government's witness summaries, two of the witnesses, FBI Agent Ann Trombetta and former Yahoo employee Jeff Zingler, will testify regarding their specific role in the investigation. The defense reserves the opportunity to raise objections to broader testimony at trial.

The defense respectfully submits that the summaries for three other fact witnesses, FBI Agent Chris Marceau, FBI Agent Jeff Yesenksy, and Yahoo employee Sean Zadig, raise concerns regarding the potential scope of their testimony. By way of background, the Court will recall that it heard lengthy, wide-ranging testimony from these witnesses at the evidentiary hearing regarding the broader Philippines webcam investigation, which far exceeded the scope of the specific investigation regarding Mr. Wolfenbarger. Mr. Wolfebarger now moves to preclude any similar wide-ranging testimony at trial. Additionally, in light of the breadth and vagueness of the government's summaries for these three witnesses, it may be appropriate for the Court to order the government to prepare more carefully tailored summaries to allow advance discussion and potential resolution of these issues.

First, with respect to Agent Marceau, the summary of his testimony includes not only his conduct of the interviews with Mr. Wolfenbarger, but also his analysis of unspecified evidence

---

[1] The Court previously granted the defense's motion in limine to exclude testimony regarding two targets of the Philippines webcam investigation, unless the defense opened the door to such matters. Dkt. 235, Dkt. 259 at 7.

DEF. MTN. IN LIM. RE: INVESTIGATION
*WOLFENBARGER*, CR 16-519– LHK

1

obtained pursuant to legal process, as well as his "follow-up investigations." The defense respectfully submits that any testimony by Agent Marceau regarding analysis of evidence or "follow-up investigations" should be specific to Mr. Wolfenbarger.

Second, with respect to Agent Yesenksy, the government proffers that he will testify regarding "the background of Operation Swift Traveler," in addition to describing the FBI's response to the Cybertip regarding Mr. Wolfenbarger. Mr. Wolfenbarger respectfully moves the Court to limit any "background" testimony offered by Agent Yesensky regarding Operation Swift Traveler to ensure that it is relevant to Mr. Wolfenbarger, that it would not result in undue consumption of time or confuse the jury, and that it would not be unduly prejudicial in relation to its probative value.

Third, regarding Mr. Zadig, Mr. Wolfenbarger moves the Court to preclude or narrowly circumscribe Mr. Zadig's proposed testimony regarding his "knowledge and oversight of Yahoo's internal investigations into live-streamed child sex abuse originating in the Philippines, including the identification of Wolfenbarger as a buyer of child sex abuse materials." Dkt. 343 at 2-3. The government's proposed line of testimony is exceedingly broad; poses a grave risk of introducing irrelevant, tangential, and unduly prejudicial information to the jury; and appears expressly intended to convey to the jury, through a fact witness, the government's theory of the case, specifically, that "live-streamed child sex abuse" was originating in the Philippines, and that Mr. Wolfenbarger was in fact (1) a "buyer" (2) of "child sex abuse materials." The defense objects to this use of a fact witness.

Additionally, based on the testimony of these and other witnesses at the evidentiary hearing, Mr. Wolfenbarger also specifically moves under Rules 401, 402, 403, and 404 to exclude evidence or testimony regarding (1) the identification of child pornography images in the profile pictures of other internet subscribers; (2) the number of targets, the location of targets, the relationships between other targets, and the specific actions taken against other targets of the Philippines webcam investigation; (3) law enforcement efforts to conduct child rescues and/or coordinate with the International Justice Mission, or the Philippines government, to conduct child rescues; (4) efforts by Mr. Zadig or the FBI to coordinate with military investigators, other U.S. law enforcement agencies, or foreign law enforcement (including in Australia) to investigate other targets; and (5) testimony regarding NCMEC's mission, mandate, or image-matching process, apart from any matching in this case.

Dated: July 26, 2021

Respectfully submitted,

GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California

　　　　　/S
_____
SEVERA KEITH
Assistant Federal Public Defender

GRAHAM ARCHER
Assistant Federal Public Defender