STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MARISSA HARRIS (NYBN 4763025)
MAIA T. PEREZ (MABN 672328)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    marissa.harris@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHNNY RAY WOLFENBARGER, <br><br> Defendant. | CASE NO.: CR 16-00519-LHK <br><br> GOVERNMENT'S RESPONSE TO DEFENSE MOTION IN LIMINE 12 <br><br> Hon. Lucy H. Koh <br> Hearing Date: July 30, 2021 |

On February 3, 2020, the Court issued an order properly denying the defense request to exclude "any other irrelevant and inflammatory testimony regarding the specific conduct of other individuals who were of interest to law enforcement during Operation Swift Traveler." ECF Nos. 259 at 7; 235 at 1. The defense now attempts to relitigate this denial based on general summaries of witness testimony on the government's witness list, which has not substantially changed since the Court last considered the issue. *Compare* ECF No. 241 to ECF No. 343.  The defense also moves to exclude several broad categories of potential evidence and testimony, to include information that is directly relevant to Wolfenbarger's offense conduct.  The Court should deny this motion as both premature and overboard, especially where Wolfenbarger can object to any irrelevant evidence or testimony at trial, should the issue arise.

As the Court is well aware, Operation Swift Traveler encompassed numerous individuals who sexually exploited children via live-streamed child sex abuse and traded child pornography, including individuals who directly assisted and conspired with Wolfenbarger to create, produce, and distribute child pornography or live-streamed transmission of child sexual abuse for payment.  The government's witnesses will testify about their investigation of this conduct, which encompasses materials and facts about these other persons.  For example, the government's exhibit list includes emails sent by and to these other individuals, chats with sellers of child sex abuse livestreams, and records of Wolfenbarger's monetary transactions with these sellers.  Some of the sellers who interacted with Wolfenbarger were investigated separately, and the government would seek to elicit testimony about relevant facts and materials from those investigations relating to the sellers' interactions with Wolfenbarger.  Additionally, the government will need to establish some background facts about these investigations to lay a foundation for evidence it seeks to admit at trial, including the circumstances that informed investigative actions relating to Wolfenbarger's conduct, such as preparation of legal process and witness interviews.

Accordingly, the new defense motion is grossly overbroad in seeking to exclude, for example, "the number of targets, the location of the targets, the relationships between other targets, and specific actions taken against other targets of the Philippines webcam investigation," "efforts by Mr. Zadig or the FBI…to investigate other targets," or "testimony regarding NCMEC's mission." *See* ECF No. 347 at 2. These matters directly pertain to the offense conduct charged in this case and the actions taken by

witnesses to investigate this conduct, serve and respond to legal process, and identify conspirators, relevant witnesses, and victims. The motion therefore seeks exclusion of relevant and admissible evidence and testimony and the Court should deny it, as it did before.

The government understands its obligation to present relevant evidence that is not tangential to the offense conduct charged and will use its discretion in selecting which lines of inquiry to pursue with its witnesses. It also understands and supports the general desire to streamline the presentation of evidence in this case and has sought admission of certified records and numerous stipulations to accomplish this goal. In the absence of such stipulations, the government will need to lay foundations for admission of its evidence, which necessarily includes the means by which such evidence was maintained, transmitted, and procured.

Finally, the government has already moved to preclude defense attempts to relitigate legal issues that have already been resolved by prior rulings of the Court, to include claims or arguments that Wolfenbarger's constitutional rights were violated by Yahoo or the government, that Yahoo acted unlawfully in reporting Wolfenbarger to NCMEC, that Yahoo is a government agent, any attempts to cast doubt on the validity of any search warrants issued. *See* ECF Nos. 43, 132, 175, 181, 198, and 220. That motion was denied without prejudice. *See* ECF No. 259 at 9. If the defense pursues arguments or lines of questioning in support of these previously ligated issues, the government may seek to introduce relevant evidence or testimony about Operation Swift Traveler, Yahoo, or NCMEC to rebut such claims.

DATED:   July 27, 2021                    Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

         /s/
MARISSA HARRIS
MAIA T. PEREZ
Assistant United States Attorneys