STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MARISSA HARRIS (NYBN 4763025)
MAIA PEREZ (MABN 672328)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 4535-5066
    Email: marissa.harris@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 16-CR-00519 LHK |
| Plaintiff, | OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 13 TO LIMIT IMAGES AND VIDEOS DISPLAYED TO JURY |
| v. | |
| JOHNNY RAY WOLFENBARGER, | |
| Defendant. | |

On February 3, 2020, this Court granted the government's motion to admit selected child pornography images and videos and publish them to the jury. ECF 259 at 8. Defendant Johnny Ray Wolfenbarger now seeks to relitigate that motion, though the government has not added any new child pornography exhibits since the Court's prior ruling. *See* ECF 244, 344. Indeed, Defendant's arguments are the same as before: he asserts that the child pornography images and videos are prejudicial under Rule 403 because he is willing to stipulate that the materials are child pornography, the introduction of multiple images is "cumulative," and that the Court should require the government to prove Defendant had knowledge of the image or video. *See* Mot. at 1-2, *cf.* ECF 245 at 7-8. Defendant's effort to reopen the Court's prior ruling, with no new evidence or arguments, should be denied.

Defendant first asserts that the government should be precluded from admitting the video files in full because he is willing to stipulate to the contents. As the government already explained, "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *United States v. McCourt*, 468 F.3d 1088, 1091 (8th Cir. 2006) (citing *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997)). Accordingly, "a defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense." *McCourt*, 468 F.3d at 1091 (citing *Old Chief v. United States*, 519 U.S. at 183).

Defendant further argues that the Court should accept these stipulations to obviate the need for the government's three authenticating witnesses. Mot. at 1. Defendant's desire to streamline witness testimony is not grounds to exclude probative evidence. Furthermore, Defendant fails to explain how his proposal to exclude full video files would preclude these witnesses, when two are testifying about images and the third could still be called to testify about the video clip.

Defendant next asserts that the Court should limit the number of images and length of the videos on Rule 403 grounds. Mot. at 1. Notably, Defendant does not suggest a particular number for this limit, nor does he cite to any number in his support. That is because the government's 17 exhibits are well under the limit for any prejudicial quantity of child exploitation evidence under Rule 403. *See United States v. Dodds*, 347 F.3d 893, 898 (11th Cir. 2003) (affirming conviction where 66 of 3,400 total images were shown to the jury); *United States v. Becht*, 267 F.3d 767, 769 (8th Cir. 2001) (affirming

conviction where 39 of 11,000 total images were shown to the jury); *United States v. Storm*, 915 F.Supp.2d 1196 (D. Or. 2012) (limiting government to 38 of 97 slides on its exhibit list).

Defendant also fails to cite any support for his contention that the government's video files must only be admitted in 30-second clips and not in full. The government's four video exhibits, which total approximately eight minutes and 13 seconds in length, do not approach the threshold for exclusion under Rule 403. *See United States v. Hartman*, 2015 WL 13864168, *4 (C.D. Cal. 2015) (six videos totaling 18 minutes in length and three additional videos of undisclosed length was too lengthy and highly prejudicial).

Defendant next contends that the Court must review the child pornography evidence prior to admission to determine its value under Rule 403. Defendant does not cite to any case where the district court was required to review each and every child pornography image prior to admission in a child pornography receipt case. Defendant's only citation is to *United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007). In that case, the Court considered the admission of sexually explicit stories in the defendant's possession under Rule 404(b) "for the limited purposed of shedding light on Curtin's intent with respect to his conduct and behavior toward the object of his travel across state lines." *Id.* at 937. 404(b) evidence is subject to significantly more scrutiny than here, where the images and videos at issue are not admitted for a limited purpose but rather are direct evidence of the charged offense.

Finally, Defendant renews his prior argument that the government must prove that Defendant knew the content of the images before publishing them to the jury. This Court has already considered and rejected Defendant's argument. ECF 245 at 8. Knowledge is an element of the offenses and is therefore a question of fact to be submitted to the jury at deliberations – the government is not required to definitively prove knowledge part way through trial. Moreover, admission and publication of the images goes to Defendant's knowledge of the content and intent to possess and view the images. *United States v. Hay*, 231 F.3d 630, 638-39 (9th Cir. 2000). The government is not required to prove its case as a prerequisite to admitting the evidence needed to prove its case.

Defendant's attempt to relitigate this Court's prior ruling should be denied.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: July 27, 2021 | Respectfully Submitted, |
| 3 | | STEPHANIE M. HINDS |
| | | Acting United States Attorney |
| 4 | | |
| 5 | | _/s/_ |
| | | MARISSA HARRIS |
| 6 | | MAIA PEREZ |
| | | Assistant United States Attorneys |

OPP. TO DEF.'S MOTION IN LIMINE NO. 13
16-CR-00519 LHK