UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>JOHNNY RAY WOLFENBARGER,<br>　　　　Defendant. | Case No. 16-CR-00519-LHK-1<br><br>**ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE, NOS. 12 AND 13**<br><br>Re: Dkt. Nos. 347, 348 |

Before the Court are Defendant Johnny Ray Wolfenbarger's 12th and 13th motions in limine. ECF Nos. 347 ("Defendant's MIL #12"), 348 ("Defendant's MIL #13"). After reviewing the parties' briefing, the case law, and the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules as follows:

Defendant's MIL #12: Defendant seeks to exclude two sets of evidence related to the government's "Philippines webcam investigation" (known as Operation Swift Traveler). ECF No. 347 at 2. First, Defendant asks that five of the government's fact witnesses "should be limited to offering testimony regarding specific facts that pertain to the investigation of Mr. Wolfenbarger himself, and should not be permitted to testify more broadly regarding the larger investigation

1

[*i.e.*, Operation Swift Traveler].” *Id.* Second, Defendant seeks to exclude five broad types of potential evidence, such as "the number of targets, the location of targets, the relationships between other targets, and the specific actions taken against other targets of the Philippines webcam investigation." *Id.* at 3. The government opposes. ECF No. 353.

Ruling: DENIED WITHOUT PREJUDICE. Specifically, the Court rules as follows.

    The Court denies Defendant's instant MIL #12 for two reasons. First, the instant MIL relitigates the Court's February 3, 2020 Order re: Motions in Limine, ECF No. 259. In that Order, the Court denied without prejudice Defendant's MIL #10 (ECF No. 235) in relevant part. *Id.* at 7. Defendant's MIL #10, much like the instant MIL, moved to exclude "irrelevant and inflammatory testimony regarding the specific conduct of other individuals who were of interest to law enforcement during Operation Swift Travel[]er." ECF No. 235 at 1. No intervening circumstances support relitigating the Court's ruling. In fact, in the time since the Court denied MIL #10 in relevant part, the government's summaries of witness testimony have not substantially changed. *Compare* ECF No. 241 (Jan. 29, 2020 witness list), *with* ECF No. 343 (July 21, 2021 witness list).

    Second, the instant MIL is premature. It seeks to exclude broad swaths of evidence at a high level of generality, such as evidence of "the number of targets, the location of targets, the relationships between other targets, and the specific actions taken against other targets of the Philippines webcam investigation." ECF No. 347 at 2. Yet "to exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Mendoza v. Intuitive Surgical, Inc.*, No. 18-CV-06414-LHK, 2021 WL 1893083, at *1 (N.D. Cal. May 11, 2021) (quoting *Yowan Yang v. ActioNet, Inc.*, 2016 WL 8929250, at *2 (C.D. Cal. Feb. 19, 2016)). In short, the instant MIL's evidentiary disputes "should be deferred until trial." *Id.* Accordingly, the Court denies without prejudice Defendant's MIL #12.

Defendant's MIL #13: Defendant moves to limit the images and videos of alleged child

pornography displayed to the jury. ECF No. 348. Specifically, Defendant seeks two rulings. First, Defendant asks that the Court "preclude the government from introducing the [four] full video files, beyond the excerpts identified in the government's exhibit list." *Id.* at 2. Second, Defendant asks that "the government should be required to prove the defendant's knowledge of the contents of the image or video before it is shown to the jury." *Id.* The government opposes. ECF No. 354.

Ruling: DENIED WITH PREJUDICE. Specifically, the Court rules as follows.

The Court denies Defendant's instant MIL #13 because it also relitigates the Court's February 3, 2020 Order re: Motions in Limine ("2020 Order"). Specifically, in the 2020 Order, the Court granted the government's MIL #3 (ECF No. 233 at 9) to "Admi[t] [] Selected Child Pornography Images and Videos and Publi[sh] to the Jury." ECF No. 259 at 3. The Court thus allowed the government to "offer into evidence and publish to the jury a limited selection of child pornography images and videos received and distributed by Wolfenbarger." ECF No. 233 at 9. No intervening circumstances support relitigating the Court's ruling. In fact, in the time since the Court granted the government's request, the government has not added any new child pornography exhibits. *Compare* ECF No. 244 (Jan. 29, 2020 exhibit list), *with* ECF No. 344 (July 21, 2021 exhibit list).

The Court's 2020 Order overruled the same objections that Defendant makes in the instant MIL #13. In the instant MIL #13, Defendant argues—as he did in his January 29, 2020 opposition to the government's MIL #3—that before the government may show child pornography evidence to the jury, "the government must first prove that Mr. Wolfenbarger had knowledge of the specific content of the images and videos." ECF No. 348 at 3 (MIL #13); *accord* ECF No. 245 at 8 (Defendant's Jan. 29, 2020 opposition) (arguing the government must "lay a foundation that Mr. Wolfenbarger actually opened and viewed [each] image or video"). Defendant was incorrect then and incorrect now. As the government notes, "[t]he government is not required to prove its case as a prerequisite to admitting the evidence needed to prove its case." ECF No. 354 at 3. Child pornography in Defendant's possession is highly probative of Defendant's scienter: the very thing that Defendant argues "the government must first prove." ECF No. 348 at 3. Courts thus admit

3

1  child pornography as evidence of scienter. *See, e.g.*, *United States v. Becker*, 666 F. App'x 825,
2  826 (11th Cir. 2016) (per curiam) (affirming evidentiary ruling and collecting cases); *see also,*
3  *e.g.*, *United States v. Hay*, 231 F.3d 630, 639 (9th Cir. 2000) (affirming admission of evidence that
4  had been stored on defendant's computer and website). Accordingly, the Court denies with
5  prejudice Defendant's MIL #13.

**IT IS SO ORDERED.**

Dated: July 29, 2021

        *Lucy H. Koh*
LUCY H. KOH
United States District Judge

4

Case No. 16-CR-00519-LHK-1
ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE, NOS. 12 AND 13