GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California
SEVERA KEITH
GRAHAM ARCHER
Assistant Federal Public Defenders
8th Floor - Suite 820
55 South Market Street
San Jose, CA 95113
Telephone:   (408) 291-7753
Facsimile:   (408) 291-7399
Email:   Severa_Keith@fd.org

Counsel for Defendant Wolfenbarger

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN WOLFENBARGER,<br><br>Defendant. | **Case No.:** CR 16-519 LHK<br><br>**DEFENDANT'S OBJECTIONS TO GOVERNMENT'S PROPOSED FINAL INSTRUCTIONS RE: COUNTS 1 AND 2**<br><br>**Court:**   Hon. Lucy H. Koh<br>**Hearing Date:**   TBA |

Mr. Wolfenbarger respectfully objects to the government's proposed final instructions for Count 1 (charging a violation of 18 U.S.C. § 2251(a) and (e)), and Count 2 (charging a violation of 18 U.S.C. § 2422(b)).[1]

Mr. Wolfenbarger has a Sixth Amendment right to be tried only on the charges returned by the grand jury. *Stirone v. United States*, 361 U.S. 212 (1960). Mr. Wolfenbarger also has a statutory and Fifth Amendment due process right to be tried on the basis of the statutory elements selected by Congress. *United States v. Gaudin*, 515 U.S. 506, 509-10 (1995). The defense contends that the government's proposed instructions impermissibly deviate from the superseding indictment and applicable statutes.

Additionally, depictions of adults engaged in nonobscene, sexually explicit conduct are protected by the First Amendment. *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994). The defense contends that in light of First Amendment constraints, and because this prosecution involves the "live visual depiction" provision of 18 U.S.C. § 2251(a), the government should be required to prove that the live depiction involved a minor.

First, as to Count 2, the government has failed to properly allege the elements of § 2422(b), because the government's proposed instruction does not set forth the elements of the predicate offense, which the government describes as "production of child pornography." Dkt. 338 at 25:10. Recently, in *United States v. Lopez*, __ F.4th __, 2021 WL 2795426, *13 (9th Cir. July 6, 2021), considered a similar issue. There, the defendant was charged with attempting to entice a minor to engage in sexual activity that would have violated the laws of Guam. *Id.* *17. A divided panel of the Ninth Circuit concluded that while § 2422(b) does not necessarily require the indictment and proof of a specific predicate offense, the district court erred by failing to instruct the jury regarding the relevant criminal law of Guam, because "the average juror may not know the boundaries of Guam's criminal law with respect to sexual conduct." *Id*. As *Lopez* explained:

> To be clear, the burden was on the district court, not the Government, to instruct the jury on the

---

[1] The defense has submitted substitute proposed instructions for Counts 1 and 2 after determining that his previous proposed instructions for those counts pertained to the original indictment in this case, rather than the superseding indictment.

requirements of applicable federal, state, and territorial laws. . . . Once the Government adduced evidence that Lopez proposed sexual conduct to a minor, the jury was required to determine whether the sexual conduct was considered criminal in Guam or another territorial jurisdiction. Prior to jury deliberations, it was incumbent upon the district court to ensure the jury possessed the requisite background knowledge to evaluate the sufficiency of the Government's evidence against applicable criminal laws. The failure to do so was error.

*Id.* at *17.

Here, the predicate offense found by the grand jury for Count 2 is "Attempted Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and (e), as charged in Count One," which the government has now amended in its instructions as "production of child pornography," with no citation to state or federal law. The Court must first decide which predicate offense is applicable here, as argued below, and should then instruct the jury on the elements for that predicate offense, because as in *Lopez*, the average juror may not know the elements of the particular child pornography offense that the government has in mind. *Lopez*, 2021 WL 2795426, *17.[2] For example, California's child pornography statutes do not incorporate the same definition of "sexually explicit conduct" that is required under the federal definition. *United States v. Reinhart*, 893 F.3d 606, 617-18 (9th Cir. 2018). Accordingly, Count 2 should incorporate the elements of the relevant predicate offense.

Second, again as to Count 2, the defense objects to language inserted by the government regarding proof of the predicate offense, which now states, "[t]he government is not required to specifically prove the underlying illegal sexual activity for which any person could be charged with an offense." Dkt. 338 at 25:24-25. Applying *Lopez*, although the divided panel found that the government is not necessarily required to plead and prove a specific predicate offense, the government should be required to prove the predicate offense here. *Lopez*, 2021 WL 2795426, *17-18 (noting that jury was required to evaluate sufficiency of government's proof of predicate offense

---

[2] Mr. Wolfenbarger continues to contend that the government's charging theory for Count 2 relies on an impermissible "attempt to induce to attempt" formulation, and the defense preserves that argument for further review. Dkt. 281; Dkt. 313. Both the majority and the dissent in *Lopez* appear to recognize that such a double inchoate formulation would raise serious concerns. *See Lopez*, 2021 WL 2795426, 12 n.9 (disagreeing with dissent's view that majority was relying on theory of "attempt to entice to attempt"); *id*. at *19 (Bennett, J., dissenting) ("I harbor serious doubts about whether such a crime (attempting to entice to attempt) could even exist"); *compare United States v. Jayavarman*, 871 F.3d 1050, 1056 (9th Cir. 2017) (accepting government's concession that 18 U.S.C. §§ 2423(b) and (e) did not encompass theory of "attempting to aid and abet" because "[t]he substantive statute does not contain an aiding and abetting provision, and the general aiding and abetting statute does not contain an attempt provision").

in light of applicable law regarding predicate offense); *id*. at *15 (reviewing trial record in light of sufficiency challenge and concluding that "there is no question that the Government proved at trial the same criminal behavior alleged in the indictment"). In order for the Court to properly assess the sufficiency of the government's proof in this case, it will be necessary for the Court to compare the government's proof to the elements of the predicate offense.

Third, Mr. Wolfenbarger contends that the government has constructively amended the predicate offense component of Count 2 of the superseding indictment by omitting the attempt theory on which the grand jury relied. In its proposed instruction for Count 2, the government describes the predicate offense as "production of child pornography." Dkt. 338 at 25:10. The defense acknowledges that in *Lopez*, over a dissent by Judge Bennett, the majority reviewed the trial record and found that reversal was not required where the indictment had alleged a completed offense as the predicate, but at trial, the government proved an attempt offense as the predicate. *Lopez*, 2021 WL 2795426, *13. Here, *Lopez* appears distinguishable, because a completed offense can include an attempt, but the converse is not true, as Mr. Wolfenbarger has previously argued. Dkt. 306 at 6-7. To the extent that the Court may read *Lopez* more generally to allow the government to proceed on a crime not charged in the superseding indictment, the defense presents this issue to preserve it for further review, because the *Lopez* majority relied on its conclusion that the government was not required to allege the predicate offense for the 2422(b) offense in the indictment, while acknowledging a circuit split on this issue. *Id*. at 11 n.7. The dissent did not reach this issue, while noting that "[t]he statute need not require that a predicate offense be listed in order for the government to be held to what is actually charged by the grand jury." *Id*. at 26 n.22 (Bennett, J., dissenting); *id*. at 24 & n.19 (noting that "perhaps" the government is not required to specify a predicate offense in the indictment, "[b]ut after the grand jury has returned an indictment listing a predicate offense or offenses; absent a superseding indictment, the government is bound by the indictment the grand jury returned"). Here, the superseding indictment charged an attempt crime as the predicate, and not a completed offense, and Mr. Wolfenbarger respectfully submits that that he is entitled to be tried on the elements of the crime returned by the grand jury. *Stirone*, 361 U.S. at 218-19 ("The right to have the grand jury make the charge on its own judgment is a substantial right

1  which cannot be taken away with or without court amendment.").

2  Fourth, the defense contends that the government is required to prove that the individual
3  alleged to be a victim in Counts 1 and 2 was, in fact, a minor, and contends that *United States v.*
4  *Jayavarman*, 871 F.3d 1050, 1058-59 (9th Cir. 2017), is distinguishable. The government's proposed
5  instructions for Counts 1 and 2 instead state that the defendant's belief in the individual's minority is
6  sufficient. Dkt. 338 at 25-26.

7  As alleged in the superseding indictment and as set forth in § 2251(a), Count 1 requires the
8  government to prove that Mr. Wolfenbarger "did knowingly attempt and conspire to employ, use . . .
9  any minor to engage in sexually explicit conduct for the purpose of transmitting any live visual
10 depiction of such conduct." Dkt. 268; § 2251(a) ("any minor"). With respect to Count 2, the
11 superseding indictment alleged that Mr. Wolfenbarger violated the statute by knowingly attempting
12 to induce "an individual who has not attained the age of 18 years to engage in . . . Attempted
13 Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e), as charged in Count
14 One." Dkt. 268. The government's own proposed instruction submitted last year required the
15 government to prove that the alleged victim was a minor. Dkt. 243 at 37-38 (defendant attempted to
16 employ "any minor," and "[m]inor means a person under the age of 18 years old"). The defense
17 contends that the government's new approach constructively amends the indictment and conflicts
18 with the statute.

19 The Ninth Circuit in *Jayavarman* concluded that the defendant was properly convicted of
20 attempting to violate 18 U.S.C. §§ 2251(c) and (e), where the government argued that the defendant
21 believed the individual in the visual depiction was a minor. That case, however, involved distinct
22 facts, in which the defendant personally engaged in sexual relations with an alleged minor in a
23 foreign country, filmed their sexual activities, and brought the recordings back into the United States.
24 *Jayavarman*, 871 F.3d at 1058. At trial, the parties presented conflicting evidence regarding whether
25 the individual was actually an adult, and the defendant was convicted of attempted production and
26 transportation of a visual depiction of child pornography, in violation of 18 U.S.C. §§ 2251(c) and
27 (e). Relying on the sting operation context in *United States v. Meek*, 366 F.3d 705 (9th Cir. 2004),
28 the Ninth Circuit in *Jayavarman* held that the defendant could be convicted under an attempt theory

if the government proved that the defendant believed the individual was a minor. 871 F.3d at 1058-59. In support, the Ninth Circuit cited *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 n.2, n.5 (1994), in which the Supreme Court noted that in the context of production of child pornography, the perpetrator "confronts the underage victim personally," and can more easily ascertain the age of performers. In that context, the Supreme Court found that "First Amendment constraints" did not warrant imposition of a scienter requirement as to the individual's age. *Id*. at 72.

*Jayavarman* did not involve the portion of § 2251(a) at issue here, which instead requires intent to "transmit[] a live visual depiction." 18 U.S.C. § 2251(a).[3] The government does not contend that the defendant in this case "personally confront[ed] the victim," as occurred in *Jayavarman*. 871 F.3d at 1058. Instead, the government contends that the crime occurred solely through online communications. Accordingly, because the First Amendment protects "nonobsence, sexually explicit materials involving persons over the age of 17," *X-Citement Video*, 513 U.S. at 73, and because the facts of *Jayavarman* are distinguishable, the defense respectfully submits that the Court should not extend *Jayavarman* to the "live visual depiction" subsection of § 2251(a), and should require the government to prove that the individuals involved in the live visual depictions were, in fact, minors.

Dated:     August 2, 2021

Respectfully submitted,

GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California

       /S
SEVERA KEITH
Assistant Federal Public Defender

---

[3] *Jayavarman* also cited *United States v. U.S. Dist. Court* ("*Kantor*"), 858 F.2d 534, 538 (9th Cir. 1988), but in that case, the Ninth Circuit had construed an earlier version of § 2251(a) which did not contain the "live visual depiction" component that is at issue here. That language was added to § 2251(a) in 2008. Pub. L. 110-401, Title III, § 301, 302.

DEF. OBJ. RE GOV'T INSTR. RE: COUNT 1 & 2
*WOLFENBARGER*, CR 16-519– LHK