UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 16-CR-00519-LHK-1 |
|---|---|
| Plaintiff, | **PROPOSED JURY INSTRUCTIONS TO BE GIVEN DURING TRIAL (ANNOTATED)** |
| v. | |
| JOHNNY RAY WOLFENBARGER, | |
| Defendant. | |

In light of the case law, the Court proposes a cautionary jury instruction ("Cautionary Instruction") to be read before child pornography is published to the jury.

The Court proposes reading the parties' joint proposed Limited Purpose Instruction before publishing the "prettycharlene28" chats to the jury. ECF No. 376. The Court proposes reading the government's proposed instruction on Other Crimes, Wrongs, or Acts of Defendant after the "prettycharlene28" chats are published to the jury. ECF No. 351.

By Monday, August 9, 2021 at 10 a.m., the parties shall file any objections or notice of no objections to these proposed instructions.

**IT IS SO ORDERED.**

Dated: August 6, 2021

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

**INSTRUCTION No. 16**

CAUTIONARY INSTRUCTION

You are about to see images or videos that are sexually explicit. These images or videos are only to assist you in determining whether the government has met its burden to prove the defendant guilty of all of the elements of the charges against him beyond a reasonable doubt. You must not allow any feelings that you may have regarding these images to affect this determination in any way.

I also remind you that when you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 1.1 (2010 ed.) (revised March 2021) (modified); *United States v. Ganoe*, 538 F.3d 1117, 1121, 1124 (9th Cir. 2008) (quoting district court's instruction).

**INSTRUCTION No. 17**

LIMITED PURPOSE INSTRUCTION

You are about to hear evidence that the defendant engaged in a July 2013 Yahoo Messenger chat with user "prettycharlene28." I instruct you that this evidence is admitted only for the limited purpose of deciding whether the defendant:

- had the state of mind, knowledge, or intent necessary to commit the crimes charged in the superseding indictment;
- had a motive or the opportunity to commit the acts charged in the superseding indictment;
- was preparing or planning to commit the acts charged in the superseding indictment; or
- did not commit the acts for which the defendant is on trial by accident or mistake.

Therefore, you must consider it only for that limited purpose and not for any other purpose.

Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 2.12 (2010 ed.) (revised March 2021).

# INSTRUCTION No. 18

## OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT

You have heard testimony or have seen evidence that the defendant engaged in a July 2013 Yahoo Messenger chat with user "prettycharlene28." This evidence of other acts was admitted only for a limited purpose. You may consider this evidence only for the purpose of deciding whether the defendant:

- had the state of mind, knowledge, or intent necessary to commit the crimes charged in the superseding indictment;
- had a motive or the opportunity to commit the acts charged in the superseding indictment;
- was preparing or planning to commit the acts charged in the superseding indictment; or
- did not commit the acts for which the defendant is on trial by accident or mistake.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the superseding indictment.

Remember that the defendant is on trial here only for attempted production of child pornography, attempted coercions and enticement, and receipt of child pornography, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the superseding indictment beyond a reasonable doubt.

Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, § 2.10 (2010 ed.) (revised March 2021).