UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY RAY WOLFENBARGER,<br><br>Defendant. | Case No. 16-CR-00519-LHK-1<br><br>**AMENDED ORDER GRANTING IN PART GOVERNMENT'S MOTION TO ADMIT CHAT TRANSCRIPTS ON EXHIBIT LIST**<br><br>Re: Dkt. No. 278 |

Defendant Johnny Ray Wolfenbarger is charged with three counts: Count One, Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e); Count Two, Attempted Coercion and Enticement of Minors in violation of 18 U.S.C. § 2422(b); and Count Three, Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). ECF No. 268 (the "Superseding Indictment").

Before the Court is the government's motion to admit chat transcripts on the government's exhibit list. ECF No. 278. After reviewing the parties' briefing, the case law, and the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court GRANTS IN PART the government's motion.[1]

---

[1] This order vacates and supersedes ECF No. 382.

1
Case No. 16-CR-00519-LHK-1
AMENDED ORDER GRANTING IN PART GOVERNMENT'S MOTION TO ADMIT CHAT TRANSCRIPTS ON EXHIBIT LIST

## I. BACKGROUND

The Court recounts the complex procedural history of the instant motion below. The instant motion stems from three motions in limine ("MILs") that the Court denied without prejudice. Specifically, on January 22, 2020, the government filed its MILs #2 and #4. ECF No. 233 at 7. In MIL #2, the government sought to admit yet unidentified chat messages as co-conspirator statements. *Id.* In MIL #4, the government sought to admit portions of Defendant's Yahoo Messenger chat with user "prettycharlene28." *Id.* at 10.

On January 22, 2020, Defendant filed MIL #9. ECF No. 234 ("Opp'n 1/22/20"). In this filing, Defendant sought to exclude chats messages and other evidence under Federal Rules of Evidence 403 and 404. *Id.* at 1.

Then, on January 29, 2020, Defendant also filed an opposition to the government's MILs #2 and #4. ECF No. 245 ("Opp'n 1/29/20"). As to MIL #2, Defendant argued that chat messages were inadmissible as co-conspirator statements. *Id.* at 5–7. Defendant further argued that admitting the chat messages would violate not only the Fifth and Sixth Amendments to the Constitution, but also Rules 403 and 404. As for MIL #4, a key premise of Defendant's argument was that "[t]he government has not specifically identified any other chats that it seeks to introduce." *Id.* at 8. Defendant further argued that introducing chat messages to show "sexual interest in children" would be improper. *Id.* at 9.

On January 29, 2020, the government filed its original exhibit list. ECF No. 244.

On February 3, 2020, the Court ruled on the pending MILs. ECF No. 259. The Court denied without prejudice the government's MIL #2. *Id.* at 8. As for the government's MIL #4 and Defendant's MIL #9, the Court ruled it would address these MILs in a separate order.

On February 4, 2020, the Court denied without prejudice those two remaining MILs. ECF No. 264. The Court explained, however, that prior bad acts evidence—such as chat messages with prettycharlene28—could be admissible under Rule 404(b) if the evidence also satisfied Rule 403. *Id.* at 4. Because the Court "defer[red] its Rule 403 analysis" until closer to trial, the Court declined to immediately admit the chat messages. *Id.* at 5.

2

On March 2, 2020, the government filed a reply to Defendant's January 29, 2020 opposition (hereinafter "Government's Reply"). ECF No. 278 ("Gov't Reply). In the Government's Reply, the government in fact renewed and refined its motion to admit chat messages. Two parts of the Government's Reply are especially relevant here. First, the government (1) moved to admit chat transcripts (identified in the government's exhibit list) which were found during a search of Defendant's Yahoo account; (2) and attached certain proffered transcripts as exemplars. *Id.* at 1; ECF Nos. 278-1 through 3 (exemplar transcripts). Second, the government presented an alternative theory of admissibility. Specifically, the government stated that it "does not need to offer the [chat messages] for the truth of the matters asserted." *Id.* at 2. The chat messages "whether or not they are true, establish [Defendant]'s guilty state of mind— that is, his intention to cause the creation of live-streamed child pornography and his corresponding actions to bring his intentions to fruition." In other words, the government presented an alternative to the co-conspirator hearsay exception. For the purposes of this order, the Government's Reply is the instant motion.

On March 20, 2020, Defendant filed an opposition to the government's alternative theory of admissibility re: chat messages. ECF No. 288 ("Opp'n 3/20/20").

On July 21, 2021, the government filed a revised exhibit list. ECF No. 344. Except for Exhibit 9, the revised exhibit list includes the same chat transcripts (Exhibits 3–12) as the January 29, 2020 exhibit list. Exhibit 9 on the revised exhibit list is a blank placeholder instead of a chat transcript. *Id.* at 3.

On July 27, 2021, the government filed a proposed jury instruction entitled "Other Crimes, Wrongs, or Acts of Defendant" for the transcript of the chat with "prettycharlene28." ECF No. 351. The government asks that, if the Court admits the chat transcript under Rule 404(b), that the jury be instructed to consider the transcript for Defendant's (1) "state of mind, knowledge, or intent"; (2) "motive or the opportunity to commit the acts charged"; (3) "preparing or planning to commit the acts charged"; and (4) lack of "accident or mistake." *Id.* at 3. The government thus

broadened its proposed use of the chat transcripts beyond Defendant's "guilty state of mind" to other permitted uses set forth in Rule 404(b)(2).

On August 5, 2021, the parties filed a joint proposed jury instruction entitled "Evidence for Limited Purpose" or "Limited Purpose Instruction." ECF No. 376. The Limited Purpose Instruction also instructs the jury on the "prettycharlene28" chat for the same limited purposes set forth in the instruction entitled "Other Crimes, Wrongs, or Acts of Defendant."

On August 6, 2021, the government submitted all but two of its proffered chat transcripts to the Court and Defendant. The missing transcripts are (1) government Exhibit 9, which is still a placeholder; (2) and government Exhibit 13, which comprises a series of redacted images. The Court has reviewed the submitted chat transcripts for unfair prejudice under Rule 403.

Jury selection and a reading of the preliminary jury instructions took place on Friday, August 6, 2021. Trial will begin with opening statements on Monday, August 9, 2021.

## II. DISCUSSION

Defendant opposes admission of the chat messages on three grounds. First, Defendant argues that the chat messages are not authenticated. Second, Defendant argues that the chat messages from third parties are either hearsay or unfairly prejudicial non-hearsay. Third, Defendant makes miscellaneous objections that are now moot. As the Court explains below, none of Defendant's arguments is availing.

### A. The chat messages at issue are sufficiently authenticated.

Defendant first argues that the chat messages are unauthenticated. To support this argument, Defendant makes two points. Opp'n 3/20/20 at 1–2. To start, Defendant notes that the government's theory of admissibility relies on evidence that was the subject of a then-pending suppression motion. *Id.* at 1. Defendant then argues that the chat messages are unauthenticated because they "are not self-authenticated, and are not business records." *Id.* at 2.

Neither point supports excluding the chat messages. First, on September 19, 2020, the Court denied Defendant's motion to suppress statements that Defendant made during interviews

4

with Special Agent Christopher Marceau. ECF No. 320. The statements at issue included Defendant's description of "how he used Yahoo! Messenger to initiate sexually explicit video chats," *id.* at 9—including "underage videos." Tr. of Marceau Interview of Defendant at 11:11 (Aug. 2, 2016), ECF No. 286-9 ("Aug. 2 Tr."). Among other things, Defendant admitted that the email account JRWolfen02@yahoo.com was his, "disclosed his passwords, and signed a second form authorizing agents to assume his online identity." *Id.* at 2 (quoting Marceau Decl. ¶ 9, ECF No. 286-3); *accord* Aug. 2 Tr. at 10:21–11:11 (admitting email address). Indeed, in a February 28, 2018 declaration filed under penalty of perjury, Defendant admitted to "sign[ing] a form so [Special Agent Marceau] could recover the [Y]ahoo email account." Wolfenbarger Decl. ¶ 37, ECF No. 49-1. Accordingly, Defendant's first argument against authentication is moot.

Defendant's other argument is unpersuasive. Chat messages need not be "[b]usiness records" or "self-authenticat[ing]" to be authenticated. Opp'n 3/20/20 at 2. Federal Rule of Evidence 901(a) generally allows for "authenticating or identifying an item of evidence" so long as the proponent "produce[s] evidence sufficient to support a finding that the item is what the proponent claims it is." This is a lenient standard. "The government need only make a *prima facie showing* of authenticity, as 'the rule requires only that the court admit evidence if sufficient proof has been introduced so that *a reasonable juror could find* in favor of authenticity or identification.' *United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985) (emphasis added and original alteration omitted) (quoting 5 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 901(a) [01], at 901-16 to -17 (1983)).

Here, the government has made a compelling showing of authenticity. Undisputed evidence establishes a clear connection between Defendant and the chats sent to and from JRWolfen02@yahoo.com. Specifically, the chats were retrieved from the Yahoo account for JRWolfen02@yahoo.com, the account which Defendant admitted was his. The government further proffers that "Yahoo account records confirm that Johnny Ray Wolfenbarger, at a Morgan Hill address associated with Wolfenbarger, was the person who subscribed to the

jrwolfen02@yahoo.com account." Gov't Reply at 6; *accord* Gov't Revised Witness List ¶¶ 8, 10, ECF No. 343 (proffering as witnesses Sean Zadig and Brian Harrington, who will testify as to Yahoo's chat records and response to search warrant).

In addition, the chats' sexually explicit content matches what Defendant admitted to sending and receiving. For instance, in his August 2, 2016 interview with Special Agent Marceau, Defendant admitted that (1) "[Defendant] had somebody send [him] underage videos" to JRWolfen02@yahoo.com; (2) Defendant "would type messages" in Yahoo Messenger to "interact with the people on the end of the video"; and (3) and that those videos would include sexually explicit content of "girls" and "young ones." *E.g.*, Aug. 2 Tr at 11:11, 15:16–19, 16:2–3, 43:25–44:2, 49:7–9. Defendant also admitted to receiving explicit messages from "Ma-Patricia." *Id.* at 47:6. In the chats at issue, the user "lyka.isza" identified herself as "Ma Patricia Nagusara." ECF No. 278-2 at 1 (proffered chat transcript). Accordingly, the government has made at least a prima facie showing that the chats are what the government claims them to be: chat transcripts which were found during a search of Wolfenbarger's Yahoo account.

### B. Chat messages sent by others to Defendant are neither hearsay nor unfairly prejudicial if admitted for limited purposes under Rule 404(b)(2).

Next, Defendant argues that chat messages sent by others to Defendant ("third-party chats") are inadmissible for two reasons. To start, if the government seeks to admit the third-party chats for the "truth of the matter[s] asserted," Defendant argues that the third-party chats are hearsay that fail to meet the hearsay exception for co-conspirator statements.[2] Fed. R. Evid. 801(c)(2) (defining hearsay); Opp'n 1/29/20 at 5–7. Alternatively, if the government does *not* seek to admit the third-party chats for their truth, Defendant argues that the third-party chats would be unfairly prejudicial under Federal Rule of Evidence 403. *See* Opp'n 3/20/20 at 5–7.

In the Government's Reply, the government clarifies that it "does not need to offer the

---

[2] The chat messages sent by Defendant undisputedly are not hearsay. Fed. R. Evid. 801(d)(2)(A) (opposing party statements); *accord, e.g.*, Opp'n 3/20/20 at 2 (only arguing that third-party statements are hearsay); *United States v. Burt*, 495 F.3d 733, 738 (7th Cir. 2007) (holding same).

6
Case No. 16-CR-00519-LHK-1
AMENDED ORDER GRANTING IN PART GOVERNMENT'S MOTION TO ADMIT CHAT TRANSCRIPTS ON EXHIBIT LIST

1  [third-party chats] for the truth of the matters asserted therein." Gov't Reply at 2. The government
2  instead offers the third-party chats "whether or not they are true, [to] establish Wolfenbarger's
3  guilty state of mind—that is, his intention to cause the creation of live-streamed child pornography
4  and his corresponding actions to bring his intentions to fruition." *Id.* The government further
5  offers at least the "prettycharlene28" chat for other limited purposes permitted under Rule
6  404(b)(2), such as Defendant's motive, plan, or lack of mistake. ECF No. 351 (proposed jury
7  instruction). Likewise, chats admitted for these limited purposes need not be offered for the truth
8  of the matter asserted. *See, e.g.*, *United States v. Darden*, 70 F.3d 1507, 1538 (8th Cir. 1995)
9  ("Th[e] evidence is thus not inadmissible evidence of prior crimes under Rule 404(b) for the same
10 reason that it is not hearsay under Rule 801(c).").

11 Thus, because the government does not proffer the third-party chats for the truth of the
12 matters asserted, the Court need not address Defendant's hearsay argument. The Court weighs
13 only Defendant's second argument that the third-party chats would be unfairly prejudicial under
14 Rule 403.

15 Defendant is incorrect. As the government explains, the third-party chats have probative
16 value in four ways that are not substantially outweighed by unfair prejudice. *See* Gov't Reply at 7.
17 Specifically, even if the statements in the third-party chats are in fact false, the third-party chats
18 are significantly probative in at least two ways as to Defendant's state of mind, motive, planning,
19 lack of mistake, and other considerations set forth in Rule 404(b)(2).

20 First, as summarized in Section II-A above, Defendant made several admissions to Special
21 Agent Marceau and sent many Yahoo chat messages. Defendant admitted, for example, that he
22 would send messages on Yahoo Messenger to solicit sexually explicit content of girls. Third
23 parties would respond to Defendant's messages with chats such as "iget 11 n 10oldgurl now [sic]."
24 ECF No. 278-1 at 2. Defendant would reply to these third-party chats with messages such as
25 "wow 10 also? . . . what name to send [money to]?" *Id.*

26 In these circumstances, several courts of appeals have explained, "out-of-court statements

[are] not offered for their truth, but to *provide context* for defendant's admissions and to make them intelligible to the jury." *United States v. Cooke*, 675 F.3d 1153, 1156 (8th Cir. 2012) (emphasis added) (summarizing *United States v. Bermea–Boone*, 563 F.3d 621, 626 (7th Cir. 2009)); *accord, e.g.*, *United States v. Burt*, 495 F.3d 733, 738 (7th Cir. 2007) (agreeing that "[third party]'s half of the conversation is necessary to provide context to [defendant]'s comments" in Yahoo chat). In *Cooke*, for instance, a third party messaged defendant "I am 16 is that okay?" *Cooke*, 675 F.3d at 1156. The *Cooke* defendant responded "thats cool that ur young, but i don't want u to narc [sic]." *Id.* The Eighth Circuit held that the third-party message was properly admitted on two bases. For one, the third-party message was "not hearsay, because it was not offered for its truth, but to *provide context* for Cooke's response that it is 'cool' to have sex with a minor." *Id.* (emphasis added). For another, the third-party message was "similar in kind and type to the charge" and thus relevant to defendant's "intent[] or lack of mistake." *Id.* at 1157. Here too, the probative value of third-party chats would "provide context" for Defendant's admissions to Special Agent Marceau and Defendant's chat messages.

      Second, even if the third-party chats did not in fact involve minors, the third-party chats tend to show that Defendant *believed* he was soliciting minors. Specifically, Defendant may violate 18 U.S.C. § 2251(a) (corresponding to Count One, Attempted Production of Child Pornography) and 18 U.S.C. § 2422(b) (corresponding to Count Two, Attempted Coercion and Enticement of Minors) even if Defendant's attempted victims were in fact adults. The Ninth Circuit has addressed the immateriality of mistaken age for both statutes. As for § 2251(a), the Ninth Circuit has held that "that there is no state of mind requirement as to age in § 2251(a)." *United States v. Jayavarman*, 871 F.3d 1050, 1059 (9th Cir. 2017) (citing *United States v. U.S. Dist. Court* ("Kantor"), 858 F.2d 534, 538 (9th Cir. 1988)). Thus, "belief of a performer's minority is sufficient to convict for an attempted violation of 18 U.S.C. § 2251(a)." *Id.* (summarizing *United States v. Johnson*, 376 F.3d 689, 693–94 (7th Cir. 2004)). As to § 2422(b), the Ninth Circuit has similarly held that "an attempt conviction under § 2422(b) does not require

1    an actual minor victim." *United States v. Meek*, 366 F.3d 705, 709 (9th Cir. 2004). Defendant need

2    only believe that he is enticing a minor. *See id.* at 720 ("the simple fact of [defendant]'s belief is

3    sufficient as to this element of a § 2422(b) violation").

4        The third-party chats suggest that Defendant *believed* he was in fact soliciting sexual

5    content of children and thus are relevant to Defendant's intent, plan, and lack of mistake. The

6    third-party chats need not be true to have this substantial probative value. *See, e.g.*, *id.* at 719

7    (holding that liability can arise from sting operations).

8        In sum, the third-party chats are substantially more probative than unfairly prejudicial

9    when considering just two of the chats' possible uses: (1) "provid[ing] context" for Defendant's

10   admissions and chats; and (2) evidencing Defendant's belief that he was soliciting minors. *E.g.*,

11   *Cooke*, 675 F.3d at 1156. Neither use for the chats requires that chats be considered for the "truth

12   of the matter[s] asserted." Fed. R. Evid. 801(c)(2). Accordingly, the third-party chats are neither

13   hearsay nor unfairly prejudicial if admitted for the limited purposes set forth in Rule 404(b)(2).

### C. Defendant's remaining objections are moot.

15   Defendant's three remaining objections are moot. The Court addresses each briefly in turn.

16   First, Defendant cursorily asserts that admitting the chat messages would violate the Fifth

17   Amendment. *See* Opp'n 1/22/20 at 1 (citing Fifth Amendment); Opp'n 1/29/20 at 5 (citing Opp'n

18   1/22/20). Defendant offers no authority or argument for this assertion. It appears that Defendant is

19   referring to his then-pending motion to suppress self-incriminating statements, ECF No. 265. The

20   Court denied that motion on September 19, 2020. Defendant's first argument is therefore moot.

21   Second, Defendant argues that admitting the third-party chat messages would violate the

22   Confrontation Clause of the Sixth Amendment. Opp'n 1/29/20 at 14. It is well settled, however,

23   that "[n]o Confrontation Clause issue is raised where the statements are not offered for the truth of

24   the matter asserted." *E.g.*, *United States v. Lujan*, 936 F.2d 406, 410 (9th Cir. 1991). Here, the

25   government does not need to "offer the [third-party chats] for the truth of the matters asserted

26   therein." Gov't Reply at 2. Accordingly, Defendant's second argument is also moot.

Lastly, Defendant argues that the chat messages are inadmissible under Rule 404(b), which limits the admissibility of prior bad acts. Opp'n 1/22/20 at 2–4. Defendant correctly concedes, however, Rule 404(b) would not bar chats proffered for permissible uses referenced in Rule 404(b)(2). *Id.* at 3. Those permissible uses—such as knowledge, motive, opportunity, intent, preparation, plan, absence of mistake, or lack of accident—are the uses of the proffered chat messages here.

### III. CONCLUSION

For the foregoing reasons, and after balancing the factors set forth in Federal Rule of Evidence 403, the Court GRANTS IN PART the government's motion to admit chat transcripts on the government's exhibit list. Specifically, the Court rejects Defendant's arguments that the chat transcripts are inadmissible on the following grounds: (1) authenticity; (2) hearsay; (3) Rule 404(b)'s limitations on prior bad acts evidence; (4) the Fifth Amendment; and (5) the Confrontation Clause of the Sixth Amendment.

The Court's order is limited to government Exhibits 3–8 and 10–12, which the government submitted on August 6, 2021. The order does not address Exhibit 9 (which is a placeholder) nor Exhibit 13, which the government has submitted in redacted form.

Moreover, the government has not stated whether it seeks to admit and to publish all the submitted chat transcripts and to do so in their entirety. Accordingly, at trial, Defendant may object to the submitted chat transcripts on Rule 403 grounds such as "needlessly [] cumulative evidence."

**IT IS SO ORDERED.**


Dated: August 6, 2021

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

10
Case No. 16-CR-00519-LHK-1
AMENDED ORDER GRANTING IN PART GOVERNMENT'S MOTION TO ADMIT CHAT TRANSCRIPTS ON EXHIBIT LIST