UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-00519-LHK-1 |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| JOHNNY RAY WOLFENBARGER, | |
| Defendant. | |

Dated: August 11, 2021

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

INSTRUCTION No. 1

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. You may keep your copy of these instructions in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

INSTRUCTION No. 2

CHARGE AGAINST DEFENDANT NOT EVIDENCE—

PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The superseding indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

INSTRUCTION No. 3

DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

<u>INSTRUCTION No. 4</u>

REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

INSTRUCTION No. 5

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received in evidence; and

(3)     any facts to which the parties have agreed.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

INSTRUCTION No. 6

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

(1)     Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

(3)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

## INSTRUCTION No. 7

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION No. 8

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

INSTRUCTION No. 9

ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the superseding indictment. The defendant is not on trial for any conduct or offense not charged in the superseding indictment.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

INSTRUCTION No. 10

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—

SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each

count separately. Your verdict on one count should not control your verdict on any other count.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

INSTRUCTION No. 11

ON OR ABOUT—DEFINED

The superseding indictment charges that the offense alleged in Count Three was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Count Three of the superseding indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

INSTRUCTION No. 12

STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

INSTRUCTION No. 13

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, absence of mistake, or absence of accident, and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

United States District Court
Northern District of California

INSTRUCTION No. 14

OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from FBI Supervisory Forensic Examiner George Skaluba who testified to opinions and the reasons for his opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

INSTRUCTION No. 15

CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

United States District Court
Northern District of California

INSTRUCTION No. 16

DEFINITION—KNOWINGLY

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

17

INSTRUCTION No. 17

ATTEMPTED PRODUCTION OF CHILD PORNOGRAPHY

(COUNT ONE)

The defendant is charged in Count One of the superseding indictment with Attempted Production of Child Pornography, in violation of Section 2251(a) of Title 18 of the United States Code, beginning at a time unknown but no later than November 2013 and continuing until at least January 2014. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to:

    (1) employ, use, persuade, induce, entice, or coerce any minor, or an individual he believed to be a minor, to take part in sexually explicit conduct;

    (2) for the purpose of producing a live visual depiction of such conduct; and

    (3) the defendant knew or had reason to know that the live visual depiction would be transmitted using any means or facility of interstate commerce.

Second, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

Third, the defendant acted knowingly.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

In this case, "minor" means any person under the age of 18 years.

In this case, "sexually explicit conduct" means actual or simulated—

    (1)    sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral anal, whether between persons of the same or opposite sex;

    (2)    bestiality;

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

United States District Court
Northern District of California

(3)     masturbation;

(4)     sadistic or masochistic abuse; or

(5)     lascivious exhibition of the anus, genitals, or pubic area of any person.

In this case, "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

In this case, "visual depiction" is defined as including undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

## INSTRUCTION No. 18

## ATTEMPTED COERCION AND ENTICEMENT OF MINORS

## (COUNT TWO)

The defendant is charged in Count Two of the superseding indictment with Attempted Coercion and Enticement of Minors, in violation of Section 2422(b) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge the government must prove beyond a reasonable doubt:

First, that beginning at a time unknown but no later than November 2013 and continuing until at least January 2014, the defendant used a means or facility of interstate commerce to knowingly attempt to persuade, induce, entice, and coerce an individual to engage in any sexual activity for which someone could be charged with Attempted Production of Child Pornography in violation of Section 2251(a) of Title 18 of the United States Code, as charged in Count One of the superseding indictment. The elements of Attempted Production of Child Pornography are set forth in Jury Instruction No. 17; and

Second, the defendant believed that the individual he attempted to persuade, induce, entice, and coerce was under the age of 18; and

Third, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

INSTRUCTION No. 19

RECEIPT OF CHILD PORNOGRAPHY

(COUNT THREE)

The defendant is charged in Count Three of the superseding indictment with Receipt of Child Pornography, in violation of Section 2252(a)(2) of Title 18 of the United States Code, beginning on or about December 2, 2013 and continuing until December 4, 2013. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly received a visual depiction using any means or facility of interstate commerce;

Second, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third, that such visual depiction was of a minor engaged in sexually explicit conduct;

Fourth, that the defendant knew that such visual depiction was of sexually explicit conduct; and

Fifth, the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

"Minor" means any person under the age of 18 years.

"Sexually explicit conduct" means actual or simulated—

(1)     sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(2)     bestiality;

(3)     masturbation;

(4)     sadistic or masochistic abuse; or

(5)     lascivious exhibition of the anus, genitals, or pubic area of any person.

"Visual depiction" is defined as including undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data

21

United States District Court
Northern District of California

1    which is capable of conversion into a visual image that has been transmitted by any means,

2    whether or not stored in a permanent format.

3           The internet is a facility of interstate commerce.

United States District Court
Northern District of California

INSTRUCTION No. 20

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

INSTRUCTION No. 21

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

INSTRUCTION No. 22

USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

INSTRUCTION No. 23

JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

INSTRUCTION No. 24

VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS

INSTRUCTION No. 25

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Case No. 16-CR-00519-LHK-1
FINAL JURY INSTRUCTIONS